UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30102-KPN

SPIRITUAL TREES d/b/a TREE SPIRIT          )
and DAVID V. DUNN,                         )
     Plaintiffs/Defendants-in-Counterclaim    )
                                              )
vs.                                        )
                                              )
LAMSON AND GOODNOW                         )
MANUFACTURING COMPANY and                  )
J. ROSS ANDERSON, JR.,                     )
     Defendants/Plaintiffs-in-Counterclaim    )

## PLAINTIFFS/DEFENDANTS-IN-COUNTERCLAIM'S ANSWER TO COUNTERCLAIMS

     The plaintiffs/defendants-in-counterclaim, Spiritual Trees d/ba/ Tree Spirit and David V. Dunn (hereinafter collectively referred to as the "defendants-in-counterclaim"), answer the counterclaims herein as follows:

### AS TO PRELIMINARY STATEMENT

     1.  The defendants-in-counterclaim admit the allegations contained in paragraph 1 of the counterclaim.

     2.  The defendants-in-counterclaim admit that Lamson and Goodnow hired Mr. Dunn as an employee approximately two months after the execution of the Agreement between the parties. The defendants-in-counterclaim deny the balance of the allegations contained in paragraph 2 of the counterclaim.

     3.  The defendants-in-counterclaim deny the allegations contained in paragraph 3 of the counterclaim.

### AS TO FACTUAL ALLEGATIONS

     4.  The defendants-in-counterclaim admit the allegations contained in paragraph 4 of the counterclaim.

372354

5.  The defendants-in-counterclaim admit the allegations contained in paragraph 5 of the counterclaim.

6.  The defendants-in-counterclaim neither admit nor deny the allegations contained in paragraph 6 of the counterclaim as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs-in-counterclaim to their burden of proof.

7.  The defendants-in-counterclaim admit the allegations contained in paragraph 7 of the counterclaim.

8.  The defendants-in-counterclaim admit the allegations contained in paragraph 8 of the counterclaim.

9.  The defendants-in-counterclaim admit that Lamson and Goodnow is in the business of manufacturing cutlery and kitchen tools and state further that on information and belief this is only a portion of Lamson and Goodnow's business.

10. The defendants-in-counterclaim admit the allegations contained in paragraph 10 of the counterclaim.

11. The defendants-in-counterclaim admit the allegations contained in paragraph 11 of the counterclaim.

12. The defendants-in-counterclaim admit as to the percentage to be paid in commission, deny as to the allegation that the commission would be paid on gross sales of all items in the inventory acquired by Lamson and Goodnow pursuant to the Agreement and admit as to the percentage to be paid on any wood utensils added to the Amish Woods line of products. The defendants-in-counterclaim admit as to the remainder of the allegations in paragraph 12 of the counterclaim.

13. The defendants-in-counterclaim deny the allegations contained in paragraph 13 of the counterclaim.

14. The defendants-in-counterclaim deny as to the allegation that Lamson and Goodnow acquired from Spiritual Trees inventory valued at approximately $19,552.65. As to the balance of the allegations in paragraph 14, the defendants-in-counterclaim neither admit nor deny the allegations contained in paragraph 14 of the counterclaim as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs-in-counterclaim to their burden of proof.

15. The defendants-in-counterclaim neither admit nor deny the allegations contained in paragraph 15 of the counterclaim as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs-in-counterclaim to their burden of proof.

16. The defendants-in-counterclaim neither admit nor deny the allegations contained in paragraph 16 of the counterclaim as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs-in-counterclaim to their burden of proof.

17. The defendants-in-counterclaim admit as to the allegation that Mr. Dunn was hired in the position of General Manager of Operations of Lamson and Goodnow on or about April 1, 2000. The defendants-in-counterclaim deny as to the remainder of allegations in paragraph 17 of the counterclaim.

18. The defendants-in-counterclaim deny the allegations contained in paragraph 18 of the counterclaim.

19. The defendants-in-counterclaim admit that Mr. Dunn was an employee from April, 2000 until March 29, 2004, deny that he was terminated on March 30, 2004 and are unable to answer

the allegation that he was "highly paid" as that term is vague and undefined and subject to interpretation.

20. The defendants-in-counterclaim state that paragraph 20 of the counterclaim calls for a legal conclusion to which the defendants-in-counterclaim are not obligated to respond.

