UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.: 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT<br>and DAVID V. DUNN<br>    Plaintiffs<br><br>vs.<br><br>LAMSON AND GOODNOW<br>MANUFACTURING COMPANY and<br>J. ROSS ANDERSON, JR.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS/DEFENDANTS-IN-COUNTERCLAIMS' MOTION FOR LEAVE OF THIS COURT TO FILE A SPECIAL MOTION TO DISMISS THE COUNTERCLAIM/COUNT V OF THE DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM'S COMPLAINT PURSUANT TO THE MASSACHUSETTS ANTI-SLAPP STATUTE M.G.L. c. 231, § 59H

NOW COME the plaintiffs/defendants-in-counterclaim, Spiritual Trees d/b/a Tree Spirit ("Tree Spirit") and David V. Dunn ("Dunn") (collectively, the "plaintiffs"), and hereby move this Court for leave to file the attached special motion to dismiss counterclaim/Count V of Lamson and Goodnow Manufacturing Company ("Lamson") and J. Ross Anderson, Jr. ("Anderson"), defendants/plaintiffs-in-counterclaim (collectively, the "defendants"), in excess of 60 days following the service of the complaint.  As reasons for this motion, the plaintiffs state as follows.  The defendants served their answer and counterclaims in the above-captioned matter on or about July 23, 2004.  Included in the counterclaims is a count alleging abuse or process.  The plaintiffs determined that it would be appropriate to wait until the defendants had served their automatic disclosure in order to assess the defendants' anticipated evidence and witnesses with regard to this as well as all other counterclaims.  Upon receipt of the automatic disclosure, it became clear to the plaintiffs that the defendants do not have anticipated evidence or witnesses

381622

who will testify competently as to their abuse of process claim. As such, the plaintiffs seek herein to file their motion in excess of the 60 days provided under the statute, which is within this court's discretion. In relevant part, M.G.L. c. 231, § 59H states as follows:

> Said special motion to dismiss may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper.

The purpose of setting the 60 day time parameter is to "permit anti-Slapp suits to be resolved quickly with minimum cost by establishing a procedural remedy for early dismissal." *See Donovan v. Gardner,* 50 Mass. App. Ct. 595, 601-602 (2000) (internal quotation marks omitted). Inasmuch as discovery has barely begun in this action and insofar as there will be no prejudice to the defendants if this motion to allow the special motion is allowed in excess of the 60 days following the service of the counterclaim, the plaintiffs respectfully move this court to allow it to file its special motion attached hereto pursuant to M.G.L. c. 231, § 59H.

THE PLAINTIFFS/
DEFENDANTS-IN-COUNTERCLAIM
SPIRITUAL TREES d/b/a TREE SPIRIT
and DAVID V. DUNN

By   */s/ Patricia M. Rapinchuk*
Patricia M. Rapinchuk, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 556149

CERTIFICATE OF SERVICE

I, Patricia M. Rapinchuk, Esq., hereby certify that on this 23rd day of November, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Vanessa Smith, Esq. and Vanessa L. Smith, Esq., Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, MA 01115.

Subscribed under the penalties of perjury.

   */s/ Patricia M. Rapinchuk*
Patricia M. Rapinchuk, Esq.

381622