UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.: 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN<br>    Plaintiffs | )<br>)<br>)<br>) |
| vs. | )<br>) |
| LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.<br>    Defendants | )<br>)<br>)<br>) |

### PLAINTIFFS/DEFENDANTS-IN-COUNTERCLAIMS' SPECIAL MOTION TO DISMISS COUNTERCLAIM/COUNT V AND FOR AN AWARD OF ATTORNEYS' FEES PURSUANT TO THE MASSACHUSETTS ANTI-SLAPP STATUTE M.G.L. c. 231, § 59H

NOW COME the plaintiffs/defendants-in-counterclaim, Spiritual Trees d/b/a Tree Spirit ("Tree Spirit") and David V. Dunn ("Dunn") (collectively, the "plaintiffs"), and hereby move this Court for an order dismissing Count V (Abuse of Process) of the defendants/plaintiffs-in-counterclaim's, Lamson and Goodnow Manufacturing Company ("Lamson") and J. Ross Anderson, Jr. ("Anderson") (collectively, the "defendants"), counterclaims pursuant to the Massachusetts Anti-SLAPP statute, M.G.L. c. 231, § 59H, together with reasonable attorneys fees and costs and such other and further relief as this Court may deem just and proper. As grounds therefor, the Plaintiffs state as follows:

### ALLEGATIONS UNDERLYING PLAINTIFFS' COMPLAINT

On or about May 14, 2004, the Plaintiffs filed their complaint in Massachusetts Superior Court (the "complaint"). See Exhibit 1. The complaint alleges that Dunn, as the owner of Tree

376917

Spirit, entered into a sales agreement with Anderson, on behalf of Lamson, to sell Tree Spirit to Lamson (the "sales agreement"). The sales agreement was attached as Exhibit A to the complaint. The complaint further alleges that, pursuant to the sales agreement, Dunn was entitled to commissions based on the sale of certain Tree Spirit inventory and product lines. Further alleged is that Dunn began working for Lamson shortly following the execution of the sales agreement, eventually becoming Lamson's president; that Dunn agreed to defer commissions while Lamson's financial situation was tenuous; that Dunn agreed to discuss a stock proposal option with Anderson whereby Dunn would agree to waive all commissions in exchange for a certain percentage of stock ownership but that the stock proposal plan was never finalized; and, that Dunn thereafter requested payment of his rapidly increasing deferred commissions and late fees. See Exhibit 1. Further alleged is that Dunn was terminated after informing Lamson that he was owed commissions and late fees and that Anderson assaulted Dunn while Dunn was retrieving personal effects at his desk. The complaint also alleges that Anderson defamed Dunn by making false theft reports to the Massachusetts State Police. *Id.*

Lamson and Anderson removed the action to this Court on or about May 25, 2004. On or about June 17, 2004, the plaintiffs caused to be served on the defendants process in the form of a summons and complaint, pursuant to Fed. R. Civ. P. 4. See Summonses, attached as Exhibit 2. The defendants served their Answer and Counterclaims on the plaintiffs on July 23, 2004, including a counterclaim (Count V) alleging an abuse of process claim. See Exhibit 3. Specifically, the defendants allege that the plaintiffs used process for "the ulterior or illegitimate purpose of harassing the defendants." In fact, Dunn has filed this action with the advice of counsel, in good faith and in a hope of having his good name cleared and appropriate damages awarded to him. See Exhibit 3, Affidavit of David Dunn.

376917

ARGUMENT

The Massachusetts Anti-SLAPP statute, M.G.L. c. 231, § 59H[1] states in pertinent part:

> In any case in which a party asserts that the civil claims, counterclaims, or cross-claims against said party are based on said party's exercise of its right to petition . . . said party may bring a special motion to dismiss. … The court shall grant such special motion, unless the party against whom such special motion is made shows that 1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and 2) the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based. …

M.G.L. c. 231, § 59H, ¶ 1.

In order for this Court to allow a special motion to dismiss pursuant to the statute, the moving party must make two initial showings as set forth in *Duracraft Corp. v. Holmes Prods. Corp.,* 437 Mass. 156, 167-168 (1998). First, the moving party must show that the activities upon which the claims against him are based are "petitioning activities" within the meaning of the statute; and second that the claims against him have no substantial basis other than or in addition to the petitioning activities. *Id*. Once the moving party makes this showing, the burden shifts to the non-moving party who must show both that the moving party's exercise of his right to petition was "devoid of any reasonable factual support or any arguable basis in law and that the moving party's acts caused the non-moving party actual injury. *Id.*

The statute defines "a party's exercise of its right to petition" as meaning, among other things, any "written . . . statement . . . submitted to a . . . judicial body . . . ." M.G.L. c. 231, § 59H, ¶ 6. Thus, the initiation of a lawsuit clearly falls within the petitioning rights protected under the Anti-SLAPP statute. Second, in the instant action, the sole allegation made by the defendants regarding the abuse of process claim is: "Following removal of the action, on or

---

[1] SLAPP stands for Strategic Litigation Against Public Participation. See M.G.L. 231, § 59H.

about June 17, 2004, Plaintiffs caused to be served on Lamson and Goodnow and Mr. Anderson process in the form of a summons and complaint for the ulterior or illegitimate purpose of harassing Lamson and Goodnow and Mr. Anderson or for some other ulterior or illegitimate purpose." See Complaint ¶ 36.  No further allegation of improper motive is made and, more importantly, it is the actual service of process on the defendants that is the underpinning of the defendants' abuse of process claim.  This clearly meets the second prong of the plaintiffs' burden, to show that that the abuse of process claim against the plaintiff has no substantial basis other than or in addition to petitioning activities.  If the only conduct complained of is the petitioning activity, there can be no other "substantial basis" for the abuse of process claim. *Fabre v. Walton,* 436 Mass. 517, 523-524 (2002).

If the Court finds that the plaintiffs have met their initial burden, the defendants will be unable to meet the burden which shifts to them to show that this exercise of the plaintiffs' right to petition was "devoid of any reasonable factual support or any arguable basis in law" and that "the moving party's acts caused the non-moving party actual injury" and, therefore, this motion to dismiss Count V must be allowed.

Additionally, if the court grants a special motion to dismiss under M.G.L. c. 231, § 59H, the court "shall award the moving party costs and reasonable attorney's fees including those incurred for the special motion." *Donovan*, 50 Mass. App. Ct. 595, 598 (2002).  The plaintiffs, therefore, also ask this Court to award the reasonable fees and costs associated with preparing this special motion to dismiss.

WHEREFORE, the Dunn and Tree Spirit respectfully request this Court to issue an order dismissing Count V and to award attorneys' fees, costs, and for such other and further relief as the Court may deem just and proper.

THE PLAINTIFFS/
DEFENDANTS-IN-COUNTERCLAIM
SPIRITUAL TREES d/b/a TREE SPIRIT
and DAVID V. DUNN


By    */s/ Patricia M. Rapinchuk*
Patricia M. Rapinchuk, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  556149

## CERTIFICATE OF SERVICE

I, Patricia M. Rapinchuk, Esq., hereby certify that on this 23rd day of November, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Vanessa L. Smith, Esq., Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, MA  01115.

Subscribed under the penalties of perjury.

   */s/ Patricia M. Rapinchuk*
Patricia M. Rapinchuk, Esq.
