# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 3:04-CV-30102-KPN

| | | |
|---|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN | ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | PROTECTIVE ORDER |
| LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR. | ) ) ) | |
| Defendants | ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY

ORDERED:

1.     As used herein, the term "Protected Matter" refers to all documents produced by a

party through discovery in this action and stamped by that party "Confidential," substantially in

accordance with Paragraph 4 of this Protective Order, and all copies, excerpts, summaries or

compilations of such documents that, in whole or in part, are prepared or derived from, or reveal

the substance or content of, Protected Matter.

2.     Protected Matter shall be maintained in confidence in accordance with this order

and used solely for the purpose of this litigation and not for any business or any other purpose

whatsoever.

3.     Protected Matter, or the substance or content of Protected Matter, shall not be

disclosed to any person other than:

(a)     Counsel of record, and the foregoing counsel's clerical and support staff

who assist them in connection with this action;

(b)     Court personnel and stenographic reporters and their clerical and support

staff who perform tasks concerning this action;

(c)     The parties to this action;

(d)     Subject to the terms of Paragraph 5 hereof, any person expected in good faith by Plaintiffs' counsel of record to be a potential deposition or trial witness; and

(e)     Subject to the terms of Paragraph 5 hereof, experts retained by a party in connection with this action, and employees of such experts who assist with tasks concerning this action, except that any mental or physical health records marked "Confidential" and produced by Plaintiff may not be disclosed to any expert other than any retained to consult or opine regarding Plaintiff's mental, emotional or physical health;

except that counsel shall be entitled to disclose Protected Matter to any witness during the deposition of said witness subject only to the condition that the deposition transcript or portions of the deposition transcript of said employee or agent that concerns Protected Matter shall be treated at Protected Matter subject to the terms of this Order.

4.     With respect to any matter a party intends to be governed by this Order, it or he shall stamp the Protected Matter "Confidential."

5.     Protected Matter shall be disclosed to any persons identified pursuant to Paragraph 3, subsections (d) and (e), only after such persons have signed a copy of the attached form of "Commitment to Comply With and Be Bound by Protective Order."

6.     Protected Matter shall be stored in discrete files maintained for that purpose in the offices of counsel of record and/or the offices of any independent experts authorized to have access to Protected Matter pursuant to this Order.  Such files shall be labeled with the name and number of this action and a statement that the information contained therein is subject to a

Protective Order and may be disclosed only to persons authorized to have access thereto under the terms of that Order.

7.    In the event that the legend "Confidential" is stamped on Protected Matter, it shall be preserved or stamped on any copies, excerpts, summaries, or compilations of such documents that, in whole or in part, are prepared or derived from, or reveal the substance or content of, Protected Matter. If a party objects to another party stamping certain documents "Confidential," the objecting party may submit a written notice of objection to other parties, which notice shall include a statement of the grounds for the objection. Counsel for the parties shall attempt in good faith to resolve such disputes. If, within ten (10) works days of receiving written notice of the grounds for objection to the designation, the parties do not reach an agreement, the objecting party may file with the Court a motion to strike the designation, and the parties agree that the Court may strike the designation if it finds that the confidential designation was not justified.

8.    At least ten (10) business days prior to the disclosure of Protected Matter or the substance or content thereof at the trial or at any hearing in this action, notice shall be given to the party that produced it in discovery and the Court will rule on any motions regarding whether disclosure shall occur only in the presence of persons authorized to have access to the Protected Matter. This procedure shall not apply to any Emergency Motion provided that the Emergency Motion filed with the Clerk's Office redacts the Protected Matter until such time as the Court has ruled on any disclosure concerns. A party may submit an unredacted copy of the Emergency Motion in a sealed envelope addressed to the Judge hearing the motion, or follow any other procedure as directed by the Court.

9.    At the conclusion of this action, all Protected Matter shall be returned to the party that produced it in discovery, except that Protected Matter incorporated in work product of

counsel shall either be destroyed or be stored by that counsel as set forth in Paragraph 6 of this Order.

      10.    This Order is without prejudice to the right of either party to object to production of particular documents or to seek other or further relief from the Court on any issue.

      11.    Failure to abide by the terms of this Protective Order may result in an immediate termination of access to any and all files, documents, video or audiotapes related to this case and the imposition of sanctions.

 

_____
Kenneth P. Neiman
U.S. Magistrate Judge

Dated: _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 3:04-CV-30102-KPN

SPIRITUAL TREES d/b/a TREE SPIRIT        )
and DAVID V. DUNN                        )
        Plaintiffs                 )
                                        )        COMMITMENT TO COMPLY
v.                                       )        WITH AND BE BOUND BY
                                        )        PROTECTIVE ORDER
LAMSON AND GOODNOW                       )
MANUFACTURING COMPANY and                )
J. ROSS ANDERSON, JR.                    )
        Defendants                 )

The undersigned hereby certifies under oath:

1.    I have read the Protective Order dated February ___, 2005 that has been entered in the captioned action.

2.    I agree to be bound by all of the terms and conditions of that Protective Order.

3.    For the sole purpose of securing compliance with the terms and conditions of that Protective Order, I irrevocably submit my person to the jurisdiction of the United States District Court for the District of Massachusetts.

_____
Name:

Subscribed and sworn before me this _____ day of _____, 2005.

_____
Notary Public
My Commission Expires:

285606