UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.  04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN )<br>Plaintiffs )<br>)<br>v. )<br>)<br>LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR. )<br>Defendants ) | MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF ELECTRONIC VERSION OF E-MAIL DOCUMENTS |

Defendants Lamson and Goodnow Manufacturing Company ("Lamson and Goodnow") and J. Ross Anderson, Jr. submit this memorandum in support of their motion to compel production of the electronic versions in plaintiffs' possession of a certain purported e-mail transmission and its attachments.

RELEVANT FACTS

A central issue in this action is the alleged liability of defendant Lamson and Goodnow for the payment to plaintiff Spiritual Trees, Inc. ("Spiritual Trees") of certain commissions upon the sale of products from inventory or lines of inventory purchased by Lamson and Goodnow from Spiritual Trees.  Plaintiffs contend that such "Tree Spirit" commissions are due.  Defendants contend that the plaintiffs expressly waived the payment of commissions when plaintiff Dunn (the sole shareholder of Spiritual Trees) was hired as a Lamson and Goodnow employee.

In discovery in the action, plaintiffs produced documents described as printed copies of an e-mail purportedly sent by David Dunn to defendant J. Ross Anderson, Jr. on April 17, 2002, and of attachments sent with that e-mail which plaintiffs assert were lists of product sales on which

commission payments are due. A copy of printouts of the April 17, 2002 e-mail, without its voluminous attachments, is attached as Exhibit B to the Affidavit of Kevin C. Maynard ("Maynard Affidavit") submitted herewith.

Defendant Anderson has testified in deposition that he was in San Francisco without computer access on April 17, 2002, and for several days after, and that in any event he never received or otherwise saw such an e-mail.

Recently, defendants have uncovered information regarding other aspects of plaintiffs' contentions that has led defendants to reasonably believe that plaintiffs have manufactured evidence in the case. Plaintiffs contend that certain commission invoices were delivered to Lamson and Goodnow in April, May and June 2000, and they produced in discovery copies of the purported invoices. Copies of the invoices so produced are attached as Exhibit C to the Maynard Affidavit. Defendants contend that no such invoices were ever presented to Lamson and Goodnow, and that such non-existence or non-delivery is consistent with their understanding that any obligation to make commission payments had been waived.

Late in the discovery process, on August 29, 2005, plaintiffs produced additional versions of two of the purported commission invoices, with handwritten annotations regarding "Voucher ID" numbers apparently relating to the invoices. Copies of those annotated invoices are attached to the Maynard Affidavit as Exhibit D. The parties subsequently agreed to re-open the deposition of plaintiff Dunn for the purpose of examination regarding the additional documents produced, including the two annotated invoices.

On October 31, 2005, plaintiff Dunn testified in deposition that the "Voucher ID" numbers noted on the later-produced invoice copies were numbers assigned by Lamson and Goodnow's accounts payable software system when the invoices were entered as accounts payable. See

Exhibit E to Maynard Affidavit. The transcript of that testimony was received by defendants' counsel on November 16, 2005. Maynard Affidavit, ¶ 6.

Upon investigation, Lamson and Goodnow determined that the Vendor ID numbers identified by plaintiff Dunn as those assigned to the Spiritual Trees invoices were, in fact, assigned to completely unrelated invoices from other, unrelated, vendors. Affidavit of Marcia Tetreault, submitted herewith. Investigation further revealed that the invoices alleged by plaintiffs to have been entered in the Lamson and Goodnow system were, in fact, never entered and were never assigned <u>any</u> Voucher ID number. <u>Id.</u> Further, Lamson and Goodnow determined that Spiritual Trees, Inc. was never entered as a vendor in the system. <u>Id.</u> Copies of correspondence exchanged between counsel related to the matter are attached to Maynard Affidavit as Exhibit F.

The suspicions aroused by the above-described facts and circumstances compel defendants to take a closer look at the purported April 17, 2002 e-mail, which plaintiffs assert as another means, in addition to the above-described invoices, by which plaintiffs confirmed to defendants that commissions had not been waived and remained due. Defendants' requests that plaintiffs make available the electronic versions of the subject e-mail and its attachments have been rejected. See Maynard Affidavit, Exhibit F, and ¶ 8.

