# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 3:04-CV-30102-KPN

SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN
Plaintiffs

v.

LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.
Defendants

DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**Introduction**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants, Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr. (collectively, the "Defendants") hereby request that plaintiffs, Spiritual Trees d/b/a Tree Spirit and David V. Dunn (collectively, the "Plaintiffs"), produce and permit Defendants by their counsel to inspect and copy all of the documents specified below which are in Plaintiffs' possession, custody or control. It is further requested that the aforesaid production be made on December 6, 2004 at 10:00 a.m. at the offices of Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, Massachusetts, and that Defendants by their counsel be permitted to inspect and copy such documents at that time.

**Instructions**

A. These document requests are continuing in character and require you to produce any additional documents, in accordance with Fed. R. Civ. P. 34, that are located after your initial response and before trial.

B. If any responsive document is to be withheld or redacted on the basis of a claim of privilege or work product, please: (a) identify each such document and state the date and number

of pages of the document; (b) identify its author and addressee and each person or entity to whom copies of the document were furnished or to whom the contents thereof were communicated; (c) provide a summary of the subject matter of the document; (d) state its present location and custodian; (e) state the basis on which the asserted privilege is claimed; and (f) state the requests to which the document is responsive.

C. As to any responsive document that is not in Plaintiffs' possession, custody, or control, but which Plaintiffs know to exist or to have existed, please furnish a list identifying: (a) each such document; (b) the date of such document; (c) its author and addresses and persons to whom copies were furnished; (d) a summary of the substance of the document; and (e) if applicable, the date of its destruction.

D. The terms "and" and "or" are to be construed disjunctively or conjunctively, whichever makes the request most inclusive.

**Definitions**

Defendants hereby incorporate by reference the full text of the Uniform Definitions in Discovery Requests, set forth in Local Rule 26.5. As used in these requests, terms specific to this litigation are defined as follows:

A. The terms "Spiritual Trees, Inc.," "Spiritual Trees," "Tree Spirit," "David V. Dunn," "Plaintiffs" and/or "you" mean the plaintiffs Spiritual Trees d/b/a Tree Spirit and David V. Dunn and any predecessors, successors, assigns, employees, servants, or agents, and any other person or entity acting or purporting to act on their behalf.

B. The term "Defendants" means the defendants Lamson and Goodnow Manufacturing Company ("Lamson and Goodnow") and J. Ross Anderson, Jr. and any

predecessors, successors, present or former officers, directors, members, employees, servants or agents, and any other person or entity acting or purporting to act on their behalf.

C. The term "Agreement" means the agreement dated February 1, 2000, between Lamson and Goodnow and Spiritual Trees, Inc.

**Document Requests**

1. All documents concerning any communications between you and Lamson and Goodnow regarding the commission payments or late fees that you claim are owed pursuant to the Agreement.

2. All documents concerning the incorporation and corporate status of Spiritual Trees, Inc. from January, 2000, to the present.

3. All documents concerning your application for unemployment benefits, including without limitation all documents related to any communications between you and the Massachusetts Department of Employment and Training concerning your claim for unemployment benefits in or about March or April, 2004.

4. All documents you relied on in preparing your letter to J. Ross Anderson, Jr. dated March 31, 2004, including without limitation all documents you relied on in calculating the amount of commission payments you claimed in the letter were due.

5. All documents upon which your claim for commission payments is based.

6. All documents upon which your defamation claim is based.

7. All documents referred to in Paragraph 15 of the Complaint as "a written stock grant proposal."

8. All documents concerning the stock grant proposal referred to in Paragraph 15 of the Complaint.

9. All documents upon which you rely to support your allegations that you were promised a bonus of $75,000 in February, 2004.

10. All documents that you transferred to DVD from the laptop computer owned by Lamson and Goodnow on or about March 29, 2004, while you were at the State Police barracks in Shelburne Falls.

11. All documents described as "Commission Invoices Presented to Lamson and Goodnow" in Plaintiffs' Automatic Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A) ("Plaintiffs' Automatic Disclosures").

