UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.  04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN<br>　　　　Plaintiffs<br><br>v.<br><br>LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.<br>　　　　Defendants | AFFIDAVIT OF MARCIA TETREAULT IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF ELECTRONIC VERSION OF E-MAIL DOCUMENTS |

I, Marcia Tetreault, being first duly sworn, deposes and states:

1. I am the Controller for defendant Lamson and Goodnow Manufacturing Company, and have been employed in that capacity since June, 2002 when I had the title Accounting Manager.  I make this affidavit on the basis of my personal knowledge, and if called to testify under oath to the facts set forth herein, I could and would do so.  I make this affidavit in support of Defendants' Motion to Compel Production of Electronic Version of E-Mail Documents.

2. The computer software that Lamson and Goodnow uses today to manage its accounts payable is the same software that was in place in 2000.  When data is entered into the system regarding any particular invoice, a "Voucher ID" number is automatically and sequentially created and assigned by the system to the invoice.

3. The policy and practice of Lamson and Goodnow is and was throughout 2000 that the person entering the data would write the Voucher ID number on the paper invoice once the number was assigned, and the invoice was then filed.  Relevant data regarding the invoice then becomes embedded in a number of data tables made available by the system.  A "master" table is

known as the Payables Table. Four other available tables are: Payables Distribution, Payables Lines, Payables Currency and Payables Line Currency.

    4.    Once a Voucher ID number is automatically and sequentially assigned by the system, that number cannot ever be reused or reassigned to another invoice. A Voucher ID may be deleted before the corresponding payable is posted to Lamson and Goodnow's general ledger. Deletions may be made for a number of reasons, including for example mistakes in keying the information, or realization that the invoice is not valid or accurate for some reason. Such a deletion results in the deletion from the Payables Table of all data related to the Voucher ID number, including the number itself. This in turn results in a gap in the sequenced Voucher ID numbers on the Payables Table. However, such a deletion does <u>not</u> result in a deletion of any data from the Payables Currency or Payables Line Currency data tables, where it remains embedded.

    5.    I have personally participated in a review of data in the accounts payable system and a manual review of 2000 invoices from the year 2000 to determine whether, when and how certain invoices purported to be invoices from Spiritual Trees, Inc. to Lamson and Goodnow were entered in the Lamson and Goodnow accounts payable system. Copies of those two invoices, which I understand were produced in discovery by the plaintiffs in this case, are attached to this affidavit as Exhibit A. I understand that plaintiff David Dunn has testified in deposition that the handwritten annotations on the invoices are Voucher ID numbers 03869 and 04171, and that they were assigned to the invoices when the invoices were entered in the system.

    6.    Attached as Exhibit B is a true and correct copy of the portion of Lamson and Goodnow's Payables Table including Voucher ID numbers 2940 through 4343. The table includes data related to the headings across the top of the first page. From the "Create Date" on the Payable Table relating to Voucher ID numbers coming before and after 03869 and 04171, I

have determined that Voucher ID number 03869 was assigned during the period 4/28/00 – 5/01/00, and that Voucher ID number 04171 was assigned on 5/12/00. As described above, the "gaps" in any sequence of Voucher ID numbers indicate that certain Voucher ID numbers were deleted before the corresponding payable was posted to the general ledger. In particular, I am able to determine from their absence on the Payables Table that Voucher ID 03869 and 04171 were deleted from the system before posting.

7. As described above, however, deletion before posting did not delete all data embedded in available payables data tables. Attached as Exhibit C are true and correct copies of Lamson and Goodnow's Payable Currency table including Voucher ID numbers 03855 through 03876, and specifically including Voucher ID 03869; and Payable Line Currency table including Voucher ID 03862 through 03884, again specifically including 03869.

8. Attached as Exhibit D are true and correct copies of Lamson and Goodnow's Payable Currency table including Voucher ID numbers 04157 through 04192, and specifically including 04171; and its Payable Line Currency table including Voucher ID 04159 through 04186, again specifically including 04171.

9. As shown on Exhibit C, Voucher ID 03869 was assigned to an invoice in the amount of $91.84, which is not the amount indicated on the Spiritual Trees invoice to which Mr. Dunn says that Voucher ID was assigned (see Exhibit A).

10. As shown on Exhibit D, Voucher ID 04171 was assigned to an invoice with line items in the amounts of $603.75 and $304.33, respectively, totaling $908.08. None of these amounts is the amount indicated on the Spiritual Trees invoice to which Mr. Dunn says that Voucher ID was assigned.

11. During the last week of November, I performed a manual review of invoices processed by Lamson and Goodnow during 2000. Such invoices are stored by Lamson and Goodnow by year, sorted alphabetically by the vendor's name. Because the available data tables described above did not indicate the identity of the vendor to whom the relevant numbers were assigned, all invoices processed in 2000 had to be examined until I was able to locate invoices in the amounts described in paragraphs 8 and 9 above, or which had the relevant Voucher ID numbers written on them, or both.

12. Attached as Exhibits E and F hereto are true and correct copies of invoices and related materials in the form in which I found them in storage, with Voucher ID numbers written on them.

13. Exhibit E is an invoice to Lamson and Goodnow from N&B Express, Inc. in the total amount of $169.13, of which $91.84 – the amount indicated in Lamson and Goodnow's data tables for Voucher ID 03869 – and related documents. The invoice has written on it in an unknown hand "3869," which corresponds with Voucher ID number 03869.

14. Exhibit F is an invoice to Lamson and Goodnow from Morris Transparent Box Co. in the amount (after a handwritten deduction noted as "less damage") of $908.08 -- the total amount indicated on Lamson and Goodnow's data tables for Voucher ID 04171 -- and related documents. The invoice has several notations on it, including in an unknown hand "4171," which corresponds with Voucher ID number 04171.

15. Thus, I am able to determine that Voucher ID numbers 03869 and 04171 were not assigned to any invoices payable to Spiritual Trees, Inc., but were assigned to unrelated invoices from unrelated vendors.

16. By searches of Lamson and Goodnow's payables data processed in the year 2000, I have determined that no invoice was entered in Lamson and Goodnow's payables system in either of the amounts indicated on the purported Spiritual Trees invoices attached as Exhibit A.

17. Because the purported invoices attached as Exhibit A indicate that payments were to be made to Spiritual Trees, Inc., that company would have been entered as a vendor or payee under "Tree Spirit," which was an identified vendor in the Lamson and Goodnow system, if the invoices had been entered in the system. From further searches of Lamson and Goodnow's payables data processed in the year 2000, I am able to determine and have determined that Spiritual Trees, Inc. was never entered as a vendor in Lamson and Goodnow's system, nor as a payee under Tree Spirit's vendor status. No invoice payable to Spiritual Trees, Inc. was ever entered into the system.

Signed under the penalties of perjury this 15th day of December 2005.

/s/ Marcia Tetreault
Marcia Tetreault

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing and mail on December 15, 2005.

/s/ Kevin C. Maynard
Kevin C. Maynard

#315791    5