UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30102-KPN

SPIRITUAL TREES d/b/a TREE SPIRIT )
and DAVID V. DUNN, )
    Plaintiffs )
)
vs. )
)
LAMSON AND GOODNOW )
MANUFACTURING COMPANY and )
J. ROSS ANDERSON, JR., )
    Defendants )

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS PURSUANT TO FED.R.CIV.P. 37(A)**

FACTUAL BACKGROUND

Count IV of plaintiffs' complaint alleges that on March 29, 2004, J. Ross Anderson, Jr., committed Assault and Battery against David V. Dunn. Plaintiffs seek the production of several statements made by witnesses to the events of March 29, 2004.

The plaintiffs, Spiritual Trees d/b/a Tree Spirit and David V. Dunn, served Requests for Production of Documents Propounded by the Plaintiffs to be Answered by the Defendants, Lamson and Goodnow Manufacturing Company ("Lamson and Goodnow") and J. Ross Anderson, Jr. on defendants on November 3, 2004, a copy of which is attached hereto as Exhibit A. Request thirteen (13) is one of two document requests that are the subject of this motion:

> Copies of any and all written statements, signed or unsigned, and copies of all verbatim written transcriptions of any and all statements taken on a recording instrument, or, if not transcribed, copies of any audio-taped transcriptions, of any and all witnesses to the alleged incidents in the complaint or the counterclaims and witnesses with knowledge of facts relevant to the complaint or counterclaims.

Exhibit A at ¶ 13.

415085

On December 17, 2004, defendants served Defendant's Responses to Requests for Production of Documents Propounded by the Plaintiffs on plaintiffs' counsel, a copy of which is attached hereto as Exhibit B. Defendants objected to request thirteen based on the grounds that the attorney-client privilege applied to the requested statements[1] and that the requested statements were subject to the provisions of Federal Rule of Civil Procedure 26(b)(3). Defendants further responded, without waiving their objections, that they have in their possession an audiotape of a voicemail message from David Dunn to J. Ross Anderson, Jr. Defendants did not disclose the existence of any written statements made by witnesses in a privilege log or in any other way.

On April 19, 2005, undersigned counsel wrote a letter to defendants' attorney in an attempt to narrow certain areas of concern with respect to discovery responses served on December 17, 2004, pursuant to United States District Court Local Rule 37.1. A copy of this letter is attached hereto as Exhibit C. No response to this letter was received.

On June 10, 2005, plaintiffs deposed J. Ross Anderson, Jr. Copies of the relevant portions of Mr. Anderson's testimony are attached hereto as Exhibit D. Mr. Anderson stated that he believed that he, Marcia Tetreault, Anthony Ostroski, Brian Koshinsky, and Kurt Zanner had prepared written statements at his request and without the assistance of counsel or other interviewer regarding the events of March 29, 2004. Anderson Dep. at 212-17. Mr. Anderson testified that these statements were made "Immediately following the whole incident" and "Within the next few days." With the exception of an apparently small portion of Ms.

---

[1] As will be seen below, defendants appear to have conceded that that the attorney-client privilege does not apply to these statements. The attorney-client privilege does not apply. The statements were not the result of "skillful questioning" by an attorney; they are narratives of facts within the knowledge of witnesses. *See Diamond v. Mohawk Rubber Co.,* 33 F.R.D. 264, 267-68 (D. Colo. 1963).

415085

Tetreault's statement, Mr. Anderson testified that he could not recall the substance of any of these statements due to the passage of time. Anderson Dep. at 213-16.

On July 27, 2005, plaintiffs deposed Marcia Tetreault. Copies of the relevant portions of Ms. Tetreault's testimony are attached hereto as Exhibit E. Ms. Tetreault testified that she prepared her statement at the request of J. Ross Anderson, Jr. and that her statement was similar to her deposition testimony. Tetreault Dep. at 78-80. However, Ms. Tetreault also testified that she could not remember whether she had prepared one statement or two and was unsure as to when she prepared the statements other than "shortly after it happened." *Id*. Ms. Tetreault also testified that she had not looked at her prior statements to refresh her memory. *Id*. at 81.

