FILE COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30102-KPN

SPIRITUAL TREES d/b/a TREE SPIRIT )
and DAVID V. DUNN, )
    Plaintiffs )
 )
vs. )
 )
LAMSON AND GOODNOW )
MANUFACTURING COMPANY and )
J. ROSS ANDERSON, JR., )
    Defendants )

**REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED
BY THE PLAINTIFFS TO BE ANSWERED BY THE DEFENDANTS,
LAMSON AND GOODNOW MANUFACTURING COMPANY AND J. ROSS
ANDERSON, JR.**

**DEFINITIONS**

1. The terms L&G, defendant, you, your or any synonym thereof shall mean Lamson and Goodnow Manufacturing Company and present or former agents, servants, employees, representatives, attorneys, advisors, consultants or any other persons purporting to act on behalf of Lamson and Goodnow Manufacturing Company and shall also include any predecessor or successor in interest.

2. When used herein, the names Spiritual Trees shall refer to and include Spiritual Trees, Inc. and Tree Spirit.

3. Unless otherwise indicated, the name Dunn shall refer to David V. Dunn, individually, and not on behalf of Spiritual Trees.

4. When used herein, the term Agreement shall mean the Purchase and Sale Agreement entered into on February 1, 2000, by J. Ross Anderson, Jr., on behalf of L&G and David V. Dunn, on behalf of Spiritual Trees.

5. The term "document" means any and all manner of written, graphic, typed, printed, reproduced, filmed or recorded material, all computer data, and all photographs, radiographs, pictures, videotapes, computer discs, computer diskettes, plans or other representations of any kind, or anything pertaining, describing, referring or relating, directly or indirectly, in whole or in part, to the subject matter of each paragraph of this Request for Production of Documents, including, without limitation:

366174

(a) Papers, books, journals, ledgers, statements, reports, memoranda, contracts, notes, transcripts, microfilm, telegrams, telexes, periodicals, notices, solicitations, financial statements, receipts, bills, invoices, calendars, appointment books, diaries, work papers, letters, correspondence, checks, advertisements, messages and message logs, summaries, investigative reports, and any other writings or tangible things on which any handwriting, typing, printing, photostatic or photographic representation appears;

(b) Originals and all other copies not absolutely identical; and

(c) All drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

(d) Electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please provide a copy of the fully executed Agreement including a copy of Schedule A referred to in the Agreement.

2. Please provide copies of all checks with endorsements and copies of any other form of payment including dates and voucher references and any supporting documentation of payments made to Spiritual Trees and/or David Dunn pursuant to the Agreement.

3. Please provide copies of all Monthly Commission Statements generated in any form by L&G for the sale of Spiritual Trees products, including Amish Woods and any wood utensils added to the Amish Woods line from March, 2000 through and including February, 2002. Such statements should consist of a transaction summary by month, by customer (alphabetically) by invoice, by product (numerically), with quantity, price and values, summed by customer and month.

4. Please provide a copy of the L&G General Ledger Account Credit and Debit month end balances for account number 4500, initially described as "SALES - WOOD PRODUCTS" and re-coded to "OLD GL - SALES - WOOD PRODUCTS" and NUMBER 4740 described as "SALES - TREE SPIRIT", for the period March 2000 through and including February, 2002.

5. Please provide any and all documents referencing a Stock Grant Proposal and corresponding vesting schedule prepared by or on behalf of L&G, including, but not limited to, any documents referencing same given to David Dunn and Kurt Zanner in the fall of 2002.

6. Please provide a copy of Dunn's complete personnel file.

366174

7. Please provide a copy of the Press Release announcing L&G's acquisition of Spiritual Trees.

8. Please provide a copy of the article regarding L&G's acquisition of Spiritual Trees as published in the magazine "HFN" during February/March 2000.

9. Please provide the L&G inventory list which shows all inventory items with a Tree Spirit or Amish Woods product code, the corresponding item numbers and descriptions, including, but not limited to, any and all inventory items with "Tree Spirit" or Amish Woods product codes sold under private packaging or labeling to specialty retailers. An example of such an inventory item would be "Salad Fingers" sold to Crate and Barrel with their own label.

