UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 3:04-CV-30102-KPN

| | | |
|---|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN<br>　　　　Plaintiffs<br>v.<br>LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.<br>　　　　Defendants | ) ) ) ) ) ) ) ) ) ) ) | DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY THE PLAINTIFFS |

The defendants, Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr. ("Defendants"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, respond to Requests for Production of Documents Propounded by Plaintiffs to be Answered by the Defendants, Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr. ("Requests"), as follows:

## GENERAL OBJECTIONS

A.   Defendants object to Plaintiffs' document requests to the extent that the requests seek documents that are subject to the attorney-client privilege.

B.   Defendants object to Plaintiffs' document requests to the extent that the requests seek confidential and proprietary business information of Lamson and Goodnow prior to entry by the Court of an appropriate court order.

## APPLICABILITY OF GENERAL OBJECTIONS

Defendants' General Objections are to be incorporated into each of the following responses. By specifically referring to these General Objections in any particular response, Defendants do not waive or limit the applicability of these objections to any other request.

## REQUESTS AND RESPONSES

**REQUEST NO. 1**: Please provide a copy of the fully executed Agreement including a copy of Schedule A referred to in the Agreement.

**RESPONSE:** Documents responsive to this request are attached as Exhibit 1.

**REQUEST NO. 2**: Please provide copies of all checks with endorsements and copies of any other form of payment including dates and voucher references and any supporting documentation of payments made to Spiritual Trees and/or David Dunn pursuant to the Agreement.

> **RESPONSE**: Documents responsive to this request are attached as Exhibit 2. See Exhibit 1.

**REQUEST NO. 3**: Please provide copies of all Monthly Commission Statements generated in any form by L&G for the sale of Spiritual Trees products, including Amish Woods and any wood utensils added to the Amish Woods line from March, 2000 through and including February, 2002. Such statements should consist of a transaction summary by month, by customer (alphabetically) by invoice, by product (numerically), with quantity, price and values, summed by customer and month.

> **RESPONSE**: There are no documents responsive to this request in the possession, custody, or control of Defendants.

**REQUEST NO. 4**: Please provide a copy of the L&G General Ledger Account Credit and Debit month end balances for account number 4500, initially described as "SALES – WOOD PRODUCTS" and re-coded to "OLD GL – SALES – WOOD PRODUCTS" and NUMBER 4740 described as "SALES – TREE SPIRIT", for the period March 2000 through and including February, 2002.

**OBJECTION**: See General Objection B.

> **RESPONSE**: Without waiving and subject to their objections, Defendants respond as follows: After an appropriate protective order is in place, discoverable documents responsive to this request will be made available for inspection and copying at the offices of Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, Massachusetts, at a mutually convenient date and time.

**REQUEST NO. 5**: Please provide any and all documents referencing a Stock Grant Proposal and corresponding vesting schedule prepared by or on behalf of L&G, including, but not limited to, any documents referencing same given to David Dunn and Kurt Zanner in the fall of 2002.

> **OBJECTION**: Defendants object to this request on the grounds that the term "Stock Grant Proposal" is unclear, vague, and ambiguous. Defendants object to this request to the extent that it implies or assumes that Lamson and Goodnow made a "stock grant proposal" to Mr. Dunn or to Mr. Zanner. Defendants further object to this request to the extent that it seeks information related to persons not party to this action, the disclosure of which may constitute a serious, substantial, or unreasonable intrusion into the privacy of such person, prohibited by M.G.L. c. 214, § 1B. Defendants also object to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action or to the claim or defense of any party to this action and that is not reasonably calculated to lead to the discovery of relevant information.
>
> **RESPONSE**: Without waiving and subject to their objections, and construing the undefined term "Stock Grant Proposal," to mean a proposed issuance of an equity interest in the company in exchange for consideration, Defendants respond as follows: There are no documents responsive to this request in the possession, custody, or control of Defendants.

**REQUEST NO. 6**: Please provide a copy of Dunn's complete personnel file.

> **RESPONSE**: Documents responsive to this request will be made available for inspection and copying at the offices of Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, Massachusetts, at a mutually convenient date and time.

**REQUEST NO. 7**: Please provide a copy of the Press Release announcing L&G's acquisition of Spiritual Trees.

3

**OBJECTION**: Defendants object to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter involved in the pending action or to the claim or defense of any party to this action and that is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Without waiving and subject to their objection, Defendants respond as follows: The text of the referenced press release is attached as Exhibit 3.

**REQUEST NO. 8**: Please provide a copy of the article regarding L&G's acquisition of Spiritual Trees as published in the magazine "HFN" during February/March 2000.

**OBJECTION**: Defendants object to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter involved in the pending action or to the claim or defense of any party to this action and that is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Without waiving and subject to their objection, Defendants respond as follows: A copy of the article is attached as Exhibit 4.

