


**Patricia M. Rapinchuk, Esq.**

(413) 732-2301
prapinchuk@robinson-donovan.com

April 19, 2005

Kevin C. Maynard, Esq.
Bulkley Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115

    RE:    Spiritual Trees d/b/a Tree Spirit and David V. Dunn
              vs. Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr.
              United States District Court
              Civil Action No.: 3:04-CV-30102-KPN

Dear Attorney Maynard:

    I am writing to you in accordance with United States District Court Local Rule 37.1 in an attempt to narrow certain areas of concern with respect to the discovery responses you served in the above-captioned matter and prior to filing a Motion to Compel Additional Discovery.

    With respect to your responses to the Plaintiff's First Request for Production of Documents, I have the following concerns:

    a.    In Request Nos. 13 and 18 in which you object on the basis of work product, we request that you provide us with the identification of any documents that may be responsive to these requests by title of document, date of document, declarant or declarants and the identification of who has custody or control over said document(s).

    b.    With respect to Request No. 6, it is the plaintiff's recollection that he was provided with an Offer letter from Lamson and Goodnow and that such letter should be part of his personnel file. Having looked through the documents produced in response to Request No. 6, we have not found said letter. Please confirm that your clients are not in possession, custody or control of a letter offering employment to David Dunn.

397511

ROBINSON DONOVAN, P.C.
MAIN OFFICE: 1500 Main Street, Suite 1600 · Post Office Box 15609 · Springfield, MA 01115-5609 · 413-732-2301 · Fax: 413-785-4658
Northampton Office: 16 Armory Street · Northampton, MA 01060 · 413-587-9853
www.robinson-donovan.com

April 19, 2005
Page 2

    c. With respect to Requests No. 9, I disagree that the requested information was overly broad at the time the Requests were served. We have since learned that the conversion claim against Mr. Dunn can be answered with information we have and thus, the request to go beyond 2002 is no longer necessary. However, I submit that we are entitled to the financials as requested through 2002 in that they are relevant to Mr. Dunn's claim that he is entitled to bonus money he earned which L&G accrued and reported for tax purposes. The financials will support this contention. Please indicate if you will produce these documents.

    d. With respect to Request No. 11, please supplement or confirm that there are no other documents in your client's possession, custody or control which describe or reference the payment formula or methodology used by L&G to calculate bonuses paid quarterly to Kurt Zanner and Dunn other than that which was produced and attached as Exhibit 2 to the defendant's Answers to Interrogatories.

    e. Request Nos. 16, 19, 21 and 23 were not supplemented after the protective order was in place. Please supplement or confirm that your clients have no documents responsive to these requests in their possession, custody or control.

In defendant's responses to plaintiff's first set of interrogatories:

    a. With respect to Answer Nos. 4, 5 and 6, the plaintiff requests that supplemental answers be provided now that the protective order is in place as the defendant indicated he would do in his Response to the First Set of Interrogatories propounded by the plaintiff.

    b. With respect to Interrogatory No. 9, please confirm that there are no additional documents or material other than the check numbers that you have identified in Answer No. 9 that you claim to be protected by the work product privilege. In the event there are any other additional documents, please identify them by title or name of document, date of document, declarant or declarants of document and who maintains custody, possession or control of such document.

I am available to speak with you regarding these issues at your convenience.

                                          Very truly yours,

                                          Patricia M. Rapinchuk

PMR/DV/kj

bcc: David Dunn

397511