UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30102-KPN

SPIRITUAL TREES d/b/a TREE SPIRIT )
and DAVID V. DUNN, )
    Plaintiffs )
)
vs. )
)
LAMSON AND GOODNOW )
MANUFACTURING COMPANY and )
J. ROSS ANDERSON, JR., )
    Defendants )

**SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY THE PLAINTIFFS TO BE ANSWERED BY THE DEFENDANTS, LAMSON AND GOODNOW MANUFACTURING COMPANY AND J. ROSS ANDERSON, JR.**

**DEFINITIONS**

1. The terms L&G, defendant, you, your or any synonym thereof shall mean Lamson and Goodnow Manufacturing Company and present or former agents, servants, employees, representatives, attorneys, advisors, consultants or any other persons purporting to act on behalf of Lamson and Goodnow Manufacturing Company and shall also include any predecessor or successor in interest.

2. When used herein, the names Spiritual Trees shall refer to and include Spiritual Trees, Inc. and Tree Spirit.

3. Unless otherwise indicated, the name Dunn shall refer to David V. Dunn, individually, and not on behalf of Spiritual Trees.

4. When used herein, the term Agreement shall mean the Purchase and Sale Agreement entered into on February 1, 2000, by J. Ross Anderson, Jr., on behalf of L&G and David V. Dunn, on behalf of Spiritual Trees.

5. The term "document" means any and all manner of written, graphic, typed, printed, reproduced, filmed or recorded material, all computer data, and all photographs, radiographs, pictures, videotapes, computer discs, computer diskettes, plans or other representations of any kind, or anything pertaining, describing, referring or relating, directly or indirectly, in whole or in part, to the subject matter of each paragraph of this Request for Production of Documents, including, without limitation:

405778

(a) Papers, books, journals, ledgers, statements, reports, memoranda, contracts, notes, transcripts, microfilm, telegrams, telexes, periodicals, notices, solicitations, financial statements, receipts, bills, invoices, calendars, appointment books, diaries, work papers, letters, correspondence, checks, advertisements, messages and message logs, summaries, investigative reports, and any other writings or tangible things on which any handwriting, typing, printing, photostatic or photographic representation appears;

(b) Originals and all other copies not absolutely identical; and

(c) All drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

(d) Electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please provide copies of the Lechter check and any other document(s), including the Lechter check stub, which, as testified to at Brian Koshinsky's deposition, was part of the investigation by Brian Koshinsky at the direction of L&G.

2. Please provide a copy of the CD and/or disc which contains all e-mails allegedly written and sent by the plaintiff, David Dunn, which, as testified to in J. Ross Anderson's deposition, is contained in a safe in J. Ross Anderson, Jr.'s office. See Anderson's Deposition p. 74.

3. Copies of any and all written statements, signed or unsigned, and copies of all verbatim written transcriptions of any and all statements taken on a recording instrument, of any and all witnesses or individual with knowledge of any facts pertaining to the allegations in the complaint and/or the counterclaims. See Anderson's Deposition p. 213.

4. A copy of J. Ross Anderson, Jr.'s pocket paper calendar for the year 2000. See Anderson Deposition pp. 35 and 178.

5. A copy of the notes, as testified to in J. Ross Anderson's deposition, that J. Ross Anderson made before and after his March 23, 2004 meeting with David Dunn. See Anderson's Deposition p. 177.

6. A copy of the L&G/third party debt sale agreement used to sell all of L&G's Lechter's receivables, as testified to in Kurt Zanner's deposition.

7. A copy of the Tree Spirit Inventory sale invoice used by L&G to pay Tree Spirit $19,552.65, as testified to in Kurt Zanner's deposition. See Anderson's Deposition p. 237.

405778

8.  Please provide a list of names and addresses of all sales representatives and other individuals to whom Kurt Zanner told or may have told the reasons for David Dunn's termination, as testified in Kurt Zanner's deposition.

9.  A copy of all documents, including checks and check stubs and any other form of payment, evidencing bonus payments to Kurt Zanner, David Dunn and J. Ross Anderson, Jr. from 2000 to the present.

10. All documents evidencing the amount of pre-tax earnings and how pre-tax earnings, as discussed in J. Ross Anderson's deposition, were calculated for the bonuses earned for the years of 8/1/00 to 7/31/01, 8/1/01 to 7/31/02, 8/1/02 to 8/31/03, 9/1/03-12/31/03 and 01/04-06/04 for Kurt Zanner, David Dunn and J. Ross Anderson, Jr. See Anderson's Deposition pp. 115-121.

THE PLAINTIFFS
SPIRITUAL TREES D/B/A TREE SPIRIT
AND DAVID V. DUNN

By _____
Patricia M. Rapinchuk, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 556149

CERTIFICATE OF SERVICE

I, Patricia M. Rapinchuk, Esq., hereby certify that on this 29th day of July, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Kevin C. Maynard, Esq., Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, MA 01115.

Subscribed under the penalties of perjury.

_____
Patricia M. Rapinchuk, Esq.

405778