UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 3:04-CV-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN<br>　　　　Plaintiffs<br><br>v.<br><br>LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.<br>　　　　Defendants | DEFENDANTS' SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY THE PLAINTIFFS |

The defendants, Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr. ("Defendants"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, respond to Supplemental Requests for Production of Documents Propounded by Plaintiffs to be Answered by the Defendants, Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr. ("Requests"), as follows:

## GENERAL OBJECTION

Defendants object to Plaintiffs' supplemental document requests as untimely, given the court-issued revised scheduling order, which ordered all non-expert discovery to be completed by July 29, 2005. Defendants' General Objection is to be incorporated into each of the following responses, and defendants do not intend any waiver of this General Objection by the making of any such response.

## REQUESTS AND RESPONSES

1. Please provide copies of the Lechter check and any other document(s), including the Lechter check stub, which, as testified to at Brian Koshinsky's deposition, was part of the investigation by Brian Koshinsky at the direction of L&G.

**RESPONSE:** Defendants has produced or will produce any responsive documents in their possession, custody or control.

2. Please provide a copy of the CD and/or disc which contains all e-mails allegedly written and sent by the plaintiff, David Dunn, which, as testified to in J. Ross Anderson's deposition, is contained in a safe in J. Ross Anderson, Jr.'s office. See Anderson's Deposition p. 74.

**OBJECTION:** Defendants further object to this request as incorporating a misstatement or mischaracterization of Mr. Anderson's deposition testimony. Without waiving that objection, defendants respond as follows:

**RESPONSE:** A copy of the CD regarding which Mr. Anderson testified will be produced.

3. Copies of any and all written statements, signed or unsigned, and copies of all verbatim written transcriptions of any and all statements taken on a recording instrument, of any and all witnesses or individual with knowledge of any facts pertaining to the allegations in the complaint and/or the counterclaims. See Anderson's Deposition p. 213.

**OBJECTION:** Defendants further object to this request on the grounds that it seeks material that constitutes litigation or trial preparation materials subject to the provisions of Fed. R. Civ. P. 26(b)(3) for which Plaintiffs have no substantial need in the preparation of their case

and of which Plaintiffs are able without undue hardship to obtain the substantial equivalent by other means. See Responses to Request No. 13 in *Defendants' Responses To Requests For Production Of Documents Propounded By The Plaintiffs*, dated December 17, 2004.

4. A copy of J. Ross Anderson, Jr.'s pocket paper calendar for the year 2000. See Anderson Deposition pp. 35 and 178.

**RESPONSE**: A copy will be produced.

5. A copy of the notes, as testified to in J. Ross Anderson's deposition, that J. Ross Anderson made before and after his March 23, 2004 meeting with David Dunn. See Anderson's Deposition p. 177.

**OBJECTION**: Defendants further object to this request as incorporating a misstatement or mischaracterization of Mr. Anderson's deposition testimony. Without waiving that objection, defendants respond as follows:

**RESPONSE**: A copy of the pocket calendar regarding which Mr. Anderson testified will be produced.

6. A copy of the L&G/third party debt sale agreement used to sell all of L&G's Lechter's receivables, as testified to in Kurt Zanner's deposition.

**RESPONSE**: Defendants will produce any responsive documents in its possession, custody or control.

7. A copy of the Tree Spirit Inventory sale invoice used by L&G to pay Tree Spirit $19, 552.65, as testified to in Kurt Zanner's deposition. See Anderson's Deposition p. 237.

**RESPONSE**: A copy will be produced.

3

8. Please provide a list of names and addresses of all sales representatives and other individuals to whom Kurt Zanner told or may have told the reasons for David Dunn's termination, as testified in Kurt Zanner's deposition.

**RESPONSE**: No such document exists.

9. A copy of all documents, including checks and check stubs and any other form of payment, evidencing bonus payments to Kurt Zanner, David Dunn and J. Ross Anderson, Jr. from 2000 to the present.

**RESPONSE**: Subject to the protective order issued herein, defendants will produce any responsive documents in their possession, custody or control.

10. All documents evidencing the amount of pre-tax earnings and how pre-tax earnings, as discussed in J. Ross Anderson's deposition, were calculated for the bonuses earned for the years of 8/1/00 to 7/31/01, 8/1/01 to 7/31/02, 8/1/02 to 8/31/03, 9/1/03-12/31/03 and 01/04-06/04 for Kurt Zanner, David Dunn and J. Ross Anderson, Jr. See Anderson's Deposition pp. 115-121.

**RESPONSE**: Subject to the protective order issued herein, defendants will produce any responsive documents in their possession, custody or control.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record by mail on August 29, 2005.

Kevin C. Maynard

LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.

Kevin C. Maynard, BBO #550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.: (413) 781-2820