



**Patricia M. Rapinchuk, Esq.**

(413) 732-2301
prapinchuk@robinson-donovan.com

October 25, 2005

Kevin C. Maynard, Esq.
Bulkley Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115

RE: Spiritual Trees d/b/a Tree Spirit and David V. Dunn
vs. Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr.
United States District Court
Civil Action No.: 3:04-CV-30102-KPN

Dear Attorney Maynard:

I am writing to you for three reasons, First, I am writing to respond to your letter dated October 14, 2005 in which you ask to re-open David Dunn's deposition for the limited purpose of inquiring about the documents produced on August 26 and 29, 2005. Please be advised that I have no objection to continuing the deposition, which has been scheduled for October 31, 2005 at 9:00 a.m., for the sole purpose of questioning Mr. Dunn on the documents he produced after his original deposition. After Mr. Dunn's deposition, we can address the issue of re-opening his wife's deposition should you indicate you want to do so.

The second reason for which I am writing is to inquire about the status of the following outstanding discovery which is still due from your client:

1. In our Supplemental Request for Production of Documents, No. 2, dated July, 29th, 2005, we requested a copy of the CD regarding emails allegedly written and sent by David Dunn to which Anderson testified at his deposition. In your supplemental response, dated August 29, 2005, you indicated you would produce this, but have not done so yet.

2. In our original Request for Production of Documents, No. 13, dated November 3, 2004, we requested copies of any and all written or recorded statements prepared by and /or transcribed from any witnesses or individuals with knowledge of any facts pertaining to the allegations in the complaint and/or counterclaims. In your original response, dated

ROBINSON DONOVAN, P.C.
MAIN OFFICE: 1500 Main Street, Suite 1600 · Post Office Box 15609 · Springfield, MA 01115-5609 · 413-732-2301 · Fax: 413-785-4658
Northampton Office: 16 Armory Street · Northampton, MA 01060 · 413-587-9853
www.robinson-donovan.com

October 25, 2005
Page 2

  December 17, 2004, you objected on the basis of attorney/client privilege and on the basis of work product. Notwithstanding those objections, you identified an audiotape of a voicemail message from Mr. Dunn to Mr. Anderson dated March 30, 2004. That message has been made available and is not the subject of this letter. However, on April 19, 2005, I wrote to you and asked that you provide us with the identification of any documents that may be responsive to request No. 13, including the title, date, declarant/s and who has possession, custody or control over such document. We have never received a response to this request. Please respond with the requested information immediately.

3. In our Supplemental Request for Production of Documents, dated July 29, 2005, No. 3, we requested documents referred to in Mr. Anderson's deposition, including statements Mr. Anderson believed were prepared by Tetreault, Ostroski, Koshinsky and Zanner as well as by himself. In your supplemental response to No. 3, dated August 29, 2005, you object on the basis of work product and again refer to your original response. To the extent you continue to assert any privilege over potential documents responsive to this request, we reiterate our request that you identify such documents including the title, date, declarant/s and who has possession, custody or control over such document(s).

4. In our Supplemental Request for Production of Documents, dated July 29, 2005, No 4, we requested a copy of the pocket paper calendar for the year 2000, again as Anderson testified to in his deposition. In your Supplemental Response to No. 4 and No. 5 dated August 29, 2005, you promised to produce this calendar but to date it has not been produced.

5. In our Supplemental Request for Production of Documents, dated July 29, 2005, No 6, we requested a copy of the L&G third party debt/sale agreement used to sell all of L&G's Lechter's receivables. This document was testified to in Kurt Zanner's deposition. In your Supplemental Response to No. 6, dated August 29, 2005, you promised to produce any documents responsive to this request but you have not yet done so, nor have you indicated that there are no documents responsive to this request.

6. In our Supplemental Request for Production of Documents, dated July 29, 2005, No 7, we requested a copy of the Tree Spirit inventory sale invoice used by L&G to pay Tree Spirit $19,552.65 as testified to in Zanner's deposition. In your Supplemental Response to No. 7, dated August 29, 2005, you promised to produce this invoice but to date it has not been produced.

7. In our Supplemental Request for Production of Documents, dated July 29, 2005, No 9, we requested a copy of all documents including check stubs and any other form of payment evidencing bonus payments to Zanner, Dunn or Anderson from 2000 to present. In your Supplemental Response to No.9, dated August 29, 2005, subject to the protective order, you promised to produce any documents responsive to this request but you have not yet done so, nor have you indicated that there are no documents responsive to this request.

411792

October 25, 2005
Page 3

8. In our Supplemental Request for Production of Documents, dated July 29, 2005, No 10, we requested a copy of all documents evidencing the amount of pre-tax earnings and how pre-tax earnings were calculated for the bonuses earned in 2000, 2001, 2002, 2003 and 2004, as discussed in Anderson's deposition. In your Supplemental Response to No.10, dated August 29, 2005, subject to the protective order, you promised to produce any documents responsive to this request but you have not yet done so, nor have you indicated that there are no documents responsive to this request.

9. In a letter dated August 29, 2005 to you, we enclosed two of three invoices with handwritten notations that Mr. Dunn believes were made by him. In that letter, we requested that we be provided with a listing of the sequence of voucher numbers before and after the numbers on the invoices provided. We also asked if the voucher numbers are still in the L&G computer system and that we be provided with detail on items corresponding to those numbers. To date, we have had no response from you with respect to this request.

The time has long since passed that the aforementioned outstanding discovery should have been produced or, in the alternative, we should have been informed that no such documents are in the possession, custody or control of your client. I ask that you respond to and/or produce all outstanding discovery within the next five business days to avoid the necessity for a Motion to Compel Compliance with these requests.

The third reason for this correspondence is to reiterate that we have reserved the right to reopen Ms. Welsh's deposition in the event that any of the outstanding discovery responses necessitates our asking more questions of her. This letter will also serve to put you on notice that should any of the documents we receive in response to our discovery requests necessitate our re-opening, at minimum, Mr. Anderson's or Mr. Zanner's depositions, we reserve the right to do so after reviewing such documents.

If you have any questions regarding this letter, please feel free to call me.

Very truly yours,

Patricia M. Rapinchuk

PMR/DV/kj
cc: David Dunn

411792