UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT ) <br> and DAVID V. DUNN ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> LAMSON AND GOODNOW ) <br> MANUFACTURING COMPANY and ) <br> J. ROSS ANDERSON, JR. ) <br>     Defendants ) | MOTION *IN LIMINE* TO <br> PRECLUDE EVIDENCE <br> OF ALLEGED DEFAMATION <br> BY KURT ZANNER |

    Defendants Lamson and Goodnow Manufacturing Company ("L&G") and J. Ross Anderson, Jr. ("Anderson") hereby move *in* limine for an order precluding plaintiffs Spiritual Trees, Inc. and David Dunn from introducing evidence of allegedly defamatory statements made by Kurt Zanner, an individual employed by defendant L&G, and from arguing that any statements by Mr. Zanner may be the basis for a claim of defamation against defendant Anderson.

    Plaintiff Dunn has brought a defamation claim in this action only against defendant Anderson, who is Chairman and Chief Executive Officer of defendant L&G. Complaint, ¶¶ 58-61. Plaintiffs do not attempt to make a defamation claim against L&G. Id.

    Plaintiffs apparently assert that Anderson may be individually liable for allegedly slanderous statements of another employee of L&G, Kurt Zanner, its current President and Chief Operating Officer. (See Plaintiffs' Proposed Special Questions, at p. 7.)

    As the First Circuit Court of Appeals has noted definitively, Massachusetts law is clear that "in order to be found individually liable for slander, the defendant must have personally made a slanderous statement about the plaintiff." Refuse & Env. Systems v. Indus. Services of America, 932 F.2d 37, 40 (1st Cir. 1991) (one corporate officer not liable for statement of another).

Thus, alleged statements made by Mr. Zanner are not relevant to the issue of defamation, may not serve as a basis for liability on the part of defendant Anderson and may be potentially confusing and unduly prejudicial.

Accordingly, plaintiffs should be excluded from introducing evidence of allegedly defamatory statements by Kurt Zanner, and from arguing that any statements by Mr. Zanner may be the basis for a claim of defamation against defendant Anderson.

Dated:  December 30, 2005

Defendants
LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.
By Their Attorneys:

/s/ Kevin C. Maynard
Kevin C. Maynard, BBO No. 550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.:  (413) 272-6244
Fax:  (413) 272-6804

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing and mail on December 30, 2005.

/s/ Kevin C. Maynard
Kevin C. Maynard