

A P.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT<br>and DAVID V. DUNN<br>        Plaintiffs<br><br>v.<br><br>LAMSON AND GOODNOW<br>MANUFACTURING COMPANY and<br>J. ROSS ANDERSON, JR.<br>        Defendants | )<br>)<br>)<br>)<br>)  PROPOSED JURY INSTRUCTIONS<br>)  REGARDING COUNTERCLAIMS<br>)<br>)<br>)<br>) |

Defendants and Plaintiffs-in-Counterclaim Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr. submit the proposed jury instructions attached hereto regarding the counterclaims herein, while reserving the right to propose jury instructions as set forth in the Court's Procedural Order dated May 6, 2005.

Dated: December 12, 2005

Defendants
LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.
By Their Attorneys:

_____
Kevin C. Maynard
  BBO No. 550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.: (413) 272-6244 / Fax: (413) 272-6804

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on December 12, 2005.

_____
Kevin C. Maynard

## COUNTERCLAIM FOR BREACH OF CONTRACT

In one of its counterclaims, Lamson and Goodnow alleges that Spiritual Trees breached a contract that existed between the parties by not following one or more of the terms of their Asset Purchase Agreement, and that the actions or inactions of Spiritual Trees resulted in damages to Lamson and Goodnow.

A contract is a promise, or set of promises, between two or more persons to do or not do certain things. Ordinarily, a contract exists where the parties "by their words or conduct express their mutual assent—that is, their agreement—to exchange promises."

The parties in this case do not dispute that there was an Asset Purchase Agreement between Lamson and Goodnow and Spiritual Trees. The parties only dispute whether Spiritual Trees breached that contract.

In order to find that Spiritual Trees breached the contract, Lamson and Goodnow must prove by a preponderance of the evidence that Spiritual Trees failed to comply with one or more terms of the Asset Purchase Agreement. In addition, Lamson and Goodnow cannot recover unless it proves that it completely performed or was excused from its obligations under the Agreement.

In order for Lamson and Goodnow to prevail on its breach of contract claim, it must prove the following four elements by a preponderance of the evidence:

    1)    that there is a contract, which the parties do not dispute (and you may deem already proved);
    2)    that the plaintiff fully performed his obligations under the contract (or is excused from performance);
    3)    that Spiritual Trees breached the contract; and
    4)    that the plaintiff suffered damages as a result of the breach of contract.

II Mass. Civil Jury Instruction at § 14.1. at § 14.1.19.

Promissory Estoppel

In another of its counterclaims, Lamson and Goodnow alleges that Dunn is bound by and has violated a form of contract known as a "promissory estoppel." An offer or promise that the offeror should reasonably expect to cause substantial action or a failure to act by the other party, and that does induce the other party to act or fail to act, is enforceable as a contract to the extent necessary to avoid injustice. When a promise is enforceable because of detrimental reliance, it is enforceable in the same manner as any other contract.

In order for Lamson and Goodnow to prevail on its claim for promissory estoppel, it must prove by a preponderance of evidence the following:

1) that a representation was made, or that there was conduct amounting to such a representation;
2) that the representation was intended to induce the reliance of Lamson and Goodnow upon it;
3) that Lamson and Goodnow did rely on it, and acted or failed to act as a result; and
4) that Lamson and Goodnow suffered damages or detriment as a result.

Rhode Island Hosp. Trust v. Varadian, 41a Mass 841, 848 (1995); Loranger Constr. Corp. v. E.F. Hauserman Co., 376 Mass. 757, 760-61 (1978).

## Conversion

Lamson and Goodnow has also claimed that Dunn committed a conversion of funds belonging to Lamson and Goodnow. Conversion is the intentional and wrongful exercise of control, ownership or dominion over the personal property of another. To succeed on its claim for conversion, Lamson and Goodnow must prove by a preponderance of the evidence that:

1) Dunn asserted control over certain Lamson and Goodnow funds without a right to do so;
2) Dunn intentionally and wrongfully exercised dominion over those funds by putting them to his own use;
3) Dunn's conversion of those funds damaged Lamson and Goodnow.

Alperin and Shribow, 14C Massachusetts Practice, §20.51 (3 et ed. 1996), citing Restatement 2d, Torts, §22A.

