EXHIBIT

B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.  04-30102-KPN

| | | |
|---|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN<br>    Plaintiffs | ) ) ) ) | |
| v. | ) ) | PROPOSED SPECIAL VERDICT QUESTIONS REGARDING COUNTERCLAIMS |
| LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.<br>    Defendants | ) ) ) ) ) | |

Defendants and Plaintiffs-in-Counterclaim Lamson and Goodnow Manufacturing

Company and J. Ross Anderson, Jr. submit the attached proposed special verdict questions

relating to their counterclaims herein, and reserve the right to submit additional proposed special

verdict questions and otherwise respond to any submission by plaintiff pursuant to the Court's

Procedural Order dated May 6, 2005.

Defendants
LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.
By Their Attorneys:

Dated:  December 12, 2005

Kevin C. Maynard, BBO No. 550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.:  (413) 272-6244 / Fax:  (413) 272-6804

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of
record for each other party by mail on December 12, 2005.

Kevin C. Maynard

<u>COUNTERCLAIM FOR BREACH OF CONTRACT</u>

1.      Did the Lamson and Goodnow prove by a preponderance of the credible evidence that Spiritual Trees breached the Asset Purchase Agreement between it and Lamson and Goodnow?

Yes_____          No_____

**STOP.**  *Go to Question 2 <u>only</u> if you have answered "yes" to Question 1 above; if you answered "no" to Question 1, then you should go on to the next Count.*

2.      Did Lamson and Goodnow prove by a preponderance of the credible evidence that it fully performed under the contract or was excused from performance?

Yes_____          No_____

**STOP.**  *Go to Question 3 <u>only</u> if you have answered "yes" to Question 2 above; if you answered "no" to Question 2, then you should go on to the next Count.*

3.      Did Lamson and Goodnow prove by a preponderance of the credible evidence that Spiritual Trees' breach of the contract was the legal cause of any damage or detriment to Lamson and Goodnow?

Yes_____          No_____

**STOP.**  *Go to Question 4 only if you have answered "yes" to Question 3 above; if you answered "no" to Question 3, then you should go on to the next Count.*

4.      What amount would fairly compensate Lamson and Goodnow for its damage or detriment?

$_____

## COUNTERCLAIM FOR PROMISSORY ESTOPPEL

1.     Did Lamson and Goodnow prove by a preponderance of the credible evidence that a contract by promissory estoppel existed between Lamson and Goodnow and Dunn?

Yes_____     No_____

**STOP.**  *Go to Question 2 _only_ if you have answered "yes" to Question 1 above; if you answered "no" to Question 1, then you should go on to the next Count.*

2.     Did Lamson and Goodnow prove by a preponderance of the credible evidence that Dunn's breach of that contract caused Lamson and Goodnow damage or detriment?

Yes_____     No_____

**STOP.**  *Go to Question 3 _only_ if you have answered "yes" to Question 2 above; if you answered "no" to Question 2, then you should go on to the next Count.*

3.     What amount would fairly compensate Lamson and Goodnow for its damage or detriment?

$_____

<u>COUNTERCLAIM FOR CONVERSION</u>

1.    Did Lamson and Goodnow prove by a preponderance of the credible evidence that Dunn knowingly put Lamson and Goodnow funds to his own use or benefit without a right to do so?

Yes_____          No_____

**STOP.**  *Go to Question 2 <u>only</u> if you have answered "yes" to Question 1 above; if you answered "no" to Question 1, then you should go on to the next Count.*

2.    What amount would fairly compensate Lamson and Goodnow for those funds Dunn put to his own use without the right to do so?

$_____

## COUNTERCLAIMS FOR BREACH OF FIDUCIARY DUTY

1.    Did Lamson and Goodnow prove by a preponderance of the credible evidence that Dunn breached the fiduciary duties owed by him?

Yes_____          No_____

**STOP.** *Go to Question 2 only if you have answered "yes" to Question 1 above; if you answered "no" to Question 1, then you should go on to the next Count.*

2.    Did Lamson and Goodnow prove by a preponderance of the credible evidence that Dunn's breach caused Lamson and Goodnow damage or detriment?

