UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.: 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN<br>    Plaintiffs | )<br>)<br>)<br>) |
| vs. | )<br>) |
| LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.<br>    Defendants | )<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF ELECTRONIC VERSION OF EMAIL DOCUMENTS**

NOW COME the Plaintiffs, Spiritual Trees d/b/a Tree Spirit ("Tree Spirit") and David V. Dunn ("Dunn"), and hereby oppose the Defendants' Motion to Compel Production of Electronic Version of Email Documents.

**BACKGROUND**

This case arises from a contract pursuant to which Lamson and Goodnow ("Lamson") purchased certain assets from Spiritual Trees, Inc. d/b/a Tree Spirit ("Tree Spirit"). One term of the contract provided that Lamson would pay Tree Spirit commissions on certain product lines purchased from Tree Spirit. Lamson's obligation to pay those commissions is a central dispute in this case.

**A.**  **The Email**

On December 22, 2004, in response to a Request for Production of Documents, the Plaintiffs produced copies of an email sent by Dunn to defendant, J. Ross Anderson, Jr. ("Anderson"), on April 17, 2002. (See copies of email, attached as Exhibit 1). The email contained attachments, which were reports showing the sales of Tree Spirit products on which

417146

Dunn contends commission payments are due. A 799 page report was also produced to the Defendants at the same time that the email was produced.

The Defendants first deposed Dunn on April 26, 2005. The Defendants' counsel questioned Dunn extensively on the email, and also questioned Dunn about where the email was currently stored. He also questioned Dunn about the various systems that Dunn had used since the time that the email was originally created and sent. (David Dunn's Deposition of April 26, 2005, attached as Exhibit 2, pp. 166-173). Dunn's deposition was continued on May 16, 2005.

Non-expert discovery in this matter closed on July 29, 2005. The Defendants took no steps during the discovery period to request production of an electronic version of the email in question, even though they were in possession of the email and the attachments for over seven months. In addition, the Defendants had exclusive control over their own computer system, through which the email was sent and, on information and belief, received.

**B.** **The Invoices**

In their Automatic Disclosure and in their December 22, 2004 Response to Request for Production of Documents, the Plaintiffs produced copies of two invoices which Dunn had created shortly after the sale of Tree Spirit to Lamson, evidencing commission payments due for the first two months pursuant to the contract. Dunn testified in his first day of deposition in April, 2005, that these invoices had been submitted to Lamson's Accounts Payable for processing, but that they were subsequently removed from the books because Dunn agreed to defer the payment of the commissions pending an alternative arrangement from Anderson. (See Exhibit 2, pp. 159-160). Dunn has testified that the "alternative arrangement" was a minority ownership interest in Lamson. (See Exhibit 2, pp. 107-109). Dunn also testified in his April deposition that voucher numbers had been assigned to the invoices and that he had the voucher numbers. (See Exhibit 2, pp. 156-158). Dunn testified about the voucher numbers again in his

second deposition on May 16, 2005. He testified that any invoice entered into Lamson's system would automatically be assigned a voucher number by the system and that, if the invoices were voided or purged, the voucher numbers would likely have been removed from the system. He reiterated that he had the voucher numbers from when the transactions were recorded. (David Dunn's deposition of May 16, 2005, attached as Exhibit 3, pp. 11-12). At that time, neither Dunn nor his counsel knew that Lamson would deny that the invoices had ever been presented. The Defendants never requested copies of the voucher numbers in writing.

Dunn later retrieved copies of the two invoices bearing handwritten voucher numbers from a Tree Spirit file in his home. He has testified that he believes he obtained the voucher numbers from Sue Atherton or Cathy Roberts, both of whom worked for Lamson. (See Exhibit 2, p. 157; Exhibit 3, pp. 38-39; and David Dunn's deposition of October 31, 2005, attached as Exhibit 4, p.36). On August 29, 2005, the Plaintiffs produced those documents to the Defendants. By a letter enclosing the invoices, Plaintiffs' counsel requested a listing of the sequence of the voucher numbers before and after the numbers on the invoices, and also requested detail on the items corresponding to those numbers. (See letter of August 29, 2005, attached as Exhibit 5). On October 25, 2005, having received no response, Plaintiffs' counsel again requested the information. (See letter of October 25, 2005, attached as Exhibit 6).

On October 31, 2005, the Defendants deposed Dunn for the third time. This deposition was conducted after the close of discovery, and with the consent of the Plaintiffs, for the sole purpose of questioning Dunn on documents, including the invoices, that had been produced in August, 2005. Dunn testified further about the invoices and the voucher numbers in that deposition. (See Exhibit 4, pp. 28-35).

417146

On October 31, 2005, after completing Dunn's third day of deposition, the Defendants' finally produced, among other things, printouts from Lamson's Payables' Tables referencing the requested voucher numbers. (See letter of October 31, 2005, attached as Exhibit 7).

On November 9, 2005, Plaintiffs' counsel requested further documentation on the voucher numbers, and also requested permission to depose Anthony Ostrowski or someone else at Lamson with knowledge of Lamson's computer system. (See letter of November 9, 2005, attached as Exhibit 8). In response, on December 1, 2005, Defendants produced copies of various documents from Lamson's system, one showing the voucher numbers in question missing, and others showing those voucher numbers assigned to other invoices. (See letter of December 1, 2005, attached as Exhibit 9). The Defendants denied the Plaintiffs' request to depose Anthony Ostrowski or another Lamson representative. The Defendants now claim that these reports, which were pursued by the Plaintiffs, have led them to believe that the Plaintiffs have manufactured evidence. The Plaintiffs do not have access to Lamson's systems and are unable to verify or question the reports reportedly showing the voucher numbers assigned to different invoices.

