VOLUME II - 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 3:04-CV-30102-KPN
Pages 1-171
Pages 132-162 Extrapolated

SPIRITUAL TREES d/b/a TREE
SPIRIT and DAVID V. DUNN



vs.

LAMSON AND GOODNOW MANUFACTURING
COMPANY and J. ROSS ANDERSON, JR.

---

**DEPOSITION OF: DAVID V. DUNN**

---

Taken before Joanne Coyle, Certified
Shorthand Reporter, Notary Public, pursuant
to the Federal Rules of Civil Procedure, at
the offices of Bulkley, Richardson and
Gelinas, LLP, 1500 Main Street, Springfield,
Massachusetts on MAY 16, 2005, commencing at
10:10 a.m.

Joanne Coyle
Certified Shorthand Reporter
License No. 106693

**PERLIK and COYLE REPORTING**
Certified Professional Reporters

1331 Main Street
Springfield, MA 01103
Tel. (413) 731-7931      Fax (413) 731-7451

**PERLIK and COYLE REPORTING**

1  commissions invoices that you issued to Lamson and
2  Goodnow in I believe May and June or thereabouts,
3  the year 2000. Do you recall that?
4      A.  I believe they were April, May, and
5  June.
6      Q.  Let me pull those out. In fact, they
7  are Exhibit 18 to your deposition, right?
8  (Indicating.)
9      A.  Yes; as marked.
10     Q.  Do you recall testifying that at least
11 with respect to the first two invoices -- those
12 dated April 16 and May 9, 2000 -- that there were
13 vouchers issued with respect to those invoices?
14     A.  There were vouchers that were processed
15 in the accounts payable system of Lamson and
16 Goodnow; yes.
17     Q.  And you said you knew that, because you
18 had the voucher numbers?
19     A.  Yes; that is correct.
20     Q.  Tell me what voucher numbers are, first
21 of all?
22     A.  Voucher numbers are the system's primary
23 reference to these commission invoices so in the
24 computer system, if these were not purged, these

1  invoices would be recorded in Lamson and Goodnow's
2  computer system.
3      Q.  When you say if these were not purged,
4  what do you mean by not purged?
5      A.  If, when they were removed -- there's
6  two ways that you can remove a document in the
7  computer system of Lamson and Goodnow.  You can
8  void it or you can purge the document and delete
9  it.
10         I do not know which one they did, but I
11 have the voucher numbers from when the
12 transactions were recorded.
13     Q.  In your prior deposition testimony and
14 in your Answers to Interrogatories, you talk of
15 the invoices having been voided.  Do you recall
16 that?
17     A.  If I used the word voided, then it could
18 imply either situation.
19     Q.  That is, you don't know whether they
20 were voided or purged but you believe it was one
21 or the other?
22     A.  That's correct.
23     Q.  If they were voided, would there remain
24 some indication in the system that the invoices

1   A.   That is a handheld.
2   Q.   How about in April of 2000?  Did you use
3   each of these computers from time to time?
4   A.   No; I only had, I believe, three of
5   those at that time.
6   Q.   Which three?
7   A.   The desktop Gateway, the laptop and the
8   Casio.
9   Q.   Which laptop?  The Toshiba?
10  A.   Yes.
11  Q.   When did you first use the Dell laptop
12  that was Lamson's?
13  A.   I believe that was purchased by Lamson
14  in 2002 because it's a Pentium IV, I believe.  I'm
15  not sure.
16  Q.   On a number of occasions -- I'm still
17  looking within paragraph J -- on a number of
18  occasions you use the phrase on "further
19  information and belief"?
20  A.   Mmm-hmm.
21  Q.   What does that mean in context of these
22  interrogatory answers?
23  A.   Well, I don't specifically have notes
24  that I gave that invoice to Kathy Roberts.  I

1  believe that I did or gave it to Sue Atherton but
2  I certainly gave it to one of the two of them.
3       Q.   You know that from your own
4  recollection?
5       A.   I know that from the process that I
6  would have done at that time; yes.
7       Q.   I understand you recall the process that
8  you used at the time but in this instance, for
9  example, do you have a recollection of having
10 followed that process?
11      A.   I do not have a specific recollection.
12      Q.   In general, where you use the phrase "on
13 further information and belief," are you able to
14 characterize generally what that means?
15      A.   I believe I'll have to look at each
16 situation specifically.
17      Q.   If you look at paragraph P --
18 subparagraph P on page seven, please.
19           This describes, does it not, a further
20 conversation between you and Mr. Anderson
21 regarding waiver of commissions and late fees
22 under conditions under which you were willing to
23 do so?
24      A.   That is correct.