

**BULKLEY, RICHARDSON AND GELINAS, LLP**

LAW OFFICES
1500 MAIN STREET, SUITE 2700
POST OFFICE BOX 15507
SPRINGFIELD, MA 01115-5507

TEL: (413) 781-2820
FAX: (413) 272-6804

KEVIN C. MAYNARD
DIRECT DIAL (413) 272-6244
KMAYNARD@BULKLEY.COM

October 31, 2005

**BY HAND**

Patricia M. Rapinchuk, Esq.
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
P.O. Box 15609
Springfield, MA 01115-5609

Re:  Spiritual Trees, d/b/a Tree Spirit and David V. Dunn vs.
     Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr.
     Civil Action No. 04-30102-KPN

Dear Pat:

    I write in response to your letter dated October 25, 2005, which I received by hand on October 26. By that letter you have requested the production of certain documents. I will address your requests using the item numbers you did.

    1.    Enclosed is a copy of the CD of Microsoft Outlook items left on Lamson & Goodnow's system by Mr. Dunn;

    2-3.    The statements that Mr. Anderson referred to in his deposition testimony, and any others in Lamson & Goodnow's or our possession, custody or control, are protected by the work product doctrine and precluded from discovery pursuant to Fed. R. Civ. P. 26(b)(3). Each of the statements, described below, was obtained upon the instruction of or was the result of a specific request by counsel and, in any event, was prepared in anticipation of litigation. Having had the opportunity to depose each of the individuals, plaintiffs cannot make the showing required by the rule in order to compel disclosure. The documents are:

        a. unsigned, undated typewritten one-page statement of Marcia Tetreault titled "My account of what I heard and saw on Monday, March 29, 2004;"

        b. unsigned, undated typewritten one-page statement of Marcia Tetreault titled "Other events and statements concerning David Dunn;"

        c. unsigned, undated two-page typewritten document titled "3/29/04 David Dunn Notes from Ross Anderson;"

BULKLEY, RICHARDSON AND GELINAS, LLP

Patricia M. Rapinchuk, Esq.
October 31, 2005
Page 2

        d. unsigned, undated, untitled one-page typewritten statement of Anthony Ostroski;
        e. unsigned, undated one-page typewritten statement of Brian Koshinsky, on Lamson & Goodnow letterhead and addressed "To whom it may concern;"

4. A copy of Mr. Anderson's 2000 pocket calendar is enclosed. Some of the entries in the calendar were made in pencil or otherwise do not photocopy well; I will make the original available for inspection upon your request.

5. I looked through Mr. Zanner's deposition transcript, and did not find any reference to a third-party debt/sale agreement. Please point me to the testimony you refer to. In any event, Lamson & Goodnow has no documents responsive to this request.

6. Copies of the requested Tree Spirit invoices are enclosed.

7. Enclosed (and marked "Confidential") are documents evidencing bonus payments to Messrs. Zanner, Dunn and Anderson, and others, from 2000 to the present.

8. Enclosed (and marked "Confidential") are Lamson & Goodnow financial statements, which indicate pre-tax earnings, for the years 2000 through 2004.

9. Enclosed are copies of printouts from Lamson & Goodnow's payable tables, which indicate, among other things, that Voucher ID No. 03869 was assigned to an invoice in the amount of $91.84, and that Voucher ID No. 04171 was assigned to invoices totaling $908.08. These tables also list the sequence of voucher numbers before and after the numbers Mr. Dunn has provided, as you requested.

Very truly yours,

Kevin C. Maynard

KCM/cmc
Encls.

cc: J. Ross Anderson, Jr. (w/o encls.)