

**Patricia M. Rapinchuk, Esq.**  prapinchuk@robinson-donovan.com

November 9, 2005

HAND DELIVER

Kevin C. Maynard, Esq.
Bulkley Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115

> RE: Spiritual Trees d/b/a Tree Spirit and David V. Dunn
> vs. Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr.
> United States District Court
> Civil Action No.: 3:04-CV-30102-KPN

Dear Kevin:

I write in response to your letters dated November 2, 2005 and November 3, 2005, and also to address issues raised by the documents which you produced after David Dunn's deposition on October 31, 2005. The payables documents which were produced raise more questions than they answer. As you are undoubtedly aware, in the first page of the two sets of documents, entitled "PAYABLE_DIST: Table", which I attach for purposes of clarity, the two voucher ID numbers identified by David Dunn do not appear in the sequence. The posting dates for the voucher ID numbers before and after the missing voucher ID number are consistent with the invoice dates produced by Mr. Dunn. Although the additional tables include the missing voucher numbers, there is no information on those tables indicating when those voucher numbers were assigned, to whom they were assigned, or any other identifying information. Mr. Dunn informs me that there should be a master table, possibly called a "Master Payable Table" or "Payable Table," and that the documents which you produced are sub-tables of that master table. It appears from the documents that you produced to us that the original voucher ID numbers assigned to the Tree Spirit invoices were deleted and reassigned to other invoices at a later date. By this letter, I am requesting that you produce the master tables for the voucher ID numbers in question, which should include information such as invoice date, invoice number, amount of invoice, the person who entered the invoice, and the vendor IDs. Also, please provide us with detail information on

413319

November 9, 2005
Page 2

the tables which listed the voucher numbers in question, including the dates of the invoices, when the voucher numbers were assigned and the vendor identification.

Under the circumstances, it will also be necessary to depose Tony Ostroski, or another person from Lamson with the most knowledge about the documents in question. Please advise me of who that person might be and provide me with available dates for deposition.

With regard to your assertion that neither Tree Spirit nor Spiritual Trees, Inc. were entered as vendors in Lamson and Goodnow's payable system, we know this not to be true. As you are aware, both parties have produced several checks that were issued to Tree Spirit from the Lamson and Goodnow software system. Although my client admits that he did not have access to Lamson's computer system at the time that most of those checks were issued, and that there may be something about the system at that time of which he is unaware, his understanding is that Tree Spirit must have been listed as a vendor in the system in order for those checks to have been issued. As a result, we are requesting the Vendor Table or the Vendor List from the time frame in question.

With regard to your assertion that both Susan Atherton nor Kathy Roberts have stated that they never saw the alleged invoices and never assigned a voucher ID number to either of them, we have never asserted that any individual assigned the voucher ID numbers. Rather, the voucher ID numbers are assigned by the system at the time that an invoice is entered into the system. Documents have been produced which indicate that Ms. Roberts did, at least occasionally, make entries into the Accounts Payable system. Also, it is not surprising that neither of these individuals recall having seen three particular invoices that were submitted over five years ago among the thousands of invoices that have passed through the office.

David Dunn denies that he falsified Ms. Atherton's signature in any way, either by photocopying, forgery or any other method. Ms. Atherton has absolutely no basis for her "suspicion" regarding the signature in question. Again, it is not surprising that she may not have recalled signing this particular document. While Mr. Dunn admits that it was not her usual practice to sign an invoice, he asked her to sign this particular invoice to acknowledge receipt because he knew it was not going to be entered into the system.

Your asserted suspicion is not reasonable. With regard to your assertion that the suspicion was most recently triggered by Mr. Dunn's "belated disclosure of the documents on which he wrote the voucher ID numbers," you will recall that Mr. Dunn testified in both days of his deposition in April and May, 2005, that he had the voucher numbers. We never anticipated that Lamson would deny that the invoices were entered into the system, so we never believed that the voucher numbers were necessary or relevant. Once that was made apparent, Mr. Dunn searched his files and located the documents which identify the voucher numbers. They were then produced to you, along with a number of other documents, once they were located. The issues in this case have grown far beyond anything that we originally expected, to the point where documents that were not originally viewed as relevant have now, arguably, become so. We have timely produced extensive documentation, both in our Automatic Disclosure and our Response to Request for Production of Documents. We have not refused to produce any relevant documents, nor have we been slow to produce them.

November 9, 2005
Page 3

The same cannot be said for Lamson. As you know, David Dunn was presented with documents in his first deposition that had not been produced by you, despite the fact that Lamson had already completed its Automatic Disclosure, and had responded to our document requests. Also, Lamson produced a substantial amount of documents, which were long overdue, <u>after</u> you resumed David Dunn's deposition. If late disclosure is an issue with any party, it is an issue with Lamson.

Regardless, I will address your specific requests to view items on Mr. Dunn's computer with a computer forensic specialist as follows:

1 through 3 -- Mr. Dunn has no electronic version of any of the three invoices listed in your letter. Those invoices were created in 2000 on a computer that no longer exists. Those electronic documents were never saved and/or transferred to any subsequent computer. Instead, Mr. Dunn retained copies of those invoices for his files.

4 and 5 -- Mr. Dunn does have an electronic version of the e-mail dated April 17, 2002, with the two attachments. Those documents have been produced to you exactly as they exist on his computer. You have been aware of the existence of those documents for nearly a year, as they were produced in response to your Request for Production of Documents in December, 2004, and the reports produced from the attachments were produced as part of our automatic disclosure. Also, in his deposition earlier this year, Mr. Dunn was questioned in detail about those documents.

With regard to the request in your November 3rd letter, please be advised that Mr. Dunn has searched his e-mail files and he does not have an e-mail from Sue Atherton.

As you are aware from the deposition of David Dunn, he no longer possesses the computer which he used in 2002. The files that exist on his current laptop are files that were transferred from another computer. Also, all of the documents created by Mr. Dunn during his employment at Lamson should be on that computer or part of backup files on Lamson's server(s).

In addition, Mr. Dunn's current laptop contains substantial information that is irrelevant to this matter, privileged, and personal and confidential, and we are not inclined to turn the laptop over to you for inspection.

It is unclear to me exactly what you wish your computer forensic specialist to view, and you also have not designated an expert witness, although the time for doing so has expired.

Please contact me to discuss these matters.

Very truly yours,

Patricia M. Rapinchuk

PMR/jva - Enclosures
cc: David V. Dunn  *e-mailed only*