UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.: 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN<br>    Plaintiffs | )<br>)<br>)<br>) |
| vs. | )<br>) |
| LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.<br>    Defendants | )<br>)<br>)<br>)<br>) |

PLAINTIFFS' MOTION IN LIMINE

NOW COME the plaintiffs in the above-captioned matter and hereby move this Court to exclude from evidence, even as rebuttal, e-mails contained on a disk which was produced to the plaintiffs on December 29, 2005. As grounds therefor, the plaintiffs state that the defendants have not identified any of the e-mails on their list of exhibits on the Joint Pre-Trial Memorandum, and that they first produced the disk approximately three weeks before trial.

The plaintiff, David Dunn, was an employee of the defendant, Lamson and Goodnow, for approximately four years. During that time, he sent and received thousands of e-mails, both internally and externally, using his Lamson and Goodnow e-mail address. While most of the e-mails were business-related, some were personal, and some related to organizations for which Mr. Dunn was a volunteer. Throughout this litigation, Dunn has stated that Lamson and Goodnow should have backup copies of all of the e-mails he sent and received while he was an employee. Some of those e-mails were produced by the defendants at various points during litigation, most notably at the deposition of David Dunn which took place in April, 2005.

418446

Case 3:04-cv-30102-KPN    Document 38    Filed 01/20/2006    Page 2 of 2

Page 2 of 2

On December 29, 2005, plaintiffs' counsel and defendants' counsel met to exchange exhibits in order to prepare a Joint Pre-Trial Memorandum. On that date, defendants' counsel, for the first time, gave plaintiffs' counsel a CD containing 7,448 e-mails sent and received by Mr. Dunn while he was employed at Lamson and Goodnow. This was the first time that these e-mails were produced during this litigation.

Given the volume of the e-mails and their production on the eve of trial, the plaintiffs should not be expected to have to review and analyze each of these e-mails and be prepared to object to their introduction at trial.

For these reasons, the plaintiffs respectfully request that this Court allow their Motion to preclude the introduction of these above-mentioned e-mails.

>                THE PLAINTIFFS
>                SPIRITUAL TREES d/b/a TREE SPIRIT
>                and DAVID V. DUNN
>
>                By ___/s/ *Patricia M. Rapinchuk*___
>                Patricia M. Rapinchuk, Esq., of
>                Robinson Donovan, P.C.
>                1500 Main Street, Suite 1600
>                Springfield, Massachusetts 01115
>                Phone (413) 732-2301 Fax (413) 785-4658
>                BBO No.:  556149
>                prapinchuk@robinson-donovan.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 20, 2006.

>                */s/ Patricia M. Rapinchuk*
>                Patricia M. Rapinchuk, Esq.