UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.: 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN<br>    Plaintiffs | )<br>)<br>)<br>) |
| vs. | )<br>) |
| LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.<br>    Defendants | )<br>)<br>)<br>) |

**PLAINTIFFS' MOTION IN LIMINE**

NOW COME the plaintiffs in the above-captioned case and hereby move this Court to exclude from evidence in the trial of this matter a digital video of Lamson and Goodnow's offices at Shelburne Falls which has been identified as Defendants' Exhibit 34 in the Joint Pre-Trial Memorandum.  As grounds therefor, the plaintiffs state that the defendant destroyed evidence of the office when it moved to another location.  The video is an attempt to create evidence and could have the tendency to unduly influence the jury to accept the defendants' version of events and unduly prejudice the plaintiffs.

One of the plaintiffs' claims in this case is based on an allegation that the defendant, Ross Anderson, committed an assault and battery on David Dunn on March 29, 2004.  This incident took place in the office suite at Lamson and Goodnow which was then located in Shelburne Falls, Massachusetts.  The plaintiffs intend to call two witnesses, Kim Curtis and Wendy Brewer, who have testified at deposition that they witnessed the assault.  The defendants also intend to call witnesses to give their version of what they saw on the day in question.  The video purports

418444

to show a view of the office suite, with shots from each of the witnesses' work stations and from Mr. Dunn's work station into the remainder of the office space. At least three individuals are shown in the video: the defendant, Ross Anderson; defendants' witness, Brian Koshinsky; and defendants' witness, Tony Ostrowski. The individuals are placed in the video in positions that purportedly support the defendants' version of the events of March 29, 2004. As an example, in a portion of the video, Mr. Ostrowski is standing in a position that appears to block the view that Ms. Brewer and Ms. Curtis would have had of the incident. The defendants first advised the plaintiffs of the existence of the video on December 29, 2005, when counsel met to prepare the Joint Pre-Trial Memorandum.

On information and belief, Lamson and Goodnow moved out of the Shelburne Falls office suite in the fall of 2005 and is now located in Greenfield, Massachusetts. This information was not brought to the attention of the plaintiffs or their counsel, and the undersigned did not learn of this relocation until after receiving the video. As a result, the possibility of a jury view no longer exists. The plaintiffs contend that the defendants' move from the Shelburne Falls office space, which, on information and belief, they still own, to the Greenfield location was an act of spoliation of evidence which should preclude the defendants from presenting any visual evidence of what the office looked like prior to the move. The plaintiffs do not contend that the move was made for anything other than legitimate business purposes. The plaintiffs contend, however, that the defendants obviously believed that a view of the office space was an important piece of evidence in the case, as evidenced by the creation of the video prior to the move. The defendants never advised the plaintiffs of the move or of the fact that the office would no longer be available for a view, nor did they offer the plaintiffs an opportunity to view, photograph,

418444

videotape or otherwise review the office space prior to the move. For these reasons alone, the defendants should be precluded from presenting the video or referring to it in the trial.

In addition, by choosing the vantage points in the video and placing individuals in locations that would support the defendants' version of the events of March 29, 2004, the defendants are attempting to "recreate" the scene in such a way that would unduly prejudice the plaintiffs. Even if the video is only used as a "chalk" and not entered into evidence, its impact on the jury could still be very strong. The plaintiffs contend that the video could unfairly cause the jury to place more weight on the defendants' witnesses' testimony.

A.      **Defendants Should Be Precluded From Presenting The Video Or Referring To It At Trial Because They Destroyed Evidence Of The Layout And Appearance Of Their Former Office.**

The defendants spoliated evidence when they moved their offices from a building (which they currently own) to another site. "Spoliation is the intentional, negligent, or malicious destruction of relevant evidence." *Townsend v. American Insulated Panel Co.,* 174 FRD 1, 4 (D. Mass. 1997). The plaintiffs believe that the defendants negligently destroyed evidence, the layout and appearance of the offices of Lamson and Goodnow Manufacturing Company.

