UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT ) <br> and DAVID V. DUNN ) <br>             Plaintiffs, ) <br> v. ) <br>  ) <br> LAMSON AND GOODNOW ) <br> MANUFACTURING COMPANY and ) <br> J. ROSS ANDERSON, JR. ) <br>             Defendants ) | Civil Action No. 3:04-CV-30102 |

**DEFENDANTS' OPPOSITION TO MOTION IN LIMINE
REGARDING VIDEO**

Defendants Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr. ("Defendants") hereby oppose plaintiffs' Motion in Limine regarding a digital video of Lamson and Goodnow's offices at Shelburne Falls, Masssachusetts which defendants intend to introduce as evidence at trial.  Notwithstanding that plaintiffs were given the video as a proposed trial exhibit on December 29, 2005, they now move literally on the eve of trial (Defendants were electronically served with the motion on Friday, January 20, 2006 at 4:15 p.m.) for its exclusion.

The video, edited to just over 6 minutes long, is not "an attempt to create evidence" as plaintiffs baselessly assert.  Nor is it a tardily-produced "document" responsive to any Rule 34 request from plaintiffs, as they seem to imply.  Nor is it related in any way to any alleged spoliation of evidence.  Rather, as witnesses will testify, it contains fair and accurate depictions of the configuration of Lamson and Goodnow's

offices where an incident that plaintiffs assert constituted assault, battery and false imprisonment took place on March 29, 2004.

Well after the discovery deadline in this case of July 29, 2005, and for entirely legitimate business reasons, Lamson and Goodnow moved its administrative offices from the Shelburne Falls facility where the incident occurred to a Greenfield, Massachusetts facility in the last week of September, 2005. Plaintiffs had made no attempt during discovery to inspect, photograph or film the premises. Defendants had no obligation to advise plaintiffs of a legitimate business move, and had no obligation to invite plaintiffs to the premises before a move, whether before or after the discovery deadline in the case. Plaintiffs did not ask in discovery for any depictions of the office, and there is no request to which plaintiffs point as a basis for suggesting the video should have been previously produced. Plaintiffs have never raised the issue of the condition of the premises, for purposes of a view or otherwise.

The video is not a re-creation of any incident at issue. Indeed, as plaintiffs note, there is no incident in the video at all. As witnesses will testify, it is merely a depiction of the office and its configuration in the condition existing at the time of the incident, March 29, 2004. While there are persons in some of the scenes on the video, the persons are present to provide perspective, scale and reference points (or are simply working in the office space!). No re-creation of any incident or any reaction thereto by anyone is intended, nor could any be reasonably implied by a viewing jury.

As plaintiffs note, the case involves conflicting testimony from witnesses to the event. Among other things, the video may provide assistance to the jury in evaluating that testimony and determining the credibility of witnesses and their perceptions. In that

witnesses will testify that the office components are fairly and accurately depicted, no undue prejudice regardless of the weight the jury gives it.

Dated: January 23, 2006

Defendants
LAMSON AND GOODNOW
MANUFACTURING COMPANY
J. ROSS ANDERSON, JR.
By Their Attorneys:

/s/ Kevin C. Maynard

Kevin C. Maynard, BBO No. 50669
Bulkley, Richardson and Gelinas, LP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.: (413) 272-6244 / Fax: (413) 272-6804

---

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing and hand on January 23, 2006.

/s/ Kevin C. Maynard
Kevin C. Maynard