UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN, <br>     Plaintiffs <br><br> vs. <br><br> LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR., <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' MOTION FOR JUDGMENT AS A
## MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(a)(1)

The plaintiffs, Spiritual Trees d/b/a Tree Spirit and David V. Dunn (hereinafter "Dunn/Spiritual Trees"), respectfully move this Court at the close of defendants' (hereinafter "Lamson") evidence for judgment as a matter of law with respect to each one of their claim s against the plaintiffs. As reasons for this motion, the plaintiffs state as follows.

### STANDARD OF REVIEW

Fed. R. Civ. P. 50(a)(1) states that "if during a jury trial, a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the Court may determine the issue against that party and may grant a motion for judgment as a matter of law." In considering whether to allow a motion for judgment as a matter of law, this Court must examine the evidence, and all fair inferences, in the light most favorable to the non-moving party and determine whether she has offered "more than a mere scintilla of evidence", warranting the submission of the issue to the jury. See *Katz v. City Metal Co., Inc.,* 87 F.3d 26, 28 (1st Cir. 1996). For the reasons that follow, the defendants have failed

to meet this standard with respect to any of their claims against the plaintiffs and, accordingly, this motion should be allowed.

## **LEGAL ARGUMENT**

**I.    Judgment Should Be Granted As A Matter Of Law In Favor of the   Plaintiff Dunn/Spiritual Trees on Lamson's First Cause of Action for Promissory Estoppel Because   Defendant Lamson Failed to Produce Sufficient Evidence To Prove Dunn/Spiritual Trees Made A Promise That Overrode The Parties Already Executed And In Force Contract.**

Lamson, ask this Court to prevent the Dunn/Spiritual Trees from pursuing its claim for the 4% commissions owed  on a theory of "promissory estoppel" despite the clear language of the contract which states, "...This letter may not be amended, terminated waived or rescinded except pursuant to a written agreement duly executed by the parties hereto. " *Exhibit ___,* Paragraph 14.  Both Lamson and Dunn/Spiritual Trees testified that they knowlingly executed this document and since Defendant Lamson has not provided sufficient evidence to prove that this contract was properly modified their claim for promissory estoppel must fail as a matter of law.

In the instant case, the defendants failed to prove that the alleged "promise" to forgo commission payments, made by the plaintiff, rises to the level of contract forming promise that would or could modify their already executed contract. In *Trent Partners and Associates, Inc. v. Digital Equipment Corp.,* 120 F. Supp. 2d 84 (D.Mass 1999), the Court referring to the decision in, *Rhode Island Hospital Trust National Bank v. Varadian*, 419 Mass. 841 (1985) states that, " the Supreme Judicial Court held as a matter of law that an oral contract made in the face of a **written contract** was not a "promise" or a "commitment" for **promissory estoppel** purposes because the existence of a **written contract** demonstrated the parties intention that it would govern their intricate transaction. *Trent,* 120 F. Supp at 104, 105.

418247

Even if this Court were to consider the alleged "promise" to give up commission payments, Lamson has failed to provide sufficient evidence to satisfy the elements of contract formation under the theory of promissory estoppel. It is well settled that, "in order to establish a claim for contract based on reliance, the plaintiffs must show that a promise was made which the promisor reasonably expected to induce reliance, that the promisee actually and reasonably relied on that promise , and that injustice can be avoided only by enforcement of the promise. *See Trent*, 120 F. Supp. 2d at 104. Defendants Lamson have failed to introduce any evidence which would support their claim that Dunn/Spiritual Trees allegedly promised to give up all commissions without receiving anything in return. Given the extensive business experience of all the parties, Lamson's reliance on such alleged promise cannot possibly be construed as reasonable. Recovery requires more than a promise, attention must be focused on the reasonableness of the reliance on that promise. *Loranger v. E.F. Hauserman Co.*, 6 Mass. App. Ct. 152. In this case, no reasonable jury would find for Lamson.

Recovery under a theory of promissory estoppel would require not only that the unambiguous promise be reasonably relied upon, but also that the reliance be to the detriment of the promisee. See *Loranger* at n.4. Lamson has failed to provide sufficient evidence that their reliance upon the promise to waive his commission payments was to their or the company's detriment as there was no evidence provided of monetary loss.

