UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT, INC. and DAVID V. DUNN<br>　　　　Plaintiffs<br><br>v.<br><br>LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.<br>　　　　Defendants | MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF EVIDENCE |

Pursuant to Fed. R. Civ. P. 50(a), defendants Lamson and Goodnow Manufacturing and J. Ross Anderson, Jr., "Defendants"), hereby move, following the close of all the evidence, for judgment as a matter of law on all remaining counts of plaintiffs' complaint. Each count is addressed below.

## COUNT I
### (Breach of Contract)

Judgment as a matter of law should be granted as to plaintiffs' claim for breach of contract by a failure to pay commissions because even when viewed in a light most favorable to plaintiff, the evidence is so one-sided that reasonable persons could not differ, and defendants are plainly entitled to judgment. Gibson v. City of Cranston, 37 F. 3d 731 (1st Cir. 1994).

The evidence is overwhelming that, in the course of hiring discussions resulting in Mr. Dunn's employment, he agreed on behalf of Spiritual Trees, Inc. to waive commissions otherwise due under the Acquisition Agreement (Plaintiffs' Exhibit 3) with Lamson and Goodnow. See Testimony of Anderson; Testimony of Zanner, Testimony of Welsh; Defendants'

Exhibit 15; Defendants' Exhibit 21. Plaintiffs' conduct thereafter was entirely consistent with such a waiver. Testimony of Anderson, Zanner, Welsh.

No reasonable jury could conclude other than that defendant committed no breach.

## COUNT II
Breach of Implied Covenant

The evidence is overwhelming that a) plaintiff Dunn was not entitled to the payment of any bonus at the time of his termination, as alleged; and b) he was not terminated to avoid the payment of any such bonus.

Defendants' accrued bonus payments does not constitute legal objection to pay amounts accrued. Testimony of Anderson, Welsh. In any event, Mr. Dunn was in fact paid in January his share of all amounts accrued through December 31, 2004. Testimony of Dunn, Anderson; Defendants' Exhibit 6. Bonus payments were at all times discretionary in any event. Testimony of Anderson, Zanner.

## COUNT III
(Intentional Interference with Contract)

Plaintiffs have failed to establish evidence of interference in that the evidence overwhelmingly establishes and in any event Acquisition Agreement at issue was not breached, as set forth above. Further, plaintiffs have failed to establish that defendant Anderson acted by improper means or with improper motive sufficient to establish the level of malice necessary to support a finding of interference by a corporate officer with a contract between his corporation and a third party. See *Portnoy v. 440 Financial Group of Worcester, Inc.*, 938 F. Supp. 91 (D. Mass. 1996)g. No reasonable jury could find defendant Anderson liable for interference, and he is entitled to judgment as a matter of law.

## COUNT IV
(Assault and Battery)

The evidence is overwhelming that no physical contact occurred between plaintiff Dunn and defendant Anderson, as alleged. The evidence is so one-sided that reasonable persons could not differ, and defendants are entitled to judgment as a matter of law. <u>Gibson v. City of Cranston</u>, <u>supra</u>, 37 F 3d 731.

Dated: January 31, 2006

Defendants
LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.
By Their Attorneys:

_/s/ Kevin C. Maynard_
Kevin C. Maynard
BBO No. 550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.: (413) 272-6244
Fax: (413) 272-6804

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing and mail on January 31, 2006.

_/s/ Kevin C. Maynard_
Kevin C. Maynard