UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT, INC. ) <br> and DAVID V. DUNN ) <br>       Plaintiffs ) <br> ) <br> v. ) <br> ) <br> LAMSON AND GOODNOW ) <br> MANUFACTURING COMPANY and ) <br> J. ROSS ANDERSON, JR. ) <br>       Defendants ) | MEMORANDUM IN SUPPORT <br> OF DEFENDANTS' MOTION <br> TO AMEND JUDGMENT |

Defendants Lamson and Goodnow Manufacturing and J. Ross Anderson, Jr., ("Defendants"), submit this Memorandum in Support of their Motion to Amend Judgment.

The judgment was entered in this action on February 3, 2006. On February 2, 2006, the jury in the case rendered a verdict for plaintiff Spiritual Trees, Inc. against Lamson for breach of contract, and awarded plaintiff $161,478.64. That amount, according to the testimony of plaintiff David V. Dunn ("Dunn"), included a calculation and accumulation of "late charges" provided by the contract at issue, at a rate of 18% per year (or 1.5% per month) through January 23, 2006, when trial began. The jury's award was precisely the amount calculated by Dunn, including the "late charges." See also Plaintiffs' Exhibit 22.

According to Dunn's testimony, those "late charges" were calculated to have begun to accrue as of the respective dates in the years 2000-2002 on which plaintiffs deemed the commission payments at issue to have been "contractually due." See Plaintiffs' Exhibit 22. The total accumulated "late charges" calculated by plaintiffs to the commencement of trial ($74,381.48) comes close to exceeding the underlying commission total ($87,097.16).

Prejudgment interest "is awarded to compensate a damaged party for the loss of use or wrongful detention of money." Cahill v. TIG Premier Ins. Co., 47 F. Supp. 2d 87, 90 (D. Mass. 1999), quoting Conway v. Electro Switch Corp., 402 Mass. 385, 390 (1988).

The contractual "late charges" in fact constitute the equivalent of interest accrued on the underlying commissions at the contractually agreed rate of 18% per year. See Union Mut. Life Ins. Co. v. Chrysler Corp., 793 F. 2d 1 (1st Cir. 1986).

Plaintiffs' calculation of late charges included accumulation of those charges for the period from May 14, 2004, when this action was filed, to January 23, 2006, when trial began. Thus, the only period for which plaintiffs have not already been compensated for the loss of use of the amounts deemed due is the 11-day period of January 24 – February 3, 2006, when judgment entered. Moreover, the application of the 12% statutory rate of interest must be on the underlying "commissions due" figure of $87,097.16 (see Plaintiff's Exhibit 22) and not on the total contract damage verdict. Otherwise, the Court would be awarding interest upon interest – resulting in the application of an usurious effective annual rate of over 30% on the underlying commissions for the period since the action was filed. See, e.g., Union Mut. Life Ins. Co. v. Chrysler Corp., supra.

Under Massachusetts law, prejudgment interest is contract damages at the contract rate, if one has been established, or at the rate of 12% per annum if not. Here, there was a contract rate established (1.5% per month, or 18% per annum) which rate was in fact applied by the jury in its award based on plaintiffs' calculation of damages. Again, the only period for which there should be any further monetary award to compensate for the loss of use of money is for the period after January 23, 2006.

The Supreme Judicial Court of Massachusetts has held that G.L. c. 231, §6C, which governs the award of prejudgment interest on contract claims, should be interpreted to reflect the common law's concern that a "liberal award of prejudgment interest could result in a windfall for plaintiffs accounting, in essence, to an award of punitive damages." Sterilite Corp. v. Continental Ins. Co., 397 Mass. 841 (1986), quoted in Cahill, supra, 47 F. Supp. 2d at 91. See also, Commercial Assoc. Co., plc v. Milken, 17 F. 3d 608 (2d Cir.), cert. denied, 115 S.Ct. 198, 513 U.S. 873, 130 L. Ed. 2d 130 (1994) (award of prejudgment interest is compensatory in nature and, as equitable remedy, it must be used fairly and must not be used to overcompensate plaintiff).

A failure to amend the judgment so as to avoid the double recovery of prejudgment interest would give Spiritual Trees, Inc. an impermissible windfall. See, Union Mut. Life Ins. Co. v. Chrysler Corp., supra, 793 F. 2d at 17 (prejudgment interest on top of contractual interest would be double payment); Concrete Systems, Inc. v. Pavestone Co., 112 Fed. Appx. 67, 2004 WL 2180802 (1st Cir. 2004) (no prejudgment interest added to award where funds held in interest-bearing account); Interstate Brand Corp. v. Lily Transportation Corp., 256 F. Supp. 2d 58 (D. Mass. 2003) (because jury's award of "present value" of lost profits, prejudgment interest already effectively included and further prejudgment interest would be windfall); Masters Machine Co., Inc. v. Brookfield Athletic Shoe Co., 663 F. Supp. 439 (D. Me. 1987) (plaintiff not entitled to prejudgment interest for entire prejudgment period where it was already compensated for loss of use of funds for portion of period by award of incidental damages).

Accordingly, Defendants respectfully request that the judgment entered herein be amended to include a re-calculation of prejudgment interest on the $87,097.16 awarded for contract damages at 12% per annum from January 24, 2006 to February 3, 2006 and to delete any other a prejudgment interest on plaintiffs' contract claim.[1]

Dated:  February 13, 2006

Defendants
LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.
By Their Attorneys:

/s/ Kevin C. Maynard
Kevin C. Maynard
   BBO No. 550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.:  (413) 272-6244
Fax:  (413) 272-6804

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing and mail on February 13, 2006.

/s/ Kevin C. Maynard
Kevin C. Maynard

---

[1] Defendants do not contest the application of a 12% interest from the date of filing on the jury's award of damages on the assault and battery claim.