UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT, INC. ) <br> and DAVID V. DUNN ) <br>       Plaintiffs ) <br> ) <br> v. ) <br> ) <br> LAMSON AND GOODNOW ) <br> MANUFACTURING COMPANY and ) <br> J. ROSS ANDERSON, JR. ) <br>       Defendants ) | MEMORANDUM IN SUPPORT <br> OF DEFENDANTS' MOTION <br> FOR NEW TRIAL AND/OR <br> REMITTITUR |

      Defendants Lamson and Goodnow Manufacturing and J. Ross Anderson, Jr., ("Defendants"), submit this Memorandum in Support of Defendants' Motion for New Trial and/or Remittitur. Judgment in the case was entered on February 3, 2006. As grounds for its motion, defendants assert that the jury acted improperly in its deliberations, and that the jury awarded contract damages that plaintiffs themselves acknowledged were not due.

      1.      <u>The Jury Acted Improperly in its Deliberations</u>.

      The jury commenced deliberations in this matter late in the afternoon of February 1, 2006. At the end of the day, the jury was dismissed until 9:00 a.m. the following morning when deliberations would be resumed. As usual, the Court instructed jurors not to discuss the case with anyone, even among themselves, and not to deliberate further until the jury was instructed to resume deliberations the next morning.

      At approximately 9:00 a.m. on February 2, 2006, the Court and counsel were prepared for the jury to re-enter the courtroom to be instructed to resume deliberations. The Court was advised that there was a question from the jury, and was delivered a hand-written note comprising that question, which the Court ultimately read to counsel and answered to the jury.

Upon the Court's inquiry of the jury foreman before the question was considered by counsel and answered, the foreman indicated that the question was one from the jury as a whole, that it had been written that morning before the jury was called into the courtroom, and that there had been some amount of discussion of the case among the jurors that morning as they congregated at the courthouse. The question related to a potential calculation of contract damages in the case.

The jury returned its verdict approximately two hours later that morning, on February 2, 2006.

A Rule 59 motion for new trial is the appropriate means of addressing a claim of inappropriate conduct by a jury. Fed. R. Civ. P. 59(a)(1); Jimenez v. Heyliger, 792 F. Supp. 910, 914 (D. P.R. 1992). Such a motion is addressed to the sound discretion of the trial court. Crowley v. L.L. Bean, Inc., 303 F. 3d 387 (D. Me. 2002).

The Court has ample discretion here to order a new trial based on the jury's improper deliberations. The defendants should not be required to affirmatively show prejudice here. The party asserting such jury improprieties as are here asserted does not have to show by a "positive finding that the jury was actually influenced by what took place; but rather [it] involves a determination as to whether or not it was reasonably certain that they were not." Alego Jimenez v. Heyliger, 792 F. Supp. 910, 914 (D. P.R. 1992)

Given the nature of the jury's question, written outside of the proper deliberation process as the result at least in part of discussions among jurors similarly outside of that process, it cannot be reasonably certain that the jurors were not influenced by their improper discussions. Defendants respectfully request that a new trial be granted.

      2.     <u>The Jury Awarded Damages That Plaintiffs Acknowledged They Were Not Entitled To</u>.

The jury awarded damages on plaintiffs' claim for breach of contract in the exact amount set forth in Plaintiffs' Exhibit 22, which plaintiff Dunn described in testimony as his calculation of commissions due on sales by Lamson of all commissionable items during the period March, 2000 – February, 2002.  Plaintiff Dunn testified on re-direct examination, however, that he had mistakenly included in his calculations commissions upon the sales of a line of silicone spatula products that, as Dunn acknowledged, should not have been included in documenting sales of commissionable products.  Plaintiff acknowledged that the silicone spatulas, shown as Items 06110-06121 on page 3 of Plaintiffs' Exhibit 14, were <u>not</u> commissionable items.[1]

Sales of those items are reflected on Plaintiffs' Exhibit 14 total $14,411.65.  Commissions of four percent (4%) on those sales would total $576.47, consistent with plaintiff Dunn's testimony that a "few hundred dollars" were wrongly included in his commission figures.  Because the jury wrongly included in its award of contract damages the amount plaintiffs acknowledged should not be included, and "late charges" thereon, defendants request a new trial at least with respect to damages.

Alternatively, Defendants request that the Court condition any denial of the motion for new trial upon the acceptance by plaintiffs of a remittitur in an amount which represents a reduction of the verdict and resulting judgment by $901.59, which is the above figure of $567.47 plus "late charges" of 1.5% per month calculated from March, 2001, the approximate mid-point of the June 30, 2000 – March 30, 2002 payment period.[2]

---

[1] Plaintiffs disputed defendants' contention that other items, particularly cutting boards, were not commissionable items.  Recognizing that those items were the subject of conflicting testimony, this motion does not address the inclusion of commissions on those items in the verdict and judgment.

[2] Defendants have separately moved to amend the judgment to correct the misapplication of pre-judgment interest.

#326862          3

Accordingly, Defendants request that their motion be allowed and the requested relief granted.

Dated:  February 13, 2006

Defendants
LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.
By Their Attorneys:


/s/ Kevin C. Maynard
Kevin C. Maynard
  BBO No. 550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.:  (413) 272-6244
Fax:  (413) 272-6804


## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing and mail on February 13, 2006.

/s/ Kevin C. Maynard
Kevin C. Maynard