

BULKLEY, RICHARDSON AND GELINAS, LLP

LAW OFFICES  
1500 MAIN STREET, SUITE 2700  
POST OFFICE BOX 15507  
SPRINGFIELD, MA 01115-5507

TEL: (413) 781-2820  
FAX: (413) 272-6804

KEVIN C. MAYNARD  
DIRECT DIAL (413) 272-6244  
kmaynard@bulkley.com

February 15, 2006

**BY ELECTRONIC FILING**

Clerk  
U.S. District Court of Massachusetts  
Western Division  
Federal Building and Courthouse  
1550 Main Street  
Springfield, MA 01103

    Re:    Spiritual Trees, d/b/a Tree Spirit and David V. Dunn vs.  
              Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr.  
              Civil Action No. 04-30102-KPN

Dear Sir/Madam:

       I write in response to Attorney Rapinchuk's letter dated February 14, 2006, requesting issuance of a writ of execution in the captioned case, and my receipt of notice a short time ago today that the Court in fact has issued a writ of execution.

       First, Rule 62 of the Federal Rules of Civil Procedure provides that except as stated elsewhere in the rules, no execution shall issue upon a judgment "until the **expiration** of **10 days** after its entry (emphasis added.)" Pursuant to Rule 6, when a prescribed period of time is less than 11 days, intermediate Saturdays, Sundays and legal holidays are to be excluded. The judgment in this case was entered on February 3, 2006. February 4, 5, 11, 12, 18, 19 and 20 should be excluded in calculating the earliest date on which an execution could issue. That earliest date, I believe, is February 21, 2006. Thus, I believe the writ was issued prematurely in any circumstance.

       Second, Fed. R. Civ. P. 69 provides that the "procedure on execution…shall be in accordance with the practice and procedure of the state in which the district court is held …." Under Massachusetts procedure, "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement **until the time for appeal from the judgment has expired**." Mass. R. Civ. P. 62(a) (emphasis added). While an appeal under the federal rules does not further stay enforcement of a judgment as it would in the Massachusetts state courts, no execution should issue until the time to notice an appeal has expired.

BULKLEY, RICHARDSON AND GELINAS, LLP

Clerk
U.S. District Court of Massachusetts
Western Division
February 15, 2006
Page 2


      I am preparing and will file promptly, today if possible, a motion to stay the execution or other enforcement of the judgment herein, with a request for expedited action. In the meantime, because I believe a prematurely issued writ of execution is now in the hands of plaintiffs or their counsel, please bring this matter promptly to the Court's attention.

      Very truly yours,

      /s/ Kevin C. Maynard

      Kevin C. Maynard

KCM/cmc

cc:    Patricia M. Rapinchuk, Esq. (by electronic filing only)