UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.  04-30102-KPN

| | | |
|---|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT, INC. | ) | |
| and DAVID V. DUNN | ) | |
| Plaintiffs | ) | |
| | ) | MOTION FOR STAY OF |
| v. | ) | EXECUTION |
| | ) | **[NOTE:  EXPEDITED** |
| LAMSON AND GOODNOW | ) | **ACTION REQUESTED]** |
| MANUFACTURING COMPANY and | ) | |
| J. ROSS ANDERSON, JR. | ) | |
| Defendants | ) | |

Defendants Lamson and Goodnow Manufacturing and J. Ross Anderson, Jr.,

("Defendants"), hereby move the Court pursuant to Fed. R. Civ. P. 62(b) for an order staying

enforcement of the judgment pending disposition of post-trial motions timely filed by

Defendants on February 14, 2006, and until the time for the filing of any notice of appeal herein

has expired.

As ground for this motion, Defendants state that they have filed Defendants' Motion To

Amend Judgment, by which Defendants seek a substantial reduction in the judgment based on

what they contend was a duplicative calculation of pre-judgment interest, See Defendants'

Motion To Amend Judgment, dated February 14, 2006, and a Motion For New Trial and/or

Remittitur.  The Court has ample discretion to stay proceedings to enforce the judgment pending

disposition of those motions.  Rule 62(b); Wright & Miller, Federal Practice and Procedure,

§2903 and cases cited therein.  Any attempt to enforce a judgment which may be reduced or

vacated would obviously be prejudicial to Defendant.

As further grounds, moreover and in any event, Defendants contend that the writ of

execution issued herein on February 14, 2006 was issued prematurely.  First, the writ should not

have been issued prior to February 21, 2006.  Fed. R. Civ. P. 62(a) provides that "[e]xcept as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the **expiration** of **10 days** after its entry (emphasis added)."  Pursuant to Fed. R. Civ. P. 6(a), the calculation of the "10-day" provision of Rule 62(a) is not to include intervening Saturdays, Sundays or legal holidays.  Fed. R. Civ. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days…").

The judgment here was entered on February 3, 2006.  Pursuant to Rule 6(a), February 4, 5, 11 and 12 should not be included in a counting of days, so that the "10 day" period following February 3 does not expire until **after** February 17.  The next non-holiday weekday after the expiration of the "10-day" period is Tuesday, February 21, 2006.[1]

Moreover, and in any event, issuance of a writ of execution here should be or should have been in accordance with Massachusetts state law procedure.  The Federal rules establish a 10-day minimum for the issuance of a writ of execution, but defer to state law to the extent there is under state law a longer period for an "automatic stay."  Fed. R. Civ. P. 62(a) provides for the issuance of an execution no sooner than after 10 days "[e]xcept as stated herein…."  Rule 69 provides that "[t]he procedure on execution, in proceedings supplementary to and in the aid of judgment, and in proceedings on and in the aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held …."  Fed. R. Civ. P. 69(a).

Massachusetts procedure regarding the issuance of a writ of execution dictates that, "no execution shall issue nor shall proceedings be taken for its enforcement until the time for appeal from the judgment has expired."  Mass. R. Civ. P. 62(a).

Defendants are entitled to the "automatic stay" provided under state law.  See, e.g., Whitehead v. Kmart Corp., 202 F. Supp. 2d 525, 529 (S.D. Miss. 1999), reversed on other

---

[1] February 20 is President's Day (or Washington's Birthday), a legal holiday.  Fed. R. Civ. P. 6(a).

grounds 277 F. 3d 791 (5th Cir.), <u>rehearing granted</u>, <u>opinion vacated</u> 308 F. 3d 472, <u>on rehearing</u>

332 F. 3d 796 (5th Cir. 2003) <u>rehearing denied,</u> <u>cert. denied</u> 540 U.S. 1047, 124 S. Ct. 807, 157

L. Ed. 2d 694 (2003).  (Apart from any stay implicated by Fed. R. Civ. P. 62(f), party entitled

under Rule 62(a) to automatic stay provided by state law.)

For the reasons set forth above, the writ of execution should not have been issued in this

case, and the Court should now void or vacate that writ of execution or issue a stay with respect

to its enforcement.  Because the writ has in fact been issued and is in the hands of the plaintiffs

and their counsel with no constraints on its enforceability, Defendants request expedited action

on this motion, and request that their motion be allowed.

Dated:  February 15, 2006

Defendants,
LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.
By Their Attorneys:


/s/ Kevin C. Maynard
Kevin C. Maynard
  BBO No. 550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.:  (413) 272-6244
Fax:  (413) 272-6804


<u>Certificate of Service</u>

I hereby certify that a true copy of the above document was served upon the attorney of
record for each other party by electronic filing and mail on February 15, 2006.


/s/ Kevin C. Maynard
Kevin C. Maynard