UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.: 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN<br>    Plaintiffs | )<br>)<br>)<br>) |
| vs. | )<br>) |
| LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.<br>    Defendants | )<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND JUDGMENT**

NOW COME the plaintiffs, Spiritual Trees d/b/a Tree Spirit and David V. Dunn (the "plaintiffs"), and hereby oppose the Defendants' Motion to Amend Judgment. As reasons for this opposition, the plaintiffs state as follows.

This breach of contract matter came before a jury which found that the defendant, Lamson and Goodnow, had breached a contract between it and the plaintiff, Spiritual Trees, and awarded a total amount for that breach of $161,478.64. Included in that calculation were commissions due and owing to the plaintiff as well as an agreed upon monthly late fee for any commissions not paid within 30 days after the end of each three month commission period. In the Defendants' Memorandum of Law in Support of this Motion, this late fee is consistently referred to in quotation marks as "late charge(s)" ostensibly to suggest that the amount awarded by the jury was something other than agreed upon amount to be paid to Spiritual Trees in the event Lamson and Goodnow should require or wish to have additional time to pay commissions. In other words, the late fee was consideration contemplated by both parties to the contract as a

420826

way to build in flexibility for Lamson and Goodnow while compensating Spiritual Trees for deferring commission payment. Not insignificantly, defendants' counsel drafted the document and did not express this late fee as the interest to be paid in the event of a breach or in substitution of the statutory rate for pre-judgment interest. Therefore, as the language of M.G.L. c. 231, §6C mandates, where the contract does not provide for a different rate of interest, 12% interest on the full judgment must be awarded and this Court was correct in applying said interest.

Furthermore, parties to a contract may agree to liquidated damages. See *Spacemaster Int'l., Inc. v. City of Worcester,* 940 F.2d 16, 17-18 (1st Cir. 1991). "Liquidated damages … mean damages, agreed upon as to amount by the parties, …. Unliquidated damages are those which cannot thus be made certain by one of the parties alone." See *Sterilite Corp. v. Continental Casualty Co.,* 20 Mass. App. Ct. 215, 217 n.6 (1985) (rev'd. on other grounds). The Massachusetts statute which awards prejudgment interest is intended to apply to both liquidated and unliquidated damages awarded in a judgment. See *Sterilite Corp. v. Continental Casualty Co.,* 397 Mass. 837, 840-841 (1986).

The *Union Mutual* decision, cited by the defendants for the proposition that it would not award prejudgment interest on a lease provision calling for late fees (the specific language of the Lease is not provided) referred to an older decision, *Sargeant v. Commissioner of Public Welfare,* 383 Mass. 808, 824 (1981). See also *Union Mut. Life Ins. Co. v. Chrysler Corp.,* 793 F.2d 1, 16 (1st Cir. 1986). The *Sargeant* court stated the general rule is "in the absence of an agreement … a plaintiff may not receive interest on interest." *Id.* at 814. The parties to the contract in the instant action were both sophisticated business entities. Notably, only the defendants were represented by counsel during the negotiation. The parties contemplated the

420826

possibility that Lamson and Goodnow would need to pay commissions late. In consideration of that, Spiritual Trees agreed to be paid late so long as it was compensated for same. This Court should not disturb the agreement made between the parties, particularly where the defendants' counsel drafted the document, and should refuse to amend the award of prejudgment interest on the entire damages amount as it represents damages as contemplated by the parties under the agreement for which prejudgment interest must be applied. See G.L. c. 231, § 6C.

> THE PLAINTIFFS/
> DEFENDANTS-IN-COUNTERCLAIM
> SPIRITUAL TREES d/b/a TREE SPIRIT
> and DAVID V. DUNN
>
>
> By    */s/ Patricia M. Rapinchuk*
> Patricia M. Rapinchuk, Esq., of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, Massachusetts 01115
> Tel. (413) 732-2301; Fax (413) 785-4658
> BBO No.:  556149
> prapinchuk@robinson-donovan.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 27, 2006.

> */s/ Patricia M. Rapinchuk*
> Patricia M. Rapinchuk, Esq.

420826