UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.: 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT | ) |
| and DAVID V. DUNN | ) |
|     Plaintiffs | ) |
| | ) |
| vs. | ) |
| | ) |
| LAMSON AND GOODNOW | ) |
| MANUFACTURING COMPANY and | ) |
| J. ROSS ANDERSON, JR. | ) |
|     Defendants | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR A NEW TRIAL AND/OR REMITTITUR**

NOW COME the plaintiffs, Spiritual Trees d/b/a Tree Spirit and David V. Dunn (the "plaintiffs"), and hereby oppose the Defendants' Motion for a New Trial and/or Remittitur. As reasons for this opposition, the plaintiffs state as follows.

The defendants have moved for a new trial on the basis that the jury acted improperly in its deliberations. Specifically, the jury commenced deliberations in the late afternoon of February 1, 2006 and was dismissed by the Court on February 1, 2006 until 9:00 a.m. the following day. It is undisputed that the Court instructed the jurors not to discuss the case with anyone including other jury members and not to deliberate again until the jury was back in the jury room on February 2, 2006. At approximately 9:00 a.m. on February 2, 2006, the Court and counsel were awaiting the jury's return when the Court was advised that the jury had a written question. The Court was then given a handwritten note containing a jury question. The question had to do with the computation of contract damages on the breach of contract claim.

The Court did not read the question to counsel at this time, but rather expressed its concern that the note had been produced before the jury was formerly reconvened. The Court

then had the jury brought in and questioned jury foreman with respect to how the question came to be prepared prior to the Court sending the jury back into deliberations and whether or not the question was a question of the entire jury.  After these questions were posed and answered, the Judge was satisfied that the question came from the entire jury and that the jury as a whole was posing the question.  The Court was also satisfied that no external influence (e.g., non-jury member) had been part of the deliberative process. The Court then sent the jury out and read the question to counsel. During this colloquoy, both sides were provided with an opportunity to discuss substantive concerns about the proposed question and answer and to discuss any concerns about the jury foreman's explanation of the timing of the question and possible improper external influence. Counsel also had an opportunity to preserve all objections prior to the jury being brought back into the courtroom for the Court's answer to its question and after the jury was sent back to resume deliberation.

Fed. R. Civ. P. 59(a)(1) states that a new trial may be granted in a jury trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the Courts of the United States."  "The rule is stated broadly to encompass all possible reasonable reasons under which a Court may order a new trial, including, that the trial was not fair and/or there were substantial errors … in the giving of instructions…."  See *Alejo Jimenez v. Heyliger,* 792 F. Supp. 910, 914 (D. Mass. 1992) (citations omitted).  It is axiomatic that a decision to grant a new trial is within the sound discretion of the trial court and that any appellate review would be limited to an abuse of discretion.  *Id.* (citations omitted).  Litigants are not entitled to "errorless" trials and due process is satisfied when a jury is able to decide a case "solely on the evidence before it" and when a Court has been watchful of and able to prevent "prejudicial occurrence and to determine the effect of such occurrence when they happen."  *Id., quoting Smith v. Phillips,* 455 U.S. 209, 217 (1982).  Where there are "serious allegations of prejudicial jury misconduct"

the party alleging the misconduct "does not have to show by a positive finding that the jury was actually influenced by what took place; but [the court must determine] whether or not it was reasonably certain that they were not."  See *Alejo Jimenez v. Heyliger,* 792 F. Supp. at 914, *quoting, Southern Pacific Co. v. Francois,* 411 F.2d 778, 780 (5th Cir. 1969).  A new trial should be ordered to "prevent injustice."  See *Alejo Jimenez v. Heyliger,* 792 F. Supp. at 914, *quoting,* 11 Wright & Miller, Federal Practice and Procedure:  Civil, § 2803, pp. 37-38 (1973).  As described above, the Court was careful to assure itself that whatever conduct may have taken place, the jury was not negatively influenced by it.  Further, the defendants have utterly failed to articulate a "serious allegation of jury misconduct" or to articulate what injustice has occurred as a consequence of the jury's alleged inappropriate deliberation.

The only behavior complained of by the defendant is that the jury, presumably, deliberated in an improper location and not that the substance of the deliberations was improper or that any prejudicial conduct took place.  With respect to the actual question posed, the First Circuit provides a four step inquiry with respect to determining whether or not question from a jury has been handled appropriately.  These steps are:  (1) the jury's question was reduced to writing; (2) that the writing is marked as an exhibit for identification; (3) that the question is shown or read fully to counsel; and (4) that counsel is provided with an opportunity to suggest the appropriate answer.  See *United States v. Maraj,* 947 F.2d 520, 525 (1st Cir. 1991).  These steps provide a framework in which a Court can reasonably guarantee that counsel for both sides has an opportunity to respond to such communications and to provide input into the response the Court provides to the jury.  In is undisputed that these steps were taken and that the Court fully examined the reason the question was presented when it was and was satisfied that no improper communication or prejudicial behavior had taken place.  In light of this, the defendants have offered absolutely no evidence that the jurors were influenced by any improper discussion or that

4

counsel was not provided with ample opportunity to address the substance of the question asked and the concerns they had regarding the deliberation process. As such, this Court should refuse to order a new trial pursuant to Fed. R. Civ. P. 59(a)(1) because there was no serious prejudicial jury misconduct and any misconduct was addressed through the Court's questioning, the trial was fair, and all necessary steps to ensure that counsel was provided with ample opportunity to provide input to the Court regarding the question presented were taken.

The Court should likewise refuse to allow the Defendant's Motion for Remittitur with respect to the commissions awarded for the "silicone spatula products." Contrary to the defendants' representation, on redirect examination David Dunn testified that it was only the "hot spot" potholders which were made from 100% silicone and did not have any wood component. It was those items which the plaintiff, Dunn, testified should not have been included in commission calculations. The silicone spatulas, on the other hands, do contain wooden handles and were sold with the Amish Woods tags. Those items, according to Dunn's testimony, were part of the commissionable items under the contract. The "hot spot" potholders comprised $1106.70 worth of sales and the commissions on that would have been $44.27. Thus, the defendants' representation concerning Dunn's testimony does not accurately reflect the *de minimis* dollar amount of items which should not have been included in the commission statements. The Court, therefore, should decline to award remittitur with respect to the line of silicone spatula products as suggested by the defendants. In the alternative, because there is a difference in opinion as to the testimony on redirect examination, this issue should not be decided unless and until a copy of the appropriate transcript is available for the Court's review.

For the reasons articulated herein, the plaintiffs ask this Court to deny the Defendants' Motion for a New Trial and/or Remittitur.

420557

THE PLAINTIFFS/
DEFENDANTS-IN-COUNTERCLAIM
SPIRITUAL TREES d/b/a TREE SPIRIT
and DAVID V. DUNN


By___*/s/ Patricia M. Rapinchuk*_____
Patricia M. Rapinchuk, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Tel. (413) 732-2301; Fax (413) 785-4658
BBO No.:  556149
prapinchuk@robinson-donovan.com


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 27, 2006.


_____*/s/ Patricia M. Rapinchuk*_____
Patricia M. Rapinchuk, Esq.


420557