UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30102-KPN

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT, INC. ) <br> and DAVID V. DUNN ) <br>       Plaintiffs ) <br> ) <br> v. ) <br> ) <br> LAMSON AND GOODNOW ) <br> MANUFACTURING COMPANY and ) <br> J. ROSS ANDERSON, JR. ) <br>       Defendants ) | DEFENDANTS' OBJECTIONS <br> TO PLAINTIFFS' BILL OF <br> COSTS |

Defendants Lamson and Goodnow Manufacturing and J. Ross Anderson, Jr., ("Defendants"), hereby object to certain of the costs included in plaintiffs Bill of Costs submitted with Plaintiffs Motion for Reasonable Costs dated February 16, 2006, as follows:

<u>Deposition Transcripts</u>

First, defendants object to the inclusion in plaintiffs' bill of costs of expenses related to depositions of witnesses who were not called to testify at trial. Neither Paul Coburn nor Jack Laakso was called to testify at trial, and plaintiffs attempt no showing (nor could they make one) that the transcription of their deposition testimony was otherwise necessary for trial. Accordingly, the reported costs of $140.70 and $84.35 for those depositions, respectively, should be disallowed.

Second, defendants question the accuracy of some of the reported amounts attributable to deposition transcripts. For example, the transcript of the deposition of Peter Blackmore is reported to have cost $275.00. The transcript of the deposition of Marcia Tetrault is reported to have cost approximately the same, $278.05. However, the transcript of the Blackmore

deposition is only 49 pages,[1] while that of the Tetreault deposition is 81 pages. The transcript of the deposition of Brian Koshinsky is 63 pages, yet cost considerably less than the longer Blackmore transcript. All three of these examples relate to depositions noticed by plaintiffs, and taken by the same reporting service, so cost structures should be similar. These unexplained anomalies support the view that all reported deposition costs should be disallowed, at least until further evidence of actual costs is submitted and defendants have the opportunity to comment thereon.[2]

Photocopies

Plaintiffs seek recovery of the costs of 2,182 photocopies, presumably made in-house by plaintiffs' counsel at Robinson, Donovan, P.C. The requested charge of $.20 per page is unreasonable, particularly in the absence of any indication of actual charges by the firm to its clients for those photocopies. Defendants' counsel currently charges its clients in this and all other matters only $.10 per page for photocopies. Technological advances have greatly reduced the cost of photocopying. Charges by other law firms and service providers of $.07 - $.10 per page are common. Plaintiffs request for $436.40 for photocopies should be reduced to $218.20.

Dated: March 2, 2006

Defendants,
LAMSON AND GOODNOW
MANUFACTURING COMPANY and
J. ROSS ANDERSON, JR.
By Their Attorneys:

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing and mail on March 2, 2006.

/s/ Kevin C. Maynard
Kevin C. Maynard

/s/ Kevin C. Maynard
Kevin C. Maynard, BBO No. 550669
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel.: (413) 272-6244 / Fax: (413) 272-6804

---

[1] Court reporters generally charge per page for deposition transcripts.

[2] To the extent plaintiffs paid for extras or incidentals such as expedited treatment, electronic forms of transcripts, etc., such incidental charges should be disallowed. Farella v. Hockaday, 304 F. Supp. 2d 1076 (C.D. Ill. 2004).

#337679                                2