UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPIRITUAL TREES d/b/a TREE SPIRIT and DAVID V. DUNN,<br>　　　　　　Plaintiffs<br><br>　　　v.<br><br><br>LAMSON AND GOODNOW MANUFACTURING COMPANY and J. ROSS ANDERSON, JR.,<br>　　　　　　Defendants | Civil Action No. 04-30102-KPN |

MEMORANDUM AND ORDER WITH REGARD TO
DEFENDANTS' MOTION FOR A NEW TRIAL (Document No. 51)
March 23, 2006

NEIMAN, C.M.J.

Pursuant to Fed. R. Civ. P. 59, Lamson and Goodnow Manufacturing Company and J. Ross Anderson, Jr. ("Defendants") have moved for a new trial. Defendants assert that a new trial is called for because the jury improperly deliberated between court-supervised deliberation sessions and thereby failed to abide by the court's instructions. Spiritual Tress and David V. Dunn ("Plaintiffs") oppose the motion. Having considered the parties' written and oral arguments, the court will now deny the motion.[1]

---

[1] In their motion, Defendants also sought a remittitur with respect to a second proffered ground for a new trial, but that issue has since been resolved by agreement of the parties. (See Document No. 61 (March 14, 2006 letter from Defendants' counsel).) In addition, by separate order issued this day, the court has allowed Defendants' motion to amend the judgment.

I. STANDARD OF REVIEW

A court may grant a new trial "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59. The Supreme Court has described the scope of the rule and a court's powers thereunder as follows:

> The motion for a new trial may invoke the discretion of the court insofar as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the parties moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instruction to the jury.

*Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). *See also Velazquez v. Figueroa-Gomez*, 996 F.2d 425, 427 (1st Cir. 1993) ("The decision to grant a new trial is squarely within the trial court's discretion").

II. BACKGROUND

The underlying facts, reviewed by the court at oral argument, are not really in dispute. After seven days of trial, the jury commenced deliberations on the afternoon of January 31, 2006. At approximately 5:00 p.m. the jury was dismissed until 9:00 a.m. the following morning when deliberations were to resume. The court instructed the jurors not to discuss the case with anyone and not to deliberate further until they were instructed to resume deliberations the next morning.

At approximately 9:00 a.m. on February 1, 2006, the court was prepared to have the jury re-enter the courtroom to be instructed to resume deliberations. The court,

however, was advised by the courtroom deputy clerk, who had gone to retrieve the jury, that there was a written question. After reviewing the question, the court, without revealing the question to counsel, *sua sponte* raised several issues with them concerning the timing of the question, coming as it did before the jury was directed to resume deliberations. The court indicated that it wanted to call the jury into the courtroom to inquire of the jury foreperson as to when the question was formulated and whether it was posed by the entire jury panel. After discussing the matter with counsel and hearing no objection to the procedure suggested, the court had the jury brought to the courtroom and made the inquiries described. As later confirmed by counsel at oral argument, the foreperson explained that the question grew out of the jury's deliberations late the previous afternoon, had been formulated that morning in the few minutes prior to 9:00 a.m. and was in fact a question posed by the entire panel. The court then directed the jury to return to the jury room while it considered the question itself.

The court then shared the question with counsel, suggested a response, considered the views of counsel, and formulated an answer satisfactory to all. The question related to the calculation of contract damages.[2] Upon returning to the courtroom, the jury heard the court's answer and resumed deliberations. The jury

---

[2] The question read as follows:

> Can we modify the commissions to begin accruing late fees beginning April 2004? With respect to Mr. Dunn's voluntary deferral of late fees.

rendered its verdict approximately two hours later.

### III. DISCUSSION

Given its discretion, the court believes there is no reason why it should order a new trial. First, after making inquiry of the foreperson before the entire panel, the court was completely satisfied (and remains satisfied to this day) that there was no external influence on the jury's deliberative process. Indeed, the only behavior now complained of by Defendants is that the jury deliberated at an improper time, *i.e.*, just before being called into the courtroom to be directed to resume its deliberations. Defendants do not suggest that the substance of the deliberations was improper or that any prejudicial conduct took place. Second, both sides were provided an opportunity to discuss any concerns about the issues raised by the court *sua sponte* and to voice any concerns about the jury foreperson's explanation of the timing of the question. They did not.[3] Third, the question itself, which the foreperson described as coming from the entire panel, reveals nothing substantively or procedurally improper about the jury's brief deliberation that morning. Fourth, the court followed the four step inquiry mandated by the First Circuit with respect to the question. *See United States v. Maraj*, 947 F.2d 520, 525 (1st Cir. 1991). This provided a more than adequate framework for counsel to respond to the circumstances surrounding the question. Finally, Defendants have neither offered nor suggested any evidence that the jurors were influenced by any

---

[3] Indeed, the court's notes indicate that Defendants' counsel stated his belief that a "sufficient inquiry" was made as to the "jury's discussions before court."

improper discussion or that counsel was not provided ample opportunity to address concerns they had regarding the deliberation process.

As Defendants are well aware, litigants are not entitled to "errorless" trials. *Alejo Jimenez v. Heyliger*, 792 F. Supp. 910, 914 (D.P.R. 1992). Due process is satisfied when a jury is able "to decide the case solely on the evidence before it" and when a watchful judge has been able "to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Smith v. Phillips*, 455 U.S. 209, 217 (1982). To be sure, the party alleging misconduct "does not have to show by a 'positive finding that the jury was actually influenced by what took place; but rather [the process] involves a determination as to whether or not it was reasonably certain that they were not.'" *Alejo Jimenez*, 792 F. Supp. at 914 (quoting *Southern Pacific Co. v. Francois*, 411 F.2d 778, 780 (5th Cir. 1969)). That, in this court's estimation, has been achieved here. The error on the part of the jury, if error it was, was innocent enough and reflects no reason why the jury's verdict or deliberations, when looked at as a whole, should be deemed improper.

## IV. CONCLUSION

For the reasons stated, the court hereby DENIES Defendants' motion for a new trial.

IT IS SO ORDERED.

DATED: March 23, 2006

                                              /s/ Kenneth P. Neiman  
                                              KENNETH P. NEIMAN

Chief Magistrate Judge