21. The defendants-in-counterclaim admit the allegations contained in paragraph 21 of the counterclaim.

22. The defendants-in-counterclaim admit the allegations contained in paragraph 22 of the counterclaim.

23. The defendants-in-counterclaim deny the allegations contained in paragraph 23 of the counterclaim.

24. The defendants-in-counterclaim admit as to the allegation that in or about August or September, 2003, Lamson and Goodnow appointed Mr. Dunn President and Chief Financial Officer of Lamson and Goodnow, admit as to the allegation that Mr. Dunn held this position until his termination and deny that the date of termination was March 30, 2004.  The defendants-in-counterclaim admit that Mr. Dunn's responsibilities included preparation of financial information of Lamson and Goodnow, including balance sheets and financial statements and that such financial information was provided to and reviewed by Lamson and Goodnow's accountants, and that the financial information was used in administering and reviewing loans or credit to Lamson and Goodnow.   The defendants-in-counterclaim deny that the financial information was provided to more than one lender in administering and reviewing loans or credit to Lamson and Goodnow.

25. The defendants-in-counterclaim state that the allegations contained in paragraph 25 of the counterclaim call for a legal conclusion to which the defendants-in-counterclaim are not obligated to respond.

26. The defendants-in-counterclaim deny the allegations contained in paragraph 26 of the counterclaim.

27. The defendants-in-counterclaim deny the allegations contained in paragraph 27 of the counterclaim.

28. The defendants-in-counterclaim admit the allegations contained in paragraph 28 of the counterclaim.

29. The defendants-in-counterclaim deny the allegations contained in paragraph 29 of the counterclaim.

30. The defendants-in-counterclaim deny the allegations contained in paragraph 30 of the counterclaim.

31. The defendants-in-counterclaim deny the allegations contained in paragraph 31 of the counterclaim.

32. The defendants-in-counterclaim state that the document speaks for itself.

33. The defendants-in-counterclaim admit the allegations contained in paragraph 33 of the counterclaim.

34. The defendants-in-counterclaim admit the allegations contained in paragraph 34 of the counterclaim.

35. The defendants-in-counterclaim admit the allegations contained in paragraph 35 of the counterclaim.

36. The defendants-in-counterclaim deny the allegations contained in paragraph 36 of the counterclaim.

37. The defendants-in-counterclaim deny the allegations contained in paragraph 37 of the counterclaim.

38. The defendants-in-counterclaim state that paragraph 38a.-c. calls for a legal conclusion to which the defendants-in-counterclaim are not required to respond. To the extent a response is required, the defendants-in-counterclaim deny the allegations contained in paragraph 38 of the counterclaim.

## AS TO FIRST CAUSE OF ACTION

### (Lamson and Goodnow Against Mr. Dunn)
### (Promissory Estoppel)

39. The defendants-in-counterclaim repeat and reallege their answers to the allegations contained in paragraphs 1 through 38 of the counterclaim and incorporate them herein by reference.

40. The defendants-in-counterclaim deny the allegations contained in paragraph 40 of the counterclaim.

41. The defendants-in-counterclaim deny the allegations contained in paragraph 41 of the counterclaim.

42. The defendants-in-counterclaim deny the allegations contained in paragraph 42 of the counterclaim.

## AS TO SECOND CAUSE OF ACTION

### (Lamson and Goodnow Against Mr. Dunn)
### (Conversion)

43. The defendants-in-counterclaim repeat and reallege their answers to the allegations contained in paragraphs 1 through 42 of the counterclaim and incorporate them herein by reference.

44. The defendants-in-counterclaim deny the allegations contained in paragraph 44 of the counterclaim.

372354

45. The defendants-in-counterclaim deny the allegations contained in paragraph 45 of the counterclaim.

## AS TO THIRD CAUSE OF ACTION

### (Lamson and Goodnow Against Mr. Dunn)
### (Breach of Fiduciary Duties)

46. The defendants-in-counterclaim repeat and reallege their answers to the allegations contained in paragraphs 1 through 45 of the counterclaim and incorporate them herein by reference.

47. The defendants-in-counterclaim deny the allegations contained in paragraph 47 of the counterclaim.

48. The defendants-in-counterclaim deny the allegations contained in paragraph 48 of the counterclaim.

## AS TO FOURTH CAUSE OF ACTION

### (Mr. Anderson Against Mr. Dunn)
### (Breach of Fiduciary Duties)

49. The defendants-in-counterclaim repeat and reallege their answers to the allegations contained in paragraphs 1 through 48 of the counterclaim and incorporate them herein by reference.