<u>ARGUMENT</u>

Defendants are entitled to inspect and copy the electronic version of the e-mail documents as a matter of being entitled to a full and complete response to its requests for the production of "documents." By requesting "documents" under Fed. R. Civ. P. 34, a party effectively requests information stored in electronic form. <u>Playboy Enterprises, Inc. v. Welles</u>, 60 F. Supp. 2d 1050,

1053 (S.D. Cal. 1979). The Advisory Committee Notes for Rule 34 address how information stored as electronic data is discoverable:

> "The inclusive description of "documents" is revised to accord with changing technology. It makes clear that Rule 34 applies to electronic data compilations from which information can be obtained only with the use of detection devices, and that when the data can as a practical matter be made usable by the discovering party only through respondent's devices, respondent may be required to use his devices to translate the data into usable form. In many instances, this means that respondent will have to supply a printout of computer data. The burden thus placed on respondent will vary from case to case, and the courts have ample power under Rule 26(c) to protect respondent against undue burden or expense, either by restricting discovery or requiring that the discovering party pay costs. Similarly, if the discovering party needs to check the electronic source itself, the court may protect respondent with respect to preservation of his records, confidentiality of nondiscoverable matters, and costs."

Fed. R. Civ. P. 34, Advisory Notes 1970 Amendment; See also Playboy Enterprises, supra at 1052-1053.

By its Rule 34 requests, defendants requested "All documents concerning any communications between you and Lamson and Goodnow regarding the commission payments or late fees that you claim are owed pursuant to the Agreement." A copy of Defendants' First Request For Production of Documents is attached to the Maynard Affidavit as Exhibit A[1].

Without objection, plaintiffs produced documents including printed versions of the April 17, 2002 e-mail and its attachments, thereby evidencing that the e-mail is responsive to the request.

Although it is likely sufficient in most circumstances to produce or receive printed versions of electronic evidence, the electronic version of data can provide information about creation, revision, transmission, authorship or distribution that its paper representation cannot. See, e.g., Nomah v. Albert Einstein Medical Center, 164 F.R.D. 412, 418 (F.D. Pa. 1996) (court

---

[1] Defendants requests expressly incorporated the uniform definitions set forth in L.R. 26.5. The local rule in turn defines "document" to be "synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)." L.R. 26.5(c )(2).

ordered production of data concerning documents located on defendant's computer as relevant to whether defendants had back-dated documents); Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999) (court held defendant's hard drive was discoverable as it likely held information relevant to case and production would not be unduly burdensome); Public Citizen v. Carlin, 2 F. Supp. 2d 1, 13-14 (D.D.C. 1997) ("Simply put, electronic communications are rarely identical to their paper counterparts; they are records unique and distinct from printed versions of the same records"), rev'd on other grds, 184 F. 3d 900 (D.C. Cir. 1999), cert. denied, 529 U.S. 1003 (2000).

    The request to view electronic versions of documents produced is specifically tailored here to minimize any potential for harm, inconvenience or expense to plaintiffs.  Plaintiff Dunn has testified, and his counsel has confirmed, that the electronic versions reside on his laptop computer. Production requires simply opening and logging on to that laptop, opening and providing access to the subject e-mail and attachments, and permitting defendants and a technician to view the documents and any additional embedded data and to copy the electronic version of the documents to preserve that data in defendants' possession.  All can be accomplished quickly in the presence of plaintiffs and their counsel and with a minimum of risk, inconvenience or expense to plaintiffs. The information sought is clearly relevant, particularly given defendants' concerns regarding the genuineness of the apparent e-mail transmission.

    Defendants do not anticipate that this motion, or any production, inspection and copying as a result of the court's order thereon, will delay trial in the matter, currently scheduled for January 23, 2006, particularly if treatment of the matter is expedited as requested.  In any event, the timing of the motion is the result of suspicions raised by late-provided evidence and testimony from

plaintiffs, and plaintiffs' refusal (communicated by telephone on December 12, 2005) to permit inspection and copying without the court's intervention.

## CONCLUSION

For the reasons set forth above, defendants request that its motion be allowed, and that plaintiffs be ordered to provide all electronic versions of the identified e-mail and its attachments for viewing, inspection and electronic copying by defendants within three (3) business days of the court's entry of the requested order.

Dated: December 15, 2005

                                        Defendants
                                        LAMSON AND GOODNOW
                                        MANUFACTURING COMPANY and
                                        J. ROSS ANDERSON, JR.
                                        By Their Attorneys:

                                        /s/ Kevin C. Maynard
                                        Kevin C. Maynard
                                           BBO No. 550669
                                        Bulkley, Richardson and Gelinas, LLP
                                        1500 Main Street, Suite 2700
                                        Springfield, MA 01115-5507
                                        Tel.: (413) 272-6244
                                        Fax: (413) 272-6804

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing and mail on December 15, 2005.

                                        /s/ Kevin C. Maynard
                                        Kevin C. Maynard