12. All documents described as "Checks and Audit Trail – David Dunn" in Plaintiffs' Automatic Disclosures.

13. All documents described as "Principal Financial Group Statement Dated May 14, 2004" in Plaintiffs' Automatic Disclosures.

14. All other documents listed in Plaintiffs' Automatic Disclosures.

15. Copies of your mental health treatment and counseling records and all other documents concerning any mental health treatment or counseling provided to you from January 1, 1999, to the present, including, but not limited to, correspondence, office notes, notes of telephone conversations, clinical notes, psychological or psychiatric evaluations, treatment plans, psychological reports, test results, and records concerning payment for mental health treatment or counseling.

16. Copies of your medical records concerning any medical treatment provided to you from March 29, 2004, to the present for injuries you claim are related to the conduct of Defendants alleged in Counts IV and V of the Complaint, including, but not limited to, correspondence, office notes, notes of telephone conversations, clinical notes, attending

physician notes, hospital records, and records concerning payment for medical treatment by any hospital, physician, nurse, or any other individual or entity.

17. All documents concerning any statement of any person you know or believe has any knowledge concerning any facts or circumstances about which there are allegations in the Complaint.

18. All books and records of Spiritual Trees, Inc., including, but not limited to, minute books, balance sheets, and records concerning bank accounts, from January, 2000, to the present.

19. All federal and state tax returns (including all schedules and attachments thereto) filed by Spiritual Trees, Inc., or on its behalf for the years 2000 to the present.

20. All federal and state tax returns (including all schedules and attachments thereto) filed by David V. Dunn, or on his behalf for the years 2000 to the present

21. Your resume or curriculum vitae.

22. All documents concerning damages claimed by you to have been caused by Defendants.

23. All documents on which any expert whom you intend to call at trial in this matter intends to rely in support of any fact or opinion about which that person is expected to testify.

24. All documents that you intend to introduce as evidence at trial in this matter.

25. All documents requested to be identified in Defendants' First Set of Interrogatories to Plaintiffs.

LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.
By their Attorneys,

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record by hand delivery on November 5, 2004.

Vanessa L. Smith

Vanessa L. Smith
BBO No. 649258
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.: (413) 781-2820
Fax: (413) 747-0770

Date: November 5, 2004

# EXHIBIT B

## David Dunn

**From:** David Dunn [DVDunn@Lamsonsharp.com]
**Sent:** Wednesday, April 17, 2002 9:18 AM
**To:** Ross Anderson
**Subject:** Tree Spirit Commissions - Final Figures

Ross,

I have attached two reports that show the final Tree Spirit Commissions. These figures do not match the G/L because we have added/changed some of the product profiles. Nevertheless this is a very good ballpark of the detail.

Let's discuss after you have a chance to review the documents.





David Dunn for Tree Spirit



**David Dunn**

**From:** David Dunn [DVDunn@Lamsonsharp.com]
**Sent:** Wednesday, April 17, 2002 9:18 AM
**To:** Ross Anderson
**Subject:** Tree Spirit Commissions - Final Figures



All Tree Spirit Product Sales....

All Sales By Product Report.sn...

Ross,

I have attached two reports that show the final Tree Spirit Commissions. These figures do not match the G/L because we have added/changed some of the product profiles. Nevertheless this is a very good ballpark of the detail.

Let's discuss after you have a chance to review the documents.

David Dunn for Tree Spirit

Same Message
Rich text Format

D5A(3)

**Tree Spirit Commissions - Final Figures - Message (HTML)**

File Edit View Insert Format Tools Actions Help

Reply | Reply to All | Forward

From: David Dunn [DVDunn@Lamsonsharp.com]

Sent: Wed 04/17/02 9:16 AM

To: Ross Anderson

Cc:

Subject: Tree Spirit Commissions - Final Figures

Attachments: All Tree Spirit Product Sales.snp (5 MB); All Sales By Product Report.snp (20 KB)

Ross

I have attached two reports that show the final Tree Spirit Commissions. These figures do not match the G/L because we have added/changed some of the product profiles. Nevertheless this is a very good ballpark of the detail.