On July 27, 2005, plaintiffs deposed Brian Koshinsky. Copies of the relevant portions of Mr. Koshinsky's testimony are attached hereto as Exhibit F. Mr. Koshinsky testified that he was not sure of when he prepared his written statement "but it was a couple weeks" after the event. Koshinsky Dep. at 58, 59. The statement was prepared by Mr. Koshinsky at the request of Kurt Zanner. *Id*. Mr. Koshinsky did not use his statement to refresh his memory prior to his deposition. *Id*. at 60-61.

Plaintiffs have been able to establish, through deposition, that the testimony of current Lamson and Goodnow employees differs markedly from that of former Lamson and Goodnow employees.

On August 17, 2005, former Lamson and Goodnow employee, Wendy Brewer, was deposed. Copies of the relevant portions of Ms. Brewer's testimony are attached hereto as Exhibit K. Ms. Brewer's testimony describes a tumultuous event that was witnessed by all the employees in the immediate area. Brewer Dep. at 27-44. Ms. Brewer testified that on March 29, 2004 she heard "loud voices" coming from the office of J. Ross Anderson, Jr. when the office

415085

door was opened. *Id*. at 27. She further testified that, after J. Ross Anderson, Jr. and David Dunn left Anderson's office, Anderson became increasingly upset. *Id*. "[A]ll of us became very aware that there was a problem." *Id*. She testified to seeing J. Ross Anderson, Jr. grab David Dunn and that everyone in the area was paying attention to the events. *Id*. at 27, 28, 32-34.

Former Lamson & Goodnow employee Kim Curtis was deposed on August 17, 2005. Copies of the relevant portions of Ms. Curtis' testimony are attached hereto as Exhibit L. She heard, "a lot (sic) of commotion, loud voices, heated did (sic) discussions." Curtis Dep. at 17. She testified that the exchange between Mr. Dunn and Mr. Anderson was "heated," that Anderson wrapped his arms around Dunn's arms and waist, that Anderson had his voice raised, and that everyone present was focused on the events. *Id*. at 18-24.

By contrast, Marcia Tetreault testified that she did not hear raised voices and that though she did hear J. Ross Anderson Jr.'s voice it was calm. Tetreault Dep. at 59-62. Ms, Tetreault testified that she heard footsteps, someone "rummaging" in Mr. Dunn's work area, and Mr. Anderson say "David , please leave the computer." *Id.* at 60-61. This testimony presents a very different impression of the events that transpired than the testimony of Ms. Brewer and Ms. Curtis.

On July 29, 2005, plaintiffs served their Supplemental Request for Production of Documents, a copy of which is attached hereto as Exhibit G. Request number three (3) requested the statements referred to by J. Ross Anderson, Jr., Marcia Tetreault, and Brian Koshinsky in their deposition testimony.

In defendants' supplemental response dated August 29, 2005, defendants objected to supplemental request number three (3) on the grounds of the work product doctrine without disclosing the existence of particular documents by identifying them in any way. Defendants did

415085

not submit a privilege log at this time, or at any previous time. A copy of defendant's supplemental response is attached hereto as Exhibit H.

On October 25, 2005, undersigned counsel reiterated her request that counsel for the defendants identify documents responsive to the request by title, date, declarant, and the identity of the individual or individuals in possession, custody or control of the documents. A copy of that letter is attached hereto as Exhibit I.

By letter of counsel dated October 31, 2005, a copy of which is attached hereto as Exhibit J, defendants disclosed the existence of statements prepared by Marcia Tetreault (two statements), J. Ross Anderson, Jr., Brian Koshinsky, and Anthony Ostroski by title and author and re-asserted their contention that the documents are precluded from discovery by Federal Rule of Civil Procedure 26(b)(3). This was the first time that plaintiffs received a privilege log regarding statements prepared by witnesses regarding the events of March 29, 2004.

## ARGUMENT

I. Defendants Have Waived Any Claim Of Privilege With Regard To The Requested Statements Of Witnesses By Failing To Submit A Timely Privilege Log.