10. Please provide a copy of the history of all L&G general ledger entries to the following accounts for the time period from April 2000 through March 29, 2004, including in the history the date, account number, transaction amount, descriptions of the entry made and the name of the person associated with the transaction:

    a. #6490.100 through 6490.900 "Performance Incentives..."
    b. #6575 Performance Incentive
    c. #7280 Performance Incentives
    d. #7780 Performance Incentive Sales
    e. Plus any other accounts designated for Performance Incentives.

11. Please provide all documents which describe or reference the bonus payment formula or methodology used by L&G to calculate the bonuses which were paid quarterly to Kurt Zanner and Dunn.

12. If, at the time of the incidents alleged in the complaint, L&G was covered by an insurance policy under which an insurer may be liable to satisfy part or all of a judgment, please state the following:

    a. the name(s) and address(es) of the insured(s);
    b. the amount of coverage under each insurance policy; and
    c. the name(s) and address(es) of said insurer.

13. Copies of any and all written statements, signed or unsigned, and copies of all verbatim written transcriptions of any and all statements taken on a recording instrument, or, if not transcribed, copies of any audio-taped transcriptions, of any and all witnesses to the alleged incidents in the complaint or the counterclaims and witnesses with knowledge of facts relevant to the complaint or counterclaims.

14. Copies of any and all written statements, signed or unsigned, of all experts whom L&G intends to be present at the trial of this matter for the purpose of testifying concerning the plaintiff's claim or the defendants' counterclaims.

366174

15. Please provide any performance reviews prepared by L&G with respect to Dunn at any time during Dunn's employment with L&G. Please provide any notes or other written material which relate to each performance review.

16. Please provide all documents upon which you rely to support your assertion that during the first 24 months after execution of the Agreement, the maximum amount of L&G's "new Amish Wood sales" was approximately $50,699, including but not limited to any documents that provide this information by customer, invoice number, product and calculated values. Include copies of all invoices upon which the aforementioned information was gathered.

17. Please provide all documents or other written material upon which you rely for your assertion that:

   a. as general manager of operations, Dunn was the head of finance and accounting and in charge of office personnel for L&G;
   b. as a condition of Dunn's employment with L&G, Dunn agreed that L&G had no obligation to pay any commission payments; and
   c. Dunn represented to L&G individually and on behalf of Spiritual Trees that Dunn waived all commission payments.

18. Please provide all documents upon which you rely when making the assertion that Dunn used the authority of his position with L&G convey to himself monies he knew to be the rightful property of L&G.

19. Please provide copies of L&G's monthly financial statements for calendar years 2000 through 2003, including, but not limited to, the computer generated financial statements, the P/L and balance sheets of L&G produced by Visual Management Software.

20. Please provide all documents upon which you rely when making the assertion that L&G's offer of employment to Dunn and its decision to pay bonuses in the total amount of approximately $125,000 to Dunn during his employment with L&G were conditioned upon Dunn's promises and representations to waive all commission payments.

21. Please provide any electronic files that relate to the allegations in the complaint or the counterclaims, including, but not limited to, any electronic mail.

22. Please provide any documents to Dunn from L&G or anyone authorized on L&G's behalf regarding or referencing Dunn's alleged waiver of commissions; the stock grant proposal, and all bonuses paid, denied or owed to Dunn by L&G.

366174

23. Please provide any other document not already requested herein upon which you relied in making any of the assertions in your counterclaims or in responding to the plaintiff's First Set of Interrogatories.

THE PLAINTIFFS
SPIRITUAL TREES D/B/A TREE SPIRIT
AND DAVID V. DUNN

By /s/ Patricia M. Rapinchuk
Patricia M. Rapinchuk, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 556149

### CERTIFICATE OF SERVICE

I, Patricia M. Rapinchuk, Esq., hereby certify that on this ___ day of _____, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Vanessa Smith, Esq., Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, MA 01115.

Subscribed under the penalties of perjury.

/s/ Patricia M. Rapinchuk
Patricia M. Rapinchuk, Esq.

366174