**REQUEST NO. 9**: Please provide the L&G inventory list which shows all inventory items with a Tree Spirit or Amish Woods product code, the corresponding item numbers and descriptions, including, but not limited to, any and all inventory items with "Tree Spirit" or Amish Woods product codes sold under private packaging or labeling to specialty retailers. An example of such an inventory item would be "Salad Fingers" sold to Crate and Barrel with their own label.

**OBJECTION**: See General Objection B. Defendants further object to this request as overbroad and, to the extent that it seeks documents relating to inventory after 2002, on the grounds that it seeks information that is not relevant to the subject matter involved in the pending action or to the claim or defense of any party to this action and that is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request on the grounds that it is overly broad, such that preparation of a response thereto would be unduly burdensome.

**REQUEST NO. 10**: Please provide a copy of the history of all L&G general ledger entries to the following accounts for the time period from April 2000 through March 29, 2004,

4

including in the history the date, account number, transaction amount, descriptions of the entry made and the name of the person associated with the transaction:

    a.    #6490.100 through 6490.900 "Performance Incentives..."

    b.    #6575 Performance Incentive

    c.    #7280 Performance Incentives

    d.    #7780 Performance Incentive Sales

    e.    Plus any other accounts designated for Performance Incentives

**OBJECTION**: See General Objection B. Defendants further object to this request on the grounds that it seeks information that is not relevant to the subject matter involved in the pending action or to the claim or defense of any party to this action and that is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request on the grounds that it is overly broad, such that preparation of a response thereto would be unduly burdensome.

**REQUEST NO. 11**: Please provide all documents which describe or reference the bonus payment formula or methodology used by L&G to calculate the bonuses which were paid quarterly to Kurt Zanner and Dunn.

**OBJECTION**: Defendants object to this request on the grounds that the phrase "payment formula or methodology used by Lamson and Goodnow to calculate the bonuses" is unclear, vague, and ambiguous. Defendants further object to this request to the extent that it seeks information related to persons not party to this action, the disclosure of which may constitute a serious substantial, or unreasonable intrusion into the privacy of such persons, prohibited by M.G.L. c. 214 § 1B.

**RESPONSE**: Without waiving and subject to their objection, Defendants respond as follows: Document responsive to this request are attached as Exhibit 2 to Defendants' Answers to Interrogatories Propounded by the Plaintiffs.

**REQUEST NO. 12**: If, at the time of the incidents alleged in the complaint, L&G was covered by an insurance policy under which an insurer may be liable to satisfy part or all of a judgment, please state the following:

    a.    the name(s) and address(es) of the insured(s);

  b.  the amount of coverage under each insurance policy; and

  c.  the name(s) and address(es) of said insurer.

**RESPONSE**: Not applicable.

**REQUEST NO. 13**: Copies of any and all written statements, signed or unsigned, and copies of all verbatim written transcriptions of any and all statements taken on a recording instrument, or, if not transcribed, copies of any audio-taped transcriptions, of any and all witnesses to the alleged incidents in the complaint or the counterclaims and witnesses with knowledge of facts relevant to the complaint or counterclaims.

  **OBJECTION**: See General Objection A. Defendants further object to this request on the grounds that it seeks material that constitutes litigation or trial preparation materials subject to the provisions of Fed. R. Civ. P. 26(b)(3) for which Plaintiffs have no substantial need in the preparation of their case and of which Plaintiffs are able without undue hardship to obtain the substantial equivalent by other means.

  **RESPONSE**: Without waiving and subject to their objections, Defendants respond as follows: Defendants have in their possession an audiotape of a voicemail message from David Dunn to J. Ross Anderson, Jr., on March 30, 2004, which will be made available for listening.

**REQUEST NO. 14**: Copies of any and all written statements, signed or unsigned, of all experts whom L&G intends to be present at the trial of this matter for the purpose of testifying concerning the plaintiff's claim or the defendants' counterclaims.

  **OBJECTION**: See General Objection A. Defendants further object to this request to the extent that it purports to impose burdens and requirements on Defendants beyond those imposed by the Federal Rules of Civil Procedure.

**REQUEST NO. 15**: Please provide any performance reviews prepared by L&G with respect to Dunn at any time during Dunn's employment with L&G. Please provide any notes or other written material which relate to each performance review.

  **OBJECTION**: Defendants object to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter involved in the pending action or to the claim or defense of any party to this action and

that is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Without waiving and subject to their objection, Defendants respond as follows: There are no documents responsive to this request in the possession, custody, or control of Defendants.

**REQUEST NO. 16**: Please provide all documents upon which you rely to support your assertion that during the first 24 months after execution of the Agreement, the maximum amount of L&G's "new Amish Wood sales" was approximately $50,699, including but not limited to any documents that provide this information by customer, invoice number, product and calculated values. Include copies of all invoices upon which the aforementioned information was gathered.