Breach of Fiduciary Duties

Lamson and Goodnow and Anderson have alleged that Dunn breached fiduciary duties that he owed to each of them. You are instructed that a fiduciary relationship existed between Dunn, as Chief Financial Officer and otherwise as an executive employee of Lamson and Goodnow and the company. You are further instructed that a fiduciary relationship also existed between Dunn in that capacity and Anderson, as the company's sole shareholder.

A fiduciary relationship imposed a duty on Dunn to deal fairly and honestly with Lamson and Goodnow and with Anderson. The fiduciary relationship also imposed a duty on Dunn to exercise the utmost good faith and loyalty, including by giving priority to the company's interest if those interests and his own personal interests were in conflict. It is for you to determine whether Dunn violated his fiduciary duty to deal fairly, honestly and with utmost good faith and loyalty.

If you find that Dunn breached his duties as a fiduciary, you must determine what damages, if any, were proximately caused by the acts or omissions constituting that breach, and award Lamson and Goodnow or Anderson such amounts as will reasonably compensate for those damages.

In re Tri-Star Technologies Co., Inc., 257 B.R. 629 (Bkrtcy D. Mass. 2001). Chelsea Industries, Inc. v. Gaffney, 389 Mass. 1 (1983).

## Abuse of Process

Lamson and Goodnow and Anderson also allege as a counterclaim that Dunn and Spiritual Trees have committed an abuse of process by maintaining this lawsuit. To recover on a claim of abuse of process, they must prove to you by a preponderance of the evidence that Dunn and Spiritual Trees used legal process for an ulterior or illegitimate purpose resulting in damage to Lamson and Goodnow or Anderson.

"Process" refers to papers issued by a court to bring a party within the jurisdiction of the court. There is no dispute that "process" was used here.

Lamson and Goodnow and Dunn must show that the process was used to accomplish some ulterior purpose for which the process was not designed or intended, or that was not a legitimate purpose for the process emphasized.

Mere commencement of litigation to enforce a claim that the person commencing the litigation knows or reasonably should have known to be groundless does not constitute legal abuse of process without proof of any ulterior purpose. On the other hand, proof of groundlessness of an action is not an essential element of a claim for abuse of process. However, that the person commencing the litigation knew or had reason to know that the claim was groundless is relevant as tending to show that the process was used for an ulterior purpose.

The plaintiff must show that damage occurred as the natural and probable consequence of the process initiated by the defendant. You may consider damages to compensate the plaintiff for injury to business, reputation, and feelings.

II Massachusetts Superior Court Jury Instructions §§ 21.1 – 21.3.

<u>Violation of Mass. Gen. Laws c. 93A</u>

Lamson and Goodnow and Anderson also allege that the abuse of process by Dunn and Spiritual Trees is an unfair act or practice in violation of Massachusetts General laws chapter 93A. Section 2(a) of chapter 93A makes unlawful and unfair acts or practices in the conduct of any trade or commerce. The following are considerations to be used in determining whether a practice is to be deemed unfair: (1) whether the practice is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous; (3) causes substantial injury to competitors or other business people. An act or practice is a violation of § 2 if it is oppressive or otherwise unconscionable in any respect. <u>Datacomm Interface, Inc. v. Computerworld, Inc.</u>, 396 Mass. 760, 778 (1986).

Chapter 93A offers a remedy to those who have been forced to litigate claims that clearly lack merit. Thus, a party may bring a claim under chapter 93A against another party, which willfully files a baseless lawsuit. Filing such a baseless lawsuit is a willful commission of an unfair and deceptive business practice under 93A. Therefore, if you find in favor of Lamson and Goodnow or Anderson on the abuse of process claim, you must also find that the plaintiffs willfully committed an unfair and deceptive business practice in violation of 93A.

<u>George Hyman Const. Co. v. Gateman</u>, 16 F.Supp.2d 129, 162 (D.Mass. 1998); <u>Refuse & Env. Systems v. Indus. Serv. Of America</u>, 932 F.2d 37, 43 (1st Cir. 1991); <u>see also</u> <u>Datacomm Interface, Inc. v. Computerworld, Inc.</u>, 396 Mass. 760, 778-780 (1986); <u>Blanchette v. Cataldo</u>, 734 F2d 869, 874 (1st Cir. 1984); <u>Boothroyd Dewhurst, Inc. v. Poli</u>, 783 F. Supp. 670, 678 (D.Mass. 1991).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30102-KPN

SPIRITUAL TREES d/b/a TREE SPIRIT )
and DAVID V. DUNN )
        Plaintiffs )
         ) DEFENDANTS' OBJECTIONS TO
v. ) PLAINTIFFS' PROPOSED JURY
         ) INSTRUCTIONS AND PROPOSED
LAMSON AND GOODNOW ) SPECIAL VERDICT QUESTIONS
MANUFACTURING COMPANY and )
J. ROSS ANDERSON, JR. )
        Defendants )

Defendants and Plaintiffs-in-Counterclaim Lamson and Goodnow Manufacturing Company (Lamson and Goodnow") and J. Ross Anderson, Jr. ("Anderson") object to Plaintiff's Proposed Jury Instructions and Proposed Special Verdict Question as follows:

Proposed Jury Instructions

Count I – Breach of Contract

Defendants' object to plaintiffs' proposed instructions as incomplete in that instructions regarding waiver are necessary and proper. Defendants propose the additional instructions attached hereto as Exhibit A. Further, defendants object to the inclusion of instructions regarding offer, acceptance, and consideration as superfluous and unnecessary and therefore potentially confusing to the extent the parties stipulate to the existence of the Asset Purchase Agreement as a contract.

Count III – Tortious Interference With Contractual Relationship

Defendants object to plaintiffs' proposed instructions III. a. – e. as they fail to fully include the applicable law with respect to the alleged liability of defendant Anderson, a corporate officer of Lamson and Goodnow, for alleged interference with a contract between Lampson and Goodnow and Spiritual Trees. See e.g., *Portnoy v. 440 Financial Group of Worcester, Inc.*, 938

F.Supp. 91 (D. Mass. 1996). Defendants propose the additional instruction attached hereto as Exhibit B.

Defendants object to plaintiffs' proposed instruction III. f. as potentially confusing by inclusion of the term "profits." Defendants propose substituting the term "commissions."

### Count IV – Defamation

Defendants object to plaintiffs' proposed instruction VI. a. as potentially confusing in that it fails to identify which plaintiff has brought a claim for defamation against which defendant. Defendants propose as an alternative that the instruction begin "Plaintiff David Dunn has brought a claim against defendant Ross Anderson …"

Defendants object to plaintiffs' proposed instruction IV. B. as it incorrectly states that an individual defendant may be liable for defamatory statements made by an agent. This is not the law. See *Refuse v. Env. Systems v. Indus. Services of America*, 932 F.2d 37, 40 (1st Cir. 1991) ("[I]n order for a defendant to be found individually liable for slander, the defendant must have personally made a slanderous statement about the plaintiff.") Defendants propose striking the phrases "or through his agent" and "or his agent".

### Proposed Special Questions

#### Count I – Questions 3 and 4

Defendants objects to Proposed Question No. 3 under Count I in that the phrase "**the commissions due under the contract**" (emphasis added) unfairly and improperly implies that commissions are due under the contract, which is an issue to be resolved at trial. Defendants propose the following alternative:

> "3. Did the Plaintiff prove by a preponderance of the credible evidence that Lamson and Goodnow breached the contract by failing to pay Spiritual Trees commissions?"

#316403

Similarly, defendants object to Proposed Question No. 4 under Count I because it refers to "the commissions owed under the terms of the contract". Further, the proposed question improperly seeks to instruct the jury with respect to damages, a matter properly dealt with its jury instructions. Defendants propose the following alternative:

> 4. "What amount of money would fairly and reasonably compensate the plaintiff, Spiritual Trees, for its damages?
>
> $_____."

## Count II – Question 1

Defendants object to Proposed Question 1 under Count II because it incorrectly and improperly incorporates the phrase "the defendant, J. Ross Anderson [sic], terminated David Dunn ..." Plaintiff's claim for breach of the implied covenant of good faith and fair dealing arises out of his employment contract, which is with defendant Lamson and Goodnow only.

Defendants further object to incorporation in this proposed question of the phrase "his earned bonus," which presumes facts at issue in the case.

Defendants propose the following alternative:

> "1. Did the plaintiffs prove by a preponderance of the credible evidence that the defendant Lamson and Goodnow terminated David Dunn for the purpose of denying him a bonus that Lamson and Goodnow was otherwise obligated to pay?"

## Count III

Defendants object the Proposed Question No. 3 under Count III because it omits reference to the requirement that plaintiff must prove actual malice on the part of defendant Anderson, and because it combines the issue of improper motive with the issue of damages so as to be potentially confusing.

Defendants propose the following alternative questions, with plaintiffs' Proposed Question No. 4 being re-numbered as No. 5:

#316403

> "3. Did the plaintiff prove by a preponderance of the evidence that J. Ross Anderson's interference with Lamson and Goodnow's performance of its obligations under the contract was done with malice that is a spiteful, malignant purpose unrelated to any legitimate corporate interest?
>
> STOP. Go to Question 4 only if you have answered "yes" to Question 3 above. If you answered "no" to Question 3, then you should go to the next Count.
>
> 4. Did the plaintiff prove by a preponderance of the credible evidence that it was harmed by Anderson's interference?"

<u>Count IV – Question 1</u>

Defendants object to the proposed question as it incorrectly and improperly implies that assault and/or battery requires only a showing that defendant Anderson "intentionally and without justification touched the plaintiff, David Dunn." This is an incomplete statement of the law, as plaintiffs' Proposed Jury Instructions acknowledge.

Defendants propose the following alternative:

> "1. Did the plaintiffs prove by a preponderance of the evidence that J. Ross Anderson committed an assault and battery on the plaintiff, David Dunn?"

Dated: December 23, 2005

Defendants
LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.
By Their Attorneys:

*/s/ Kevin C. Maynard*

Kevin C. Maynard
BBO No. 550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.: (413) 272-6244
Fax: (413) 272-6804

<u>Certificate of Service</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on December 23, 2005.

*/s/ Kevin C. Maynard*

#316403

# EXHIBIT A

Breach of Contract - Defenses

A refusal or failure to perform may not be a breach of contract where there is a legal reason not to perform. Legal reasons are called "defenses." I will explain several defenses to you shortly. The defendant has the burden of proving to you that it has a legal reason or defense for its nonperformance.[1]

Breach of Contract - Waiver

A party cannot sue for breach of contract where he has waived the breach.[2] Waiver means the intentional relinquishment of a known right. If the plaintiff intentionally gave up his right to require performance, then the plaintiff waived the breach and cannot maintain an action for breach of contract.

Where a party has unconditionally accepted the benefit of a contract in lieu of demanding substitute performance, he cannot later seek additional performance or claim that there has been a breach of contract. A party may be prevented by his own acts from claiming a right to the detriment of the other party when that other party was entitled to rely on, and did rely on, that conduct.[3]

---

[1] *Beaudoin v. Lenza*, 338 Mass. 798, 156 N.E.2d 682 (1959); *Realty Developing Co. v. Wakefield Ready-Mixed Concrete Co.*, 327 Mass. 535, 537, 100 N.E. 28, 30 (1951); *Eliot Descourt Corp. v. Dame*, 19 Mass.App.Ct. 280, 285, 473 N.E.2d 711, 715, *further app. Rev. denied*, 394 Mass. 1103, 477 N.E.2d 595 (1985).

[2] *Steranko v. Inforex, Inc.*, 5 Mass.App.Ct. 253, 263, 362 N.E.2d 222, 230 (1977). *See Minot v. Minot*, 319 Mass. 253, 269, 66 N.E.2d 5, 15 (1946) (holding that plaintiff could still bring action for breach of contract where plaintiff did not waive breach); *Russo v. Charles I. Hosmer, Inc.*, 312 Mass. 231, 234, 44 N.E.2d 641, 643-44 (1942) (holding that plaintiff did not waive breach where it did not know that a breach had occurred); U.S. v. Mangone, 105 F3d 29, 35 (1st Cir. 1997), *cert. denied*, 520 U.S. 1258 (1997).

[3] *See Cueroni v. Coburnville Garage*, 315 Mass. 135, 139, 52 N.E.2d 16, 18-19 (1943).

# EXHIBIT B

Tortious Interference – Actual Malice

In order to prove that a corporate officer such as defendant Anderson interfered with a contract between Lamson and Goodnow and Spiritual Trees, the plaintiffs must show that Anderson acted with actual and not merely implied, malice towards them. That is, the plaintiffs must prove that Anderson acted with a spiteful, malignant purpose, unrelated to any legitimate corporate interest.

*Portnoy v. 440 Financial Group of Worcester, Inc.*, 938 F. Supp. 91, 94 (D. Mass. 1996) and cases cited therein.

#316403