Yes_____          No_____

**STOP.** *Go to Question 3 only if you have answered "yes" to Question 2 above; if you answered "no" to Question 2, then go on to Question 4.*

3.    What amount would fairly compensate Lamson and Goodnow for its damage or detriment?

$_____

**GO ON** to Question 4.

4.    Did Anderson prove by a preponderance of the credible evidence that Dunn breached the fiduciary duties owed by him?

Yes_____          No_____

**STOP.** *Go to Question 5 only if you have answered "yes" to Question 4 above; if you answered "no" to Question 4, then you should go on to the next Count.*

5.    Did Anderson prove by a preponderance of the credible evidence that Dunn's breach caused Anderson damage or detriment?

Yes_____          No_____

**STOP.** *Go to Question 6 only if you have answered "yes" to Question 5 above; if you answered "no" to Question 5, then you should go on to the next Count.*

6.    What amount would fairly compensate Anderson for its damage or detriment?

$_____

## COUNTERCLAIM FOR ABUSE OF PROCESS

1.    Did Lamson and Goodnow and Anderson prove by a preponderance of the credible evidence that legal process in this action was used to accomplish an ulterior purpose for which the process was not intended, or that was not a legitimate purpose?

Yes_____    No_____

**STOP.**  *Go to Question 2 only if you have answered "yes" to Question 1 above; if you answered "no" to Question 1, then you should go on to the next Count.*

2.    Did Lamson and Goodnow prove by a preponderance of the credible evidence that Dunn's abuse of process caused Lamson and Goodnow damage or detriment?

Yes_____    No_____

**STOP.**  *Go to Question 3 only if you have answered "yes" to Question 2 above; if you answered "no" to Question 2, then go on to Question 4.*

3.    What amount would fairly compensate Lamson and Goodnow for its damage or detriment?

$_____

**GO ON** to Question 4.

4.    Did Lamson and Goodnow and Anderson prove by a preponderance of the credible evidence that Dunn's abuse of process caused Anderson damage or detriment?

Yes_____    No_____

**STOP.**  *Go to Question 5 only if you have answered "yes" to Question 4 above; if you answered "no" to Question 4, then you should go on to the next Count.*

5.    What amount would fairly compensate Anderson for its damage or detriment?

$_____

## COUNTERCLAIM VIOLATION OF G.L. c. 93A

1.    Did Lamson and Goodnow and Anderson prove by a preponderance of the credible evidence that Dunn committed an unfair act or practice in the conduct of trade or commerce?

Yes_____    No_____

**STOP.**  *Go to Question 2 only if you have answered "yes" to Question 1 above; if you answered "no" to Question 1, then you should go on to the next Count.*

2.    Did Lamson and Goodnow and Anderson prove by a preponderance of the credible evidence that Dunn's unfair act or practice was willful?  (You must answer "yes" if you answered "yes" to Question 1 regarding the Counterclaim for Abuse of Process.)

Yes_____    No_____

**STOP.**  *Go to Question 3 only if you have answered "yes" to Question 2 above; if you answered "no" to Question 2, then you should go on to the next Count.*

3.    Did Lamson and Goodnow and Dunn prove by a preponderance of the credible evidence that Dunn's unfair act or practice caused them damage or detriment?

Yes_____    No_____

**STOP.**  *Go to Question 4 only if you have answered "yes" to Question 3 above; if you answered "no" to Question 3, then go on to Question 5.*

4.    What amount would fairly compensate Lamson and Goodnow and Dunn for their damage or detriment?

$_____

**GO ON** to Question 5.

5.    Did Lamson and Goodnow and Anderson prove by a preponderance of the credible evidence that Spiritual Trees committed an unfair act or practice in the conduct of trade or commerce?

Yes_____    No_____

**STOP.**  *Go to Question 6 only if you have answered "yes" to Question 5 above; if you answered "no" to Question 5, then you should go on to the next Count.*

6.      Did Lamson and Goodnow and Anderson prove by a preponderance of the credible evidence that Spiritual Trees's unfair act or practice was willful?

Yes_____          No_____

**STOP.**  *Go to Question 7 only if you have answered "yes" to Question 6 above; if you answered "no" to Question 6, then go on to Question 8.*

7.      Did Lamson and Goodnow and Dunn prove by a preponderance of the credible evidence that Spiritual Trees's unfair act or practice caused them damage or detriment?

Yes_____          No_____

**STOP.**  *Go to Question 8 only if you have answered "yes" to Question 7 above; if you answered "no" to Question 7, then you should go on to the next Count.*

8.      What amount would fairly compensate Lamson and Goodnow and Spiritual Trees for their damage or detriment?

$_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30102-KPN

SPIRITUAL TREES d/b/a TREE SPIRIT    )
and DAVID V. DUNN,                   )
    Plaintiffs                   )
                                     )
vs.                                  )
                                     )
LAMSON AND GOODNOW                   )
MANUFACTURING COMPANY and            )
J. ROSS ANDERSON, JR.,               )
    Defendants                   )

## PLAINTIFFS' PROPOSED SPECIAL QUESTIONS

### COUNT I
### BREACH OF CONTRACT

1.    Did the plaintiffs prove by a preponderance of the evidence that a binding written contract existed between Spiritual Trees and Lamson and Goodnow known as the Asset Purchase Agreement?  (hereinafter, the "contract").

    YES _____        NO _____

    **STOP.**  Go to Question 2 <u>only</u> if you have answered "yes" to Question 1 above; if you answered "no" tso Question 1, then you should go to the next Count.

2.    Did the plaintiff prove by a preponderance of the evidence that Spiritual Trees performed fully under the terms of the contract or that it was excused from performance?

    YES _____        NO _____

    **STOP.**  Go to Question 3 <u>only</u> if you have answered "yes" to Question 2 above; if you answered "no" to Question 2, then you should go to the next Count.

3.    Did the Plaintiffs prove by a preponderance of the evidence that Lamson and Goodnow breached the contract by failing to pay Spiritual Trees the commissions due under the contract"?

    YES _____        NO _____

    **STOP.**  Go to Question 4 <u>only</u> if you have answered "yes" to Question 3 above; if you answered "no" to Question 3, then you should go to the next Count.

415954

4.  What amount of money would fairly and reasonably compensate the plaintiff, Spiritual Trees, for its damages? In determining this amount of damages, you must decide whether the commissions owed under the terms of the contract were to be calculated only for items sold from inventory purchased by Lamson and Goodnow from Spiritual Trees for the timeframe defined in the contract, or was to be calculated based upon the entire Spiritual Tree product line sold during the timeframe defined under the contract.

$ _____

## COUNT II
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1.      Did the plaintiffs prove by a preponderance of the evidence that the defendant, J. Ross Anderson, terminated David Dunn for the purpose of denying him his earned bonus?

   YES _____        NO _____

   **STOP.**  Go to Question 2 <u>only</u> if you have answered "yes" to Question 1 above; if you answered "no" to Question 1, then you should go to the next Count.

2.      What amount would fairly compensate David Dunn for his damages with respect to the breach of the implied covenant of good faith and fair dealing?

   $ _____

415954

## COUNT III
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

1.  Did the plaintiffs prove by a preponderance of the evidence that Spiritual Trees had a binding contract with Lamson and Goodnow? (hereinafter the "contract")

    YES _____          NO _____

    **STOP.** Go to Question 2 <u>only</u> if you have answered "yes" to Question 1 above; if you answered "no" to Question 1, then you should go to the next Count.

2.  Did the plaintiff prove by a preponderance of the evidence that J. Ross Anderson knew about the contract and intentionally induced or persuaded Lamson and Goodnow not to perform its obligations thereunder?

    YES _____          NO _____

    **STOP.** Go to Question 3 <u>only</u> if you have answered "yes" to Question 2 above; if you answered "no" to Question 2, then you should go to the next Count.

3.  Did the plaintiff prove by a preponderance of the evidence that J. Ross Anderson's interference with Lamson and Goodnow's performance of its obligations under the contract was improper in motive or in means and that the plaintiff was harmed by such actions?

    YES _____          NO _____

    **STOP.** Go to Question 4 <u>only</u> if you have answered "yes" to Question 3 above; if you answered "no" to Question 3, then you should go to the next Count.

4.  What amount would fairly compensate the plaintiff, Spiritual Trees for its damages?

    $ _____

## COUNT IV
## ASSAULT AND BATTERY

1.  Did the plaintiffs prove by a preponderance of the evidence that J. Ross Anderson intentionally and without justification touched the plaintiff, David Dunn?

    YES _____        NO _____

    **STOP.** Go to Question 2 <u>only</u> if you have answered "yes" to Question 1 above; if you answered "no" to Question 1, then you should go to the next Count.

2.  What amount would fairly compensate David Dunn for the damages caused as a result of the assault and battery?

    $ _____

415954

## COUNT V
## FALSE IMPRISONMENT

1.  Did the plaintiff prove by a preponderance of the evidence that the defendant, J. Ross Anderson, intentionally and unlawfully confined the defendant and that David Dunn was aware of or harmed by such confinement?

    YES _____          NO _____

    **STOP.** Go to Question 2 <u>only</u> if you have answered "yes" to Question 1 above; if you answered "no" to Question 1, then you should go to the next Count.

2.  What amount would fairly compensate David Dunn for his damages caused by the false imprisonment?

    $ _____

415954

### COUNT VI
### DEFAMATION

1.    Did the plaintiffs prove by a preponderance of the evidence that the defendant, J. Ross Anderson individually or through his agent, Kurt Zanner, published a defamatory statement(s) of and concerning the plaintiff, David Dunn?

        YES _____          NO _____

        **STOP.** Go to Question 2 only if you have answered "yes" to Question 1 above; if you answered "no" to Question 1, then you should go to the next Count.

2.    Did the plaintiffs prove by a preponderance of the evidence that the defendant or his agent, Kurt Zanner: a) knew that the statement or statements were false and that it(they) defamed the plaintiff; or b) acted in reckless disregard of these matters; or c) acted negligently in failing to ascertain whether the statement or statements were true, false or defamatory before publishing it (them)?

        YES _____          NO _____

        **STOP.** Go to Question 3 only if you have answered "yes" to Question 2 above; if you answered "no" to Question 2, then you should go to the next Count.

3.    Did the plaintiffs prove by a preponderance of the evidence that David Dunn suffered injury as a result of the publication in question?

        **STOP.** Go to Question 4 only if you have answered "yes" to Question 3 above; if you answered "no" to Question 3, then you should go to the next Count.

4.    What amount would fairly compensate David Dunn for his damages as a result of the defamation?

        $ _____

                    THE PLAINTIFFS,
                    SPIRITUAL TREES d/b/a TREE SPIRIT
                    and DAVID V. DUNN

                    By _Patricia M. Rapinchuk_
                    Patricia M. Rapinchuk, Esq., of
                    Robinson Donovan, P.C.
                    1500 Main Street, Suite 1600
                    Springfield, Massachusetts 01115
                    Phone (413) 732-2301  Fax (413) 785-4658
                    BBO No.: 556149

415954

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.  04-30102-KPN

| | | |
|---|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN<br>Plaintiffs | )<br>)<br>) | |
| | ) | DEFENDANTS' OBJECTIONS TO |
| v. | ) | PLAINTIFFS' PROPOSED JURY |
| | ) | INSTRUCTIONS AND PROPOSED |
| LAMSON AND GOODNOW | ) | SPECIAL VERDICT QUESTIONS |
| MANUFACTURING COMPANY and | ) | |
| J. ROSS ANDERSON, JR. | ) | |
| Defendants | ) | |

Defendants and Plaintiffs-in-Counterclaim Lamson and Goodnow Manufacturing

Company (Lamson and Goodnow") and J. Ross Anderson, Jr. ("Anderson") object to Plaintiff's

Proposed Jury Instructions and Proposed Special Verdict Question as follows:

Proposed Jury Instructions

Count I – Breach of Contract

Defendants' object to plaintiffs' proposed instructions as incomplete in that instructions

regarding waiver are necessary and proper.  Defendants propose the additional instructions

attached hereto as Exhibit A.  Further, defendants object to the inclusion of instructions

regarding offer, acceptance, and consideration as superfluous and unnecessary and therefore

potentially confusing to the extent the parties stipulate to the existence of the Asset Purchase

Agreement as a contract.

Count III – Tortious Interference With Contractual Relationship

Defendants object to plaintiffs' proposed instructions III. a. – e. as they fail to fully

include the applicable law with respect to the alleged liability of defendant Anderson, a corporate

officer of Lamson and Goodnow, for alleged interference with a contract between Lampson and

Goodnow and Spiritual Trees.  See e.g., *Portnoy v. 440 Financial Group of Worcester, Inc.*, 938

F.Supp. 91 (D. Mass. 1996). Defendants propose the additional instruction attached hereto as Exhibit B.

Defendants object to plaintiffs' proposed instruction III. f. as potentially confusing by inclusion of the term "profits." Defendants propose substituting the term "commissions."

## Count IV – Defamation

Defendants object to plaintiffs' proposed instruction VI. a. as potentially confusing in that it fails to identify which plaintiff has brought a claim for defamation against which defendant. Defendants propose as an alternative that the instruction begin "Plaintiff David Dunn has brought a claim against defendant Ross Anderson …"

Defendants object to plaintiffs' proposed instruction IV. B. as it incorrectly states that an individual defendant may be liable for defamatory statements made by an agent. This is not the law. See *Refuse v. Env. Systems v. Indus. Services of America*, 932 F.2d 37, 40 (1st Cir. 1991) ("[I]n order for a defendant to be found individually liable for slander, the defendant must have personally made a slanderous statement about the plaintiff.") Defendants propose striking the phrases "or through his agent" and "or his agent".

## Proposed Special Questions

### Count I – Questions 3 and 4

Defendants objects to Proposed Question No. 3 under Count I in that the phrase "**the commissions due** under the contract" (emphasis added) unfairly and improperly implies that commissions are due under the contract, which is an issue to be resolved at trial. Defendants propose the following alternative:

> "3.    Did the Plaintiff prove by a preponderance of the credible evidence that Lamson and Goodnow breached the contract by failing to pay Spiritual Trees commissions?"

#316403

Similarly, defendants object to Proposed Question No. 4 under Count I because it refers to "the commissions owed under the terms of the contract". Further, the proposed question improperly seeks to instruct the jury with respect to damages, a matter properly dealt with its jury instructions. Defendants propose the following alternative:

4.     "What amount of money would fairly and reasonably compensate the plaintiff, Spiritual Trees, for its damages?

$_____."

## Count II – Question 1

Defendants object to Proposed Question 1 under Count II because it incorrectly and improperly incorporates the phrase "the defendant, J. Ross Anderson [sic], terminated David Dunn ..." Plaintiff's claim for breach of the implied covenant of good faith and fair dealing arises out of his employment contract, which is with defendant Lamson and Goodnow only.

Defendants further object to incorporation in this proposed question of the phrase "his earned bonus," which presumes facts at issue in the case.

Defendants propose the following alternative:

"1.     Did the plaintiffs prove by a preponderance of the credible evidence that the defendant Lamson and Goodnow terminated David Dunn for the purpose of denying him a bonus that Lamson and Goodnow was otherwise obligated to pay?"

## Count III

Defendants object the Proposed Question No. 3 under Count III because it omits reference to the requirement that plaintiff must prove actual malice on the part of defendant Anderson, and because it combines the issue of improper motive with the issue of damages so as to be potentially confusing.

Defendants propose the following alternative questions, with plaintiffs' Proposed Question No. 4 being re-numbered as No. 5:

"3.    Did the plaintiff prove by a preponderance of the evidence that J. Ross Anderson's interference with Lamson and Goodnow's performance of its obligations under the contract was done with malice that is a spiteful, malignant purpose unrelated to any legitimate corporate interest?

STOP.  Go to Question 4 only if you have answered "yes" to Question 3 above. If you answered "no" to Question 3, then you should go to the next Count.

4.    Did the plaintiff prove by a preponderance of the credible evidence that it was harmed by Anderson's interference?"

Count IV – Question 1

Defendants object to the proposed question as it incorrectly and improperly implies that assault and/or battery requires only a showing that defendant Anderson "intentionally and without justification touched the plaintiff, David Dunn." This is an incomplete statement of the law, as plaintiffs' Proposed Jury Instructions acknowledge.

Defendants propose the following alternative:

"1.    Did the plaintiffs prove by a preponderance of the evidence that J. Ross Anderson committed an assault and battery on the plaintiff, David Dunn?"

Dated:  December 23, 2005

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on December 23, 2005.

Kevin C. Maynard

Defendants
LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.
By Their Attorneys:

Kevin C. Maynard
    BBO No. 550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.: (413) 272-6244
Fax: (413) 272-6804

# EXHIBIT A

Breach of Contract - Defenses

A refusal or failure to perform may not be a breach of contract where there is a legal reason not to perform.  Legal reasons are called "defenses."  I will explain several defenses to you shortly.  The defendant has the burden of proving to you that it has a legal reason or defense for its nonperformance.[1]

Breach of Contract - Waiver

A party cannot sue for breach of contract where he has waived the breach.[2]  Waiver means the intentional relinquishment of a known right.  If the plaintiff intentionally gave up his right to require performance, then the plaintiff waived the breach and cannot maintain an action for breach of contract.

Where a party has unconditionally accepted the benefit of a contract in lieu of demanding substitute performance, he cannot later seek additional performance or claim that there has been a breach of contract.  A party may be prevented by his own acts from claiming a right to the detriment of the other party when that other party was entitled to rely on, and did rely on, that conduct.[3]

---

[1] *Beaudoin v. Lenza*, 338 Mass. 798, 156 N.E.2d 682 (1959); *Realty Developing Co. v. Wakefield Ready-Mixed Concrete Co.*, 327 Mass. 535, 537, 100 N.E. 28, 30 (1951); *Eliot Descourt Corp. v. Dame*, 19 Mass.App.Ct. 280, 285, 473 N.E.2d 711, 715, *further app. Rev. denied*, 394 Mass. 1103, 477 N.E.2d 595 (1985).

[2] *Steranko v. Inforex, Inc.*, 5 Mass.App.Ct. 253, 263, 362 N.E.2d 222, 230 (1977).  *See Minot v. Minot*, 319 Mass. 253, 269, 66 N.E.2d 5, 15 (1946) (holding that plaintiff could still bring action for breach of contract where plaintiff did not waive breach); *Russo v. Charles I. Hosmer, Inc.*, 312 Mass. 231, 234, 44 N.E.2d 641, 643-44 (1942) (holding that plaintiff did not waive breach where it did not know that a breach had occurred); U.S. v. Mangone, 105 F3d 29, 35 (1st Cir. 1997), *cert. denied*, 520 U.S. 1258 (1997).

[3] *See Cueroni v. Coburnville Garage*, 315 Mass. 135, 139, 52 N.E.2d 16, 18-19 (1943).

**EXHIBIT B**

<u>Tortious Interference – Actual Malice</u>

In order to prove that a corporate officer such as defendant Anderson interfered with a contract between Lamson and Goodnow and Spiritual Trees, the plaintiffs must show that Anderson acted with actual and not merely implied, malice towards them.  That is, the plaintiffs must prove that Anderson acted with a spiteful, malignant purpose, unrelated to any legitimate corporate interest.

*Portnoy v. 440 Financial Group of Worcester, Inc.*, 938 F. Supp. 91, 94 (D. Mass. 1996) and cases cited therein.

#316403