## ARGUMENT

The Defendants' Motion to Compel is untimely, made on the eve of trial, and contains within it a request for the addition of an expert witness long after the close of the time set by the court for the disclosure of expert witnesses. Allowance of the Motion at this late date will cause extreme prejudice to the Plaintiffs.

A trial judge has broad discretion in ruling on pre-trial management matters. In *Ayala-Gerena v. Bristol Myers-Squibb Co*., 95 F.3d 86, 94 (1st Cir. 1996), the First Circuit confirmed the district court's denial of an untimely Motion to Compel, finding that the moving party's

417146

allegations that the opposing party was "hiding" information was irrelevant. In the present case, the Defendants' Motion is not only untimely, but has been made on the eve of trial. The Defendants have had the email and the report in question for over a year. In addition, the Defendants have had the benefit of Dunn's testimony regarding the email and the report, as well as testimony regarding how the email was stored and sent, since Dunn's deposition in April of 2005. Anderson is claiming that he never received the email, or the attachment. This information was presumably known by the Defendants since the email was produced in December, 2004. It was certainly known by the time of Anderson's deposition on June 10, 2005, in which he testified that he never received the email. The Defendants had all of the information that they needed to request inspection of an electronic version of the email during the discovery period, but took no steps to make such a request during that time. The Defendants' Motion, filed approximately five weeks before trial is scheduled to begin, is untimely and should be denied. See *Modern Continental/Obayashi v. Occupational Safety & Health Review Commission*, 196 F.3d 274 (1st Cir. 1999).

The Defendants' argument about the voucher numbers does not support their Motion to Compel production of an electronic version of the email. The disputes over the voucher numbers are entirely unrelated to the email and the attached report. In addition, any suspicions that the Defendants purportedly have regarding the voucher numbers appearing on the invoices are belied by the course of events during this litigation. First, Dunn testified about the voucher numbers in his deposition in April, 2005 and stated at that time that he had the voucher numbers. He reiterated this statement in his deposition testimony in May, 2005. The Defendants never made a written request for the voucher numbers. Although Dunn located the invoices with the voucher numbers after the close of non-expert discovery, those documents were produced to the

Defendants despite their lack of a written request for them. Subsequently, the Plaintiffs agreed to allow the Defendants to depose Dunn again regarding those documents and others that had also been produced in August, 2005. There has never been any attempt to hide the information from the Defendants.

Once the voucher numbers were located and identified, the <u>Plaintiffs</u> pursued the issue with the Defendants, who had exclusive access to their own computer system. It defies logic that a party who had "manufactured evidence" would then seek the very information from the opposing party that would contradict this evidence. Interestingly, the Defendants finally produced the requested documents on the very day of Dunn's deposition, but not until after the deposition had been concluded, denying Dunn the opportunity to review the documents beforehand.

Because the Plaintiffs do not have access the Defendants' computer system, and because the Defendants have denied them the opportunity to depose a Lamson representative with knowledge of the system in order to question the voucher number documents, the Plaintiffs are unable to explain why those documents show that the voucher numbers were assigned to different invoices. This does not, however, support a "reasonable suspicion" that the Plaintiffs manufactured evidence. The trier of fact will have the opportunity to draw a conclusion on the issue of the voucher numbers based on the evidence set forth at trial. The Defendants should not be allowed to use this dispute to obtain late discovery of a completely unrelated issue.

Allowance of the Defendants' Motion to Compel at this late stage will cause severe prejudice to the Plaintiffs. The trial in this matter is scheduled to begin in less than three weeks. The Defendants' request to view the electronic versions of the documents produced carries with it the anticipated addition of an expert witness not previously identified. For this reason alone,

417146

the Motion should be denied. If the Motion is allowed, however, the Plaintiffs should be allowed sufficient time in which to depose the newly designated witness, and also to designate an expert witness of their own on the issue of the veracity of the email. The Defendants anticipate that this will be extremely difficult, if not impossible, to accomplish before the start of trial.

In summary, the Defendants have known about the existence of the email and the attachment for nearly a year, and have had more than sufficient time to retain an expert and to seek review of the electronic version of that email. The reasons set forth by the Defendants for their request on the eve of trial are insufficient and do not support their alleged suspicions. The Plaintiffs respectfully request this Court to deny the motion.

>THE PLAINTIFFS/
>DEFENDANTS-IN-COUNTERCLAIM
>SPIRITUAL TREES d/b/a TREE SPIRIT
>and DAVID V. DUNN
>
>By     /s/ Patricia M. Rapinchuk
>Patricia M. Rapinchuk, Esq., of
>Robinson Donovan, P.C.
>1500 Main Street, Suite 1600
>Springfield, Massachusetts 01115
>Tel. (413) 732-2301; Fax (413) 785-4658
>prapinchuk@robinson-donovan.com
>BBO No.: 556149

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 4, 2006.

>    /s/ Patricia M. Rapinchuk
>Patricia M. Rapinchuk

417146