This evidence is relevant because, upon information and belief, the defendants intend to present this evidence of the layout and appearance of Lamson and Goodnow's office for the purpose of convincing the jury that the view of David Dunn's former cubicle from the rest of the office was obstructed and that, therefore, plaintiffs' witnesses could not have seen the alleged assault and battery. *See* FED. R. EVID. 401. The *Townsend* Court set out five factors the Courts have weighed in determining the appropriate sanction given the facts and circumstances of a particular case:

(1)     Whether the [plaintiff] was prejudiced as a result of the destruction of the evidence;

418444

  (2) Whether the prejudice can be cured;

  (3) The practical importance of the evidence;

  (4) Whether the [defendant] was in good faith or bad faith; and

  (5) The potential for abuse if the evidence is not excluded.

*Id.* (citations omitted).

  Applying these factors, the plaintiff will be prejudiced as a result of the defendants' destruction of evidence in that the video created by the defendants is, on information and belief, the only available depiction of the former offices of Lamson. This video was created without the knowledge of the plaintiffs' counsel and outside plaintiffs' counsel's presence and was not produced until 3 weeks before trial. Defendants denied plaintiffs the opportunity to create their own record of the appearance of Lamson and Goodnow's former offices by withholding the fact of the move.

  The jury is likely to give significant weight to the depiction of Lamson's former offices given in the videotape. To the extent that the videotape shows or purports to show that the plaintiffs' witnesses had an obstructed view of the alleged assault and battery, the plaintiffs are unlikely through cross examination of the defendants' witnesses, to be able to refute either the depiction given or the defendants' version of events. The prejudice cannot be cured. Lamson's former offices are not available for a view.

  The jury cannot view those former offices as they existed at the time of the alleged assault and battery. Nor can the plaintiffs provide their own recreation of events for the jury or through photographs or other means provide their own depiction of the layout and appearance of the offices. As a practical matter, this videotape is potentially important evidence because it supports the defendants' version of events. While the plaintiffs do not have evidence that the defendants acted in bad faith, the defendants never advised plaintiffs of the move. In addition,

418444

the defendants did not identify or produce the video until after the move was completed. The potential for abuse if the evidence is not excluded is very high. The video is self-serving and potentially highly inaccurate.

**B.     Defendants' Re-Enactment Will Create Misunderstanding And Confusion In The Jury.**

The defendants' staged recreation is not sufficiently similar to the alleged assault and battery to avoid misunderstanding and confusion in the jury. In order to be admissible, a recreation must be substantially similar to the event which it purports to recreate. See *Fusco v. General Motors Corp.,* 11 F.3d 259, 263-264 (1st Cir. 1993). "The concern lies ... with the deliberate recreation of an event under staged conditions." *Id*. at 263. The defendants' video is unlike the alleged assault and battery in that the videographer (apparently defendants' counsel) stood in David Dunn's former cubicle to capture the view from the cubicle. The videographer also took positions at various other desks and cubicles in the office in order to give the view of Mr. Dunn's cubicle from those positions. Notably, however, the defendants' video never includes a view from any point in the office of two people standing in the cubicle. Nor does it include any depiction of two people in the cubicle having the type of confrontation that both parties agree occurred. Further, the video does not capture the reactions of those present to the alleged assault and battery. The video shows individuals standing and sitting around the office in relaxed poses. No one in the video moves or speaks in reaction to any event occurring within Mr. Dunn's former cubicle. Defendants are essentially attempting to create evidence through the use of this video. It is self-serving and it is not an accurate depiction of the undisputed aspects of the confrontation that occurred in Mr. Dunn's cubicle.

Finally, the video places individuals in locations that are contrary to the testimony of the plaintiffs' witnesses which may cause the jury to disbelieve the testimony of those witnesses.

418444

For all of the above reasons, the plaintiffs respectfully request this Court to allow this Motion and exclude the video and any reference thereto.

THE PLAINTIFFS
SPIRITUAL TREES d/b/a TREE SPIRIT
and DAVID V. DUNN

By     /s/ *Patricia M. Rapinchuk*
Patricia M. Rapinchuk, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301 Fax (413) 785-4658
BBO No.: 556149
prapinchuk@robinson-donovan.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 20, 2006.

    /s/ *Patricia M. Rapinchuk*
Patricia M. Rapinchuk, Esq.

418444