A.    **The Defendants Have Failed To Produce Sufficient Evidence That The Plaintiff Made An Unambiguous Promise Upon Which They Should Have Reasonably Relied.**

The defendants have failed to prove that when Mr. Dunn agreed to delay his demand for his duly contracted commission payments, this constituted an unambiguous promise upon which the defendants should have reasonably relied. The defendants argue that Mr. Dunn's agreement to waive payments of commission constituted a promise to permanently forego those

commissions. The plaintiff alternatively argues that he merely deferred his expectations of commission payment shortly after he took over his position in the company because of the company's financial position at the time. Mr. Dunn testified that he expressed an intention to waive commissions in the future, if and only if a suitable stock grant plan could be agree upon. Pursuant to the terms of the written contract, Dunn intended to execute a written waiver, or modification or the agreement if and when the stock agreement was reached.

In accordance with Massachusetts' application of the "underlying theory" of promissory estoppel, the promisee must demonstrate that he reasonably relied upon the promise in question. *Trent Partners & Assoc., Inc. v. Digital Equip. Corp.*, 120 F. Supp. 2d at 1884 (1999) (*citing, Rhode Island Hospital Trust National Bank v. Varadian*, 419 Mass. 841, 850). Under the true theory of promissory estoppel, since no formal offer is required, attention must be focused on the reasonabless of that reliance. *Loranger v. E.F. Hauserman Co.*, 6 Mass. App. Ct. at 310. The defendants Lamson have not produced sufficient evidence of reasonable reliance and thus their claim must fail as a matter of law.

When measured against a standard of reasonableness, the defendants' argument fails. Mr. Dunn and Defendants had a fully executed agreement which the Defendants never chose to alter in writing with respect to terms of payment and commission as required by paragraph 14 of their unambiguous contract. Mr. Anderson was a significantly experienced businessman, represented by counsel, who had entered into numerous contracts over years of running the company and was fully aware of the contractual terms. Any "reliance" on the plaintiff's alleged agreement to waive commission payments under that contract was not and cannot be understood to be reasonable in the face of their written contract.

**B.  Even If This Court Accepts The Defendants' Claim Of A Promise Upon Which They Reasonably Relied, They Have Not Proven That They Relied To Their Detriment And That Injustice Can Only Be Avoided If The Plaintiff Is Found Liable.**

Massachusetts will enforce a contract under a theory of "promissory estoppel" only if "injustice can be avoided only by enforcement of the promise." *Loranger Construction Corp v. E.F. Hauserman Co.* 6 Mass.App.Ct 152, 154 (1978).    Those seeking enforcement of the promise must prove not only reasonable reliance on a promise, but that the reliance be to the detriment of the promisor. *Steinke v. Sungard,* 121 F.3d 763, 766,(*citing, among others, Loranger*).

The defendants have failed to produce sufficient evidence that their reliance on Mr. Dunn's alleged "promise" to permanently waive all claims to commissions has been and will continue to be to their detriment. Lamson Goodnow is at present profitable and solvent thanks in part to the actions of the plaintiff.   Moreover, Lamson has suffered no monetary loss because of their alleged reliance on Dunn/Spiritual Trees' promise. Therefore, the defendants cannot show that any detrimental effect would fall upon them if they reimbursed the plaintiff for the commissions that are rightfully owed to him. The only injustice would be if the defendants were allowed to renege on *their* contractually binding promise to pay the commissions owed to the plaintiff.

Since the Defendants Lamson have failed to provide sufficient evidence of an unambiguous promise upon which they reasonably relied to their detriment,  and no reasonable jury would find such, their promissory estoppel  claim must fail as a matter of law.

**II. The Court Should Enter Judgment in Favor of Plaintiffs Dunn/Spiritual Trees on Defendants Lamson's Second Cause of Action As They Have Failed to Produce Sufficient Evidence of Conversion.**

418247

In order for the Lamson to prevail on their claim of conversion they must produce sufficient evidence of the following that Mr. Dunn asserted control over Lamson's property intentionally and wrongfully and that damage resulted. Dunn/Spiritual Trees maintains that the evidence produced by Lamson is insufficient as a matter of law to support such a claim.

The only evidence that Defendant Lamson has presented during this trial has been that David Dunn directed an employee to apply a portion of a check payable to Lamson to a debt he owed to the company for purchase of goods at Lamson's retail store. Lamson has not provided sufficient evidence that Dunn/Spriritual trees did not have the right to those funds or that the funds were applied wrongfully. Finally, Lamson provided no evidence that the alleged amount converted resulted in any damage to Lamson.

Since no reasonable jury would find that Mr. Dunn committed a conversion of Lamson funds, this claim must fail as a matter of law.

### III. The Court Should Enter Judgment in Favor of Plaintiffs Dunn/Spiritual Trees on Defendant Lamson's Third and Fourth Causes of Action as they Have Failed to Provide Sufficient Evidence of Any Breach of Fiduciary Duty By Dunn/Spiritual Trees.

The defendants Lamson have not produced sufficient evidence to prove that plaintiffs Dunn/Spiritual Trees breached any fiduciary duty. There is no dispute that as an executive employee at Lamson, Mr. Dunn owed Lamson a duty of loyalty and an obligation to act in good faith. Testimony has been entered that Mr. Dunn performed his job duties more than adequately, with numerous examples of his making great sacrifices on behalf of Lamson.

The defendants Lamson allege Mr. Dunn breached his fiduciary duty by demanding payment for commissions that were *knowingly and fairly* negotiated as part of the original agreement to purchase Mr. Dunn's company. Once that company became part of Lamson and once Mr. Dunn

became an employee of Lamson, the terms of the original contract did not create a conflict that caused him to breach his fiduciary duty to Lamson. The facts simply do not add up to a breach of any duty owed Lamson and no reasonable jury would find otherwise. Therefore this claim must fail as a matter of law.

### IV. The Court Should Enter Judgment in Favor of  Plaintiffs Dunn/Spiritual Trees on Defendants Lamson's Fifth Cause of Action as They Have Failed to Produce Sufficient Evidence of Abuse of Process.

Lamson asserts that the action filed by Dunn/Spiritual Trees was commenced for an ulterior motive for which the process was not designed or intended.  The Defendants Lamson allege that Dunn/Spiritual Trees has some "ulterior motive" besides recovering on the claim for which he filed yet they have not provided one shred of evidence that Dunn/Spiritual Trees filed this action except to recover its commissions and  as compensation for damages caused as a result of  the assault committed by Lamson at the time of his termination. Defendants Lamson cannot  rely on the mere fact that they will have to spend a lot of time and money to defend the action as proof of  an ulterior motive and therefore abuse of process.  Moreover even if there was an ulterior motive, the plaintiff does not have a claim if they cannot show that damages occurred as a natural and probable consequence of the process initiated by the defendant.

Examples of "ulterior or illegitimate purposes" include, using litigation as a marketing tool an attempt to collect the same debt twice, and filing a criminal complaint to collect a civil debt none of which even remotely applicable to this case. Defendants Lamson have not provided sufficient evidence that Dunn/Spiritual Trees intended  to embarrass or damage its reputation or that the lawsuit  was in retaliation for such damage to them. In *Poduska v. Ward*, 895 F. 2d 854, 856 (1st Cir. 1990) the Court found  sufficient evidence of ulterior motive  in   numerous

statements including "I don't expect to win, but I expect to cost them their jobs" and "[You are] an embarrassment to me in front of the people who work for me." *Poduska* at 856. Mr. Dunn was an experienced businessman whose reputation was in no danger merely because of the incidents at Lamson.   The Defendants Lamson have failed to provide sufficient evidence that Dunn/Spiritual Trees was motivated to cause injury to the business or business reputation Lamson and/or that any damage resulted therefrom.  No reasonable jury would find that this lawsuit as being motivated by any ulterior purpose, nor would they find damages and therefore Lamson's claim of abuse of process must fail as a matter of law.

**V.  The Court Should Enter Judgment in Favor of Plaintiffs Dunn/Spiritual Trees on Defendants Lamson's Fifth Cause of action as They Have Failed to Produce Sufficient Evidence That Dunn/Spiritual Trees Committed Any Actionable Breach of Contract.**

Defendant Lamson has failed to produce sufficient evidence to allow a reasonable jury to find plaintiff Dunn/Spiritual Trees breached the contract.

Both sides testified at trial that Dunn/Spiritual Trees fulfilled its obligations under the contract and delivered everything that was promised under said agreement.  The only evidence produced by Lamson to purportedly support its claims is evidence that years after the contract was executed and all items promised were delivered, David Dunn, in his capacity as an employee of Lamson failed to renew a trademark by then already owned by Lamson and also that he failed to renew a domain name, also then owned by Lamson.   There is nothing in the terms of the contract that directs Mr. Dunn to renew either the trademark or the domain name, presumably because that became the responsibility of Lamson once the contract was executed.   In fact, paragraph 10.2 states that, "Costs of maintaining e-mail accounts, domain names, etc. shall be

borne by Purchaser." This clearly does not make it Mr. Dunn's obligation as part of the purchase and sale agreement between he and Lamson.

Even if this evidence is accepted as proving those facts, the claim should be dismissed as a matter of law. Any acts or any failure to act by David Dunn in his capacity as an employee of Lamson cannot be found to constitute a breach of contract by Dunn/Spiritual Trees under the purchase and sale agreement.

### VI. The Court Should Enter Judgment in Favor of Plaintiffs Dunn/Spiritual Trees on Defendants Lamson's Seventh and Eighth Causes of Action As They Have Failed to Produce Sufficient Evidence of Dunn/Spiritual Trees' violation of M.G.L.A. ch. 93A § 11,

The Defendants Lamson claim under M.G.L.A. ch. 93A §11 must fail as a matter of law because, "It is well settled that Chapter 93A § 11 does not apply to employee-employer disputes or claims arising out of an employment relationship." *Tri-Star Technologies Company Inc. v Anthony Lautieri Sr.* 257 B.R. 629 (Bkrtcy D. Mass. 2001.) "Disputes arising from an employment relationship are "private in nature" and do not occur in the ordinary 'conduct of any trade or commerce' as contemplated by the statute." *Tri-Star* at 638 (citing *Informix, Inc. v. Rennell,* 41 Mass.App.Ct. 161,163. (1996). Clearly all claims filed by the plaintiffs arise out of Mr. Dunn's relationship as an employee of Defendants Lamson and therefore ch. 93A does not apply. Defendants' 93A claims, at least, in so far as they concern Mr. Dunn must fail as a matter of law.

If the Court chooses to recognize that ch. 93A somehow applies to Spiritual Trees the claim must still fail because Defendants Lamson have not produced sufficient evidence that plaintiff Spiritual Trees engaged in practices that were within the definitions of "unfair" and/or "deceptive" for the purposes of satisfying a claim under M.G.L.A. ch.93A §11. Moreover,

Lamson has failed to show any resulting damage from Spiritual Trees' allegedly unfair and deceptive practices.

Lamson alleges that this lawsuit is baseless and that it was filed willfully nonetheless. In order to prevail on that claim, Lamson would have to show that there is no evidence to support Spiritual Trees claims, the mere possibility that they may not prevail does not mean the claims in and of themselves are groundless. Nor can Lamson provide sufficient evidence to prove that the filing of the lawsuit was motivated by a "pernicious purpose collateral to winning the suit and ensuring payment of damages sustained. *George Hyman Const. Co. v. Gateman* 16 F. Supp. 2d 129, 163 (D.Mass. 1998).

Any other allegations that Spiritual Trees sought to deceive Lamson are baseless. The Defendants have simply not produced sufficient evidence to prove that Spiritual Trees behaved in any manner other than for the good of Lamson – its continued success and profitability.   Nor have they produced sufficient evidence of "unfairness" in the practices of Mr. Dunn as employee of Lamson.

No reasonable jury would find that the plaintiffs Dunn/Spiritual Trees committed any unfair or deceptivel practices by bringing this lawsuit or in any other capacity and therefore the defendants Lamson's claims under 93A must fail as a matter of law.


## CONCLUSION

For the reasons stated herein, the plaintiffs respectfully ask this Court to grant their Motion for Judgment as a Matter of Law.

THE PLAINTIFFS
SPIRITUAL TREES d/b/a TREE SPIRIT
and DAVID V. DUNN

By ___/s/ *Patricia M. Rapinchuk*_____
Patricia M. Rapinchuk, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301 Fax (413) 785-4658
BBO No.: 556149
prapinchuk@robinson-donovan.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January ____, 2006.

_____ /s/ *Patricia M. Rapinchuk*_____
Patricia M. Rapinchuk, Esq.

418247