50. The defendants-in-counterclaim deny the allegations contained in paragraph 50 of the counterclaim.

51. The defendants-in-counterclaim deny the allegations contained in paragraph 51 of the counterclaim.

372354

## AS TO FIFTH CAUSE OF ACTION

(Lamson and Goodnow and Mr. Anderson Against Spiritual Trees and Mr. Dunn)
(Abuse of Process)

52. The defendants-in-counterclaim repeat and reallege their answers to the allegations contained in paragraphs 1 through 51 of the counterclaim and incorporate them herein by reference.

53. The defendants-in-counterclaim deny the allegations contained in paragraph 53 of the counterclaim.

54. The defendants-in-counterclaim deny the allegations contained in paragraph 54 of the counterclaim.

## AS TO SIXTH CAUSE OF ACTION

(Lamson and Goodnow Against Spiritual Trees)
(Breach of Contract)

55. The defendants-in-counterclaim repeat and reallege their answers to the allegations contained in paragraphs 1 through 54 of the counterclaim and incorporate them herein by reference.

56. The defendants-in-counterclaim deny the allegations contained in paragraph 56 of the counterclaim.

57. The defendants-in-counterclaim deny the allegations contained in paragraph 57 of the counterclaim.

## AS TO SEVENTH CAUSE OF ACTION

(Lamson and Goodnow Against Spiritual Trees)
(Violation of M.G.L. c. 93A, § 11)

58. The defendants-in-counterclaim repeat and reallege their answers to the allegations contained in paragraphs 1 through 57 of the counterclaim and incorporate them herein by reference.

59. The defendants-in-counterclaim deny the allegations contained in paragraph 59 of the counterclaim.

60. The defendants-in-counterclaim admit the allegations contained in paragraph 60 of the counterclaim.

61. The defendants-in-counterclaim deny the allegations contained in paragraph 61 of the counterclaim.

62. The defendants-in-counterclaim deny the allegations contained in paragraph 62 of the counterclaim.

63. The defendants-in-counterclaim deny the allegations contained in paragraph 63 of the counterclaim.

## AS TO EIGHTH CAUSE OF ACTION

### (Lamson and Goodnow Against Mr. Dunn)
### (Violation of M.G.L. c. 93A, § 11)

64. The defendants-in-counterclaim repeat and reallege their answers to the allegations contained in paragraphs 1 through 63 of the counterclaim and incorporate them herein by reference.

65. The defendants-in-counterclaim deny the allegations contained in paragraph 65 of the counterclaim.

66. The defendants-in-counterclaim admit the allegations contained in paragraph 66 of the counterclaim.

67. The defendants-in-counterclaim deny the allegations contained in paragraph 67 of the counterclaim.

68. The defendants-in-counterclaim deny the allegations contained in paragraph 68 of the counterclaim.

69. The defendants-in-counterclaim deny the allegations contained in paragraph 69 of the counterclaim.

70. The defendants-in-counterclaim deny the allegations contained in paragraph 70 of the counterclaim.

## SECOND DEFENSE

The plaintiffs are not entitled to recover as the complaint does not set forth a claim upon which relief can be granted.

## THIRD DEFENSE

The defendants-in-counterclaim say that this action was not commenced within the time required by the laws made and provided therefor.

## FOURTH DEFENSE

Plaintiffs-in-counterclaim claims are barred by their unclean hands.

## FIFTH DEFENSE

Plaintiffs-in-counterclaim have waived or should be estopped from asserting some or all of the claims set forth in the counterclaim.

THE DEFENDANTS-IN-COUNTERCLAIM HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

THE PLAINTIFFS/
DEFENDANTS-IN-COUNTERCLAIM
SPIRITUAL TREES d/b/a TREE SPIRIT
and DAVID V. DUNN


By____*/s/ Patricia M. Rapinchuk*_____
Patricia M. Rapinchuk, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  556149

372354

## CERTIFICATE OF SERVICE

I, Patricia M. Rapinchuk, Esq., hereby certify that on this 6th day of August, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Sandra J. Staub, Esq. and Vanessa L. Smith, Esq., Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, MA  01115.

Subscribed under the penalties of perjury.


_____/s/ Patricia M. Rapinchuk_____
Patricia M. Rapinchuk, Esq.

372354