Let's discuss after you have a chance to review the documents.

David Dunn for Tree Spirit

start | Special Box - Microsof... | Tree Spirit Commissio... | Tree Spirit Commissio... | C:\Documents and Se... | Solid Capture - Docu... | 10:42 AM Wednesday 04/17/02

# EXHIBIT C




As per our Agreement date February 1, 2000, Commissions Due for March 2000 are as follows:

## Commission Due Invoice

| | | |
|---|---|---|
| Invoice Date | : | April 16, 2000 |
| Submitted to | : | Lamson & Goodnow Manufacturing Company<br>Conway St.<br>Shelburne Falls, MA 01370<br>Attn: Sue Atherton |
| Statement Time Period | : | March 1, 2000 - March 31, 2000 |
| Gross Sales | : | $82, 695.73 |
| | : | (provided by Sue Atherton and Tony Ostrowski) |
| | : | Exclusive of Freight and net of returns. |
| Commissions Due | : | $3,307.83 Basis 4.00% of Gross Sales |
| Payment Due | : | May 1, 2000 |

Please make check payable to Spiritual Trees, Inc.




P.O. Box 1920 Brattleboro, VT 05302
802-257-4545




As per our Agreement dated February 1, 2000, Commissions Due for April 2000 are as follows:

## Commission Due Invoice

| | | |
|---|---|---|
| Invoice Date | : | May 9, 2000 |
| Submitted to | : | Lamson & Goodnow Manufacturing Company<br>Conway St.<br>Shelburne Falls, MA 01370<br>Attn: Sue Atherton |
| Statement Time Period | : | April 1, 2000 - April 30, 2000 |
| Gross Sales | :<br>:<br>: | $66,967.42<br>(provided by Sue Atherton/Tony Ostroski)<br>Exclusive of Freight and net of returns. |
| Commissions Due | : | $2,678.70 Basis 4.00% of Gross Sales |
| Payment Due Date | : | June 15, 2000 (amends March Invoice also) |

Please make check payable to Spiritual Trees, Inc.

P.O. Box 1920 Brattleboro, VT 05302
802-257-4545

# EXHIBIT D




As per our Agreement date February 1, 2000, Commissions Due for March 2000 are as follows:

## Commission Due Invoice

| | | |
|---|---|---|
| Invoice Date | : | April 16, 2000 |
| Submitted to | : | Lamson & Goodnow Manufacturing Company<br>Conway St.<br>Shelburne Falls, MA 01370<br>Attn: Sue Atherton |
| Statement Time Period | : | March 1, 2000 - March 31, 2000 |
| Gross Sales | : | $82, 695.73 |
| | : | (provided by Sue Atherton and Tony Ostrowski) |
| | : | Exclusive of Freight and net of returns. |
| Commissions Due | : | $3,307.83 Basis 4.00% of Gross Sales |
| Payment Due | : | May 1, 2000 |

Please make check payable to Spiritual Trees, Inc.




rcvd ID
03869 4/28/00




As per our Agreement dated February 1, 2000, Commissions Due for April 2000 are as follows:

## Commission Due Invoice

| | | |
|---|---|---|
| Invoice Date | : | May 9, 2000 |
| Submitted to | : | Lamson & Goodnow Manufacturing Company<br>Conway St.<br>Shelburne Falls, MA 01370<br>Attn: Sue Atherton |
| Statement Time Period | : | April 1, 2000 - April 30, 2000 |
| Gross Sales | : | $66,967.42<br>(provided by Sue Atherton/Tony Ostroski)<br>Exclusive of Freight and net of returns. |
| Commissions Due | : | $2,678.70 Basis 4.00% of Gross Sales |
| Payment Due Date | : | June 15, 2000 (amends March Invoice also) |

Voucher ID # 04171 5/18/00

Please make check payable to Spiritual Trees, Inc.