Plaintiffs' Motion to Compel Further Production of Documents should be granted because defendants' failure to submit a timely privilege log operates as a waiver of their claim of privilege. *In re Grand Jury Subpoena*, 274 F.3d 563, 575-76 (1st Cir. 2001); FED. R. CIV. P. 26(b)(5); FED. R. CIV. P. 34(b); L.R., D. Mass 34.1(C)(1). "Although most of the reported cases arise in the context of a claim of attorney-client privilege, the 'specify or waive' rule applies equally in the context of claims of work product privilege." *Id*. at 576, *citing, Smith v. Conway Org., Inc.*, 154 F.R.D. 73, 76 (S.D.N.Y. 1994).

The *Smith* Court held that plaintiff had waived the attorney work product privilege by failing to object to a document request in a timely fashion. The facts of *Smith* are analogous to

415085

those of the instant case. The defendant in *Smith* had served its second document request in early July of 1993. *Smith* at 76. Plaintiff responded in early December with a bald assertion of privilege. *Id*. The *Smith* Court relied on Federal Rule of Civil Procedure 34(b) and Rule 46(e)(1) of the Joint Rules for Civil Procedure for the Southern and Eastern Districts of New York: "where an objection is made to any . . . document request under Fed. R. Civ. P. 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived." *Id*. at 76 (internal quotation marks omitted). This rule is the analogue of and is almost identical to Rule 34.1(C)(1) of the Local Rules of the United States District Court for the District of Massachusetts.

Similarly, in the instant case, defendants failed to submit a privilege log that included reference to the witness statements at issue in response to request thirteen of the plaintiffs' first production request in violation of Federal Rule of Civil Procedure 26(b)(5). In response to plaintiff's Supplemental Request for Production of Documents, defendants made a bald assertion of privilege without providing a privilege log. Four months passed before defendants ultimately produced a privilege log. It is true that plaintiff's were made aware of the existence of witness statements by the deposition testimony of J. Ross Anderson, Jr. but that testimony was not responsive to a production request and was not complete or accurate. It was neither equivalent to nor a proper substitute for a privilege log.

The United States District Court for the District of New Hampshire distinguished *In re Grand Jury Subpoena* in remanding a magistrate judge's order granting defendant's motion to compel production of documents based on waiver in *Public Service Co. of NH v. Portland Natural Gas*, 218 F.R.D. 361, 362, 364 (D.N.H. 2003). The District Court noted that the First

415085

Circuit's decision in *In re Grand Jury Subpoena* arose in the context of a subpoenaed witness's failure to submit a privilege log pursuant to Fed. R. Civ. P. 45(d)(2). *Id.* at 362. The Court declined to read the requirement to produce a privilege log contained in Fed. R. Civ. P. 26(b)(5) into the requirement that objections be stated with specificity contained in Fed. R. Civ. P. 33(b)(4). Rather, the Court expressed the opinion that enforcement of Rule 26(b)(5) should be governed by Fed. R. Civ. P. 37. *Id.* at 363. In that case, however, there was no analogue to Local Rule 34.1(C)(1), and the Court justified its conclusion, in part, on the fact that Fed. R. Civ. P. 34 did not contain a waiver provision similar to that contained in Fed. R. Civ. P. 33(b)(4). The existence of the above referenced Local Rule distinguishes the instant case.

Plaintiff's Motion to Compel Further Production of Documents should be granted because defendants, in failing to timely submit a privilege log, have waived their claim of privilege with regard to the witnesses' statements at issue. Alternatively, the failure to submit a privilege log supports a finding that plaintiffs can not obtain the "substantial equivalent" of these documents without "undue hardship."

II.  <u>Plaintiffs Have A Substantial Need For These Statements And Can Not Obtain Their Substantial Equivalent Without Undue Hardship</u>.

The purpose of the work product doctrine is to promote the adversary system. *Colonial Gas Co. v. AETNA Casualty & Surety*, 139 F.R.D. 269, 274-75 (D. Mass. 1991). The burden is on the party opposing discovery to demonstrate that the requested material constitutes work product. *In re Raytheon Securities Litigation* 218 F.R.D. 354, 357 (D. Mass. 2003); *Colonial Gas* at 275.

Even if the party opposing production meets its burden, work product is still discoverable upon a showing that the party seeking production has a "substantial need" for the documents and

415085

that it can not obtain the "substantial equivalent" of the documents without "undue hardship". *Colonial Gas* at 275.

      a.      <u>Plaintiffs Have A "Substantial Need" For The Witness Statements At Issue</u>.

Discovery of work product is generally denied when the party seeking discovery can obtain the information sought by taking depositions. *Colonial Gas* at 275. Here, because of the contemporaneous nature of the witness' statements, and the passage of time between the recording of those statements and the taking of depositions, a substantial need for the information contained in those statements exists:

> One such substantial need, for example, may be for statements taken from parties or witnesses at the time of an incident. Such statements are unique in that they provide a contemporaneous impression of the facts. A significant lapse of time may make it impossible to obtain the substantial equivalent of the material sought.

*City of Springfield v. Rexnord Corp*. 196 F.R.D. 7, 10 (D. Mass. 2000) (Documents twenty years old and some participants whereabouts unknown) (*Citing, Tiernan v. Westext Transp., Inc.,* 46 F.R.D. 3, 3-4 (D. R.I. 1969); *Phillips v. Dallas Carriers Corp.,* 133 F.R.D. 475, 480-81 (M.D. N.C. 1990)).

Although plaintiffs have had the opportunity to depose the witnesses whose statements are at issue, plaintiffs have a "substantial need" for the information contained in the statements. These statements are qualitatively different from deposition testimony, given the amount of time between the preparation of the statements and depositions (approximately sixteen months) and the memory lapses of deponents.

In the seminal decision on the work product doctrine, *Hickman v. Taylor*, 329 U.S. 495 (1947), in which the Court held that an attorney's notes of witness interviews were privileged attorney work product, the Court noted:

> We do not mean to say that all written materials obtained . . . by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all

415085

> cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration.

*Id.* at 511-512; *See* also *Diamond v. Mohawk Rubber Co.*, 33 F.R.D. 264, 268 (D.C.O. 1963).

An assault and battery is an inherently tumultuous event. The plaintiffs have a substantial need for the most accurate information available regarding this incident in order to be able to prove each element of the charge of Assault and Battery. Deposition testimony taken approximately sixteen months after the event is unlikely to provide the necessary accuracy and detail. Similarly, plaintiffs have a substantial need for this information because it will allow them to effectively cross examine and potentially impeach these witnesses based on the lapse of time and the frailty of human memory.

    b.    <u>Plaintiffs Are Unable To Obtain The "Substantial Equivalent Of The Statements At Issue Without "Undue Hardship."</u>

In the Advisory Committee's Notes to FED. R. CIV. P. 26(b)(3), the Committee recognized that the contemporaneous nature of a statement may mean that no "substantial equivalent" exists. The Committee cited *Southern Ry. v. Lanham*, 403 F.2d 119 (5th Cir. 1968), for this proposition. *See also Guilford Nat'l Bank of Greensborough v. Southern Ry. Co.*, 297 F.2d 921, 926 (4th Cir. 1962). *Lanham* was decided under the "good cause" requirement of Fed. R. Civ. P. 34 but the *Lanham* Court relied on the same factors contained in FED. R. CIV. P. 26(b)(3).

At issue in *Lanham* were the statements of a train's crew taken by a claim agent shortly after an accident which killed plaintiffs' decendents. *Lanham* at 123. The law suit was filed ten months after the accident and another year passed before the interrogatories were answered. *Id.*

415085

at 127-28. The court held that plaintiffs could not obtain full and accurate facts through depositions of the crew.

> Statements taken [one year and ten months after the accident] are likely to be unreliable due to the lapse of time. For this reason, statements taken from the witnesses shortly after the accident constitute "unique catalysts in the search for truth," *Johnson v. Ford*, 35 F.R.D. 347, 350 (D.Colo. 1964), in that they provide an immediate impression of the facts that cannot be recreated or duplicated by a deposition that relies upon memory . . .

*Lanham* at 128.

The twenty-two month time lapse that the court considered in *Lanham* is sufficiently close to that in the instant case, sixteen months, as to make the *Lanham* Court's analysis relevant.

Both the *Lanham* Court and the Committee also specifically state that a witness' status as an employee of a party also militates in favor of production.

> Moreover, the written statements were made by employees of appellant, who may be expected to be somewhat reluctant to answer fully questions propounded by one pursuing a cause of action against their employer . . . the employment relationship would appear to create a situation of inequality between the parties with respect to gathering accurate statements from the crew.

*Lanham* at 128 -29.

In the instant case, the deposition testimony of current and former Lamson and Goodnow employees is inconsistent. The portrayal presented in the testimony of Ms. Tetreault is significantly different from that of Ms. Brewer and Ms. Curtis. The written statements prepared by Ms. Tetreault and Brian Koshinsky for their employer are likely to be a more accurate recitation than the testimony they gave in response to questioning by plaintiffs' counsel.

The fact that a witness is an employee of an adverse party, alone, is probably not sufficient to warrant production. *Diamond v. Mohawk Rubber Co.*, 33 F.R.D. 264, 266 (D.Colo.1963). Here, the fact that all witnesses to the alleged Assault and Battery are or were employees of Lamson and Goodnow and that these witnesses have given inconsistent accounts

415085

of the events of March 29, 2004, combined with lapse of time and the acknowledged memory failure on the part of at least two witnesses, militates in favor of production.

Defendants, by their failure to provide a timely privilege log, have contributed to plaintiffs' inability to obtain the substantial equivalent of the witnesses' statements. Failure to do so has made the plaintiffs unable, until recently, to assess defendants' claims of privilege. FED. R. CIV. P. 26(b)(5). It has hampered plaintiffs' efforts to investigate the events of March 29, 2004. Until October 31, 2005, plaintiffs did not have a complete and accurate account of who had prepared witness statements and therefore were unable to make informed decisions regarding which witnesses to depose. Combined with the other factors present in this case, the defendants' failure to submit a timely privilege log makes an order compelling production appropriate in this case.

In *U.S. v. Orlofsky*, 538 F. Supp. 450 (S.D.N.Y. 1981), the court granted production of witness statements based on a variety of factors. The court stated that the memory lapses of two deposed witnesses, standing alone, was "minimal support" for defendant's argument that he would be unable to obtain the substantial equivalent of the statements. *Id*. at 453-54. It similarly found that the financial hardship of deposing fourteen additional witnesses was not, itself, sufficient to show undue hardship. *Id*. at 454. However, the court combined these factors with the Government's failure to provide addresses for witnesses in response to interrogatories, the large number of witnesses already deposed, and the already lengthy discovery process to find sufficient grounds for compelling production. *Id*.

A variety of factors make production of witness statements appropriate here, i.e. the contemporaneous nature of the statements, the deponents' status as employees of the defendant,

415085

memory lapses during deposition, and the failure on the part of defendants to fully and accurately disclose the existence of statements until the period for discovery was over.

## CONCLUSION

WHEREFORE, the plaintiffs, Spiritual Trees d/b/a Tree Spirit and David V. Dunn, respectfully request this court to issue an order compelling the plaintiff to provide them with the contemporaneous witness statements in possession, custody, or control of defendants together with such other and further relief that this court may deem just and proper.

THE PLAINTIFFS,
SPIRITUAL TREES d/b/a TREE SPIRIT
and DAVID V. DUNN


By  /s/ *Patricia M. Rapinchuk*
Patricia M. Rapinchuk, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  556149


## CERTIFICATE OF SERVICE

I, Patricia M. Rapinchuk, Esq., hereby certify that on this 19th day of December, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Kevin C. Maynard, Esq., Bulkley Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, MA, 01115.

Subscribed under the penalties of perjury.

  /s/ *Patricia M. Rapinchuk*
Patricia M. Rapinchuk, Esq.

415085