**OBJECTION**: See General Objection B.

**RESPONSE**: Without waiving and subject to their objection, Defendants respond as follows: After an appropriate protective order is in place, discoverable documents responsive to this request will be made available for inspection and copying at the offices of Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, Massachusetts, at a mutually convenient date and time.

**REQUEST NO. 17**: Please provide all documents or other written material upon which you rely for your assertion that:

a. as general manager of operations, Dunn was the head of finance and accounting and in charge of office personnel for L&G;

b. as a condition of Dunn's employment with L&G, Dunn agreed that L&G had no obligation to pay any commission payments; and

c. Dunn represented to L&G individually and on behalf of Spiritual Trees that Dunn waived all commission payments.

**OBJECTION**: See General Objection A.

**RESPONSE**: Without waiving and subject to their objections, Defendants answer as follows:

      a. See Exhibit 1 to Defendants' Answers to Interrogatories Propounded by Plaintiffs.
      b. Discoverable documents responsive to this request are attached as Exhibit 5.
      c. Discoverable documents responsive to this request are attached as Exhibit 5.

**REQUEST NO. 18**: Please provide all documents upon which you rely when making the assertion that Dunn used the authority of his position with L&G convey to himself monies he knew to be the rightful property of L&G.

    **OBJECTION**: See General Objection A. Defendants further object to this request on the grounds that it seeks material that constitutes litigation or trial preparation materials subject to the provisions of Fed. R. Civ. P. 2b(6)(3) for which Plaintiffs have no substantial need in the preparation of their case and of which Plaintiffs are able without undue hardship to obtain the substantial equivalent by other means.

    **RESPONSE**: Without waiving and subject to their objections, Defendants respond as follows: Discoverable documents responsive to this request are attached hereto as Exhibit 6.

**REQUEST NO. 19**: Please provide copies of L&G's monthly financial statements for calendar years 2000 through 2003, including, but not limited to, the computer generated financial statements, the P/L and balance sheets of L&G produced by Visual Management Software.

    **OBJECTION**: See General Objection B.

    **RESPONSE**: Without waiving and subject to their objection, Defendants state as follows: After an appropriate protective order is in place, discoverable documents responsive to this request will be made available for inspection and copying at the offices of Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, Massachusetts, at a mutually convenient date and time.

**REQUEST NO. 20**: Please provide all documents upon which you rely when making the assertion that L&G's offer of employment to Dunn and its decision to pay bonuses in the total amount of approximately $125,000 to Dunn during his employment with L&G were conditioned upon Dunn's promises and representations to waive all commission payments.

**RESPONSE**: See Exhibit 5.

**REQUEST NO. 21**: Please provide any electronic files that relate to the allegations in the complaint or the counterclaims, including, but not limited to, any electronic mail.

**OBJECTION**: See General Objections A and B.

**RESPONSE**: Without waiving and subject to their objections, Defendants respond as follows: Discoverable documents responsive to this request will be made available for inspection and copying at the offices of Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, Massachusetts, at a mutually convenient date and time.

**REQUEST NO. 22**: Please provide any documents to Dunn from L&G or anyone authorized on L&G's behalf regarding or referencing Dunn's alleged waiver of commissions; the stock grant proposal, and all bonuses paid, denied or owed to Dunn by L&G.

**OBJECTION**: Defendants object to this request on the grounds that the term "Stock Grant Proposal" is unclear, vague, and ambiguous. Defendants also object to this request to the extent that implies or assumes (a) that Lamson and Goodnow made a "stock grant proposal" to Mr. Dunn and (b) that Lamson and Goodnow "denied" or "owed" any bonuses to Mr. Dunn. To the extent that it seeks documents concerning all bonuses paid to Mr. Dunn, Defendants object to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action or to the claim or defense of any party to this action and that is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Without waiving and subject to their objections, Defendants respond as follows: A document responsive to this request is attached as Exhibit 7.

**REQUEST NO. 23**: Please provide any other document not already requested herein upon which you relied in making any of the assertions in your counterclaims or in responding to the plaintiff's First Set of Interrogatories.

**OBJECTION**: See General Objections A and B.

**RESPONSE**:  Without waiving and subject to their objections, Defendants respond as follows: Discoverable documents responsive to this request will be made available for inspection and copying at the offices of Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, Massachusetts, at a mutually convenient date and time.

LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.
By their Attorneys,

_/s/ Vanessa L. Smith_
Vanessa L. Smith
 BBO No. 649258
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.: (413) 781-2820
Fax: (413) 747-0770

Date: December 17, 2004

### CERTIFICATE OF SERVICE

I, Vanessa L. Smith, hereby certify that a true copy of the above document was served upon all counsel of record by hand delivery on this 17 day of December, 2004.

_/s/ Vanessa L. Smith_
